1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ENLOE MEDICAL CENTER; DOES1-50

RECEIVED

DEC 1 4 2017

RISK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAN BAILEY

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
Superior Court of California
County of Butte
DEC 1 2 2017
Kimberly Flener, Clerk
By H. AVRIT _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*  Butte County Superior Court<br><br>1775 Concord Avenue<br>Chico, CA 95928 | CASE NUMBER:<br>*(Número del Caso)*<br>17CV 03548 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Krista C. Geddes, Esq., 888 Manzanita Ct., Suite 220, Chico, CA. 95926 Tel.: (530) 774-2359

DATE: DEC 1 2 2017    KIMBERLY FLENER, Clerk, by ____ H. AVRIT ____ , Deputy
*(Fecha)*                              *(Secretario)*                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

KRISTA C. GEDDES, SB #288657
LAW OFFICE OF KRISTA C. GEDDES
888 MANZANITA COURT, SUITE 220
CHICO, CALIFORNIA 95926
Telephone: (530) 774-2359

Attorney for Dan Bailey

Superior Court of California
County of Butte

FILED
DEC 11 2017
Kimberly Flener, Clerk
By K. DOANE , Deputy

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF BUTTE

DAN BAILEY,

           Plaintiff,

           v.

ENLOE MEDICAL CENTER; DOES 1-50,

           Defendants.

CASE NO. 17CV 03548

COMPLAINT PUBLIC POLICY, WRONGFUL TERMINATION AND VIOLATION OF PUBLIC POLICY, BREACH OF CONTRACT, IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND UNFAIR BUSINESS PRACTICES AGAINST DEFENDANT

Plaintiff, Dan Bailey, alleges as follows:

I
PARTIES AND JURISDICTION

1.    Plaintiff, Dan Bailey (hereinafter BAILEY), is a resident of the County of Butte, State of California and over the age of eighteen.

2.    Defendant, Enloe Medical Center (hereinafter ENLOE) is a Domestic Non-Profit, Credit Union and Cooperative Corporation, with its principle place of business located at 1531 Esplanade, Chico, CA 95926, in the County of Butte, State of California.

3.    Plaintiff is ignorant of the true names and capacities of those individuals and incorporate defendants named herein as DOES ONE through FIFTY, and therefore sues these defendants under fictitious names. When the true names and capacities of those defendants sued herein as DOES ONE through FIFTY are ascertained, Plaintiff will amend this complaint to allege said true names and capacities. Plaintiff is informed and believes and thereon alleges that each of the above fictitiously

1   named defendants negligently or intentionally engaged in wrongdoing with respect to the matters alleged

2   herein, or, alternatively, authorized or ratified such wrongdoing, and that each of the fictitiously named

3   defendants is responsible in some manner for the damages suffered by Plaintiff.

4        4.    Plaintiff is informed and believes, and thereon alleges that at all times relevant herein,

5   each of the defendants were agents of each other in all actions alleged herein, and that each was acting

6   as the agent of the other and was, at all times relevant herein, acting in the course and scope of his

7   agency with ENLOE.

8                                    II
                                   FACTS
9        5.    Plaintiff BAILEY began his employment at ENLOE on February 1, 2005 as a

10  Computerized Tomography (CT) Technologist Assistant, then an Ultra Sound Technologist, then a CT

11  Technologist.

12       6.    Plaintiff BAILEY was assigned to help with front desk work, but was not demoted or re-

13  assigned from his specific job and title.

14       7.    Plaintiff BAILEY on November 25, 2015 assessed confidential patient information for

15  at least nine patients to verify that records did not indicate an allergy as he suspected, and/or scheduling

16  conflict as he had been trained to do and had done for as long as ten years to further patient safety,

17  comfort and convenience in his assigned department.

18       8.    Plaintiff BAILEY notified the proper authorities, the house supervisor, that his direct

19  supervisor, a CT Technician made an erroneous error by administration a contrast dye without

20  appropriately ruling out an allergy based on the patients chart and an interview with the patient prior to

21  administering contrast dye for the CT procedure.

22       9.    Plaintiff BAILEY was a union member.  The union contract in place at the time of the

23  incident and at the time of termination, states an employee can only be terminated for "just cause".

24       10.   Plaintiff BAILEY was terminated on January 8, 2015 for violating federal HIPPA privacy

25  laws for accessing patients computerized records on November 25, 2015.

26       11.   Plaintiff utilized the unions grievance processes, and on March 4, 2016 his Grievance was

27  withdrawn with a right to appeal.

28  //

12.     On April 27, 2016 Plaintiff was granted by the Appeal Panel the right to proceed with Arbitration due to the employers' failure to provide just cause of termination, and unjust discipline.

13.     A second Appeal Panel was held due to new information being provided by the employer, and on July 19, 2016 Plaintiff was denied the right to go to Arbitration.

14.     Plaintiff exhausted all administrative remedies as given by the Union Contract.

15.     As a direct, foreseeable, and proximate result of ENLOE's outrageous conduct as alleged herein, Plaintiff BAILEY has lost and will continue to lose income, employment, and career opportunities, and has suffered economic loss that exceeds the minimum jurisdictional limits of this court, the precise amount of which will be proved at trial.

16.     As a direct, foreseeable, and proximate result of ENLOE's outrageous conduct as alleged herein, Plaintiff BAILEY has suffered great anxiety, inconvenience, shame, humiliation, stress, and loss of enjoyment of life in an amount that exceeds the minimum jurisdictional limits of this court, the precise amount of which will be determined at trial.

III
FIRST CAUSE OF ACTION
WRONGFUL TERMINATION AND VIOLATION OF PUBLIC POLICY
(Labor Code sec. 232.5)

17.     Plaintiff realleges and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1 through 16 inclusive.

18.     California Labor Code 232.5 which states an employee may not be terminated for disclosing working conditions.

19.     In doing the things herein alleged, ENLOE violated the public policy of the State of California.

20.     By the above acts ENLOE has acted willfully, maliciously, and knowingly, with the intent to harm Plaintiff, and to deprive him of his rights.  Plaintiff is entitled to recover exemplary damages to punish ENLOE and to prevent ENLOE from acting in a similar manner in the future.  Plaintiff seeks exemplary damages in an amount to be determined at trial.

21.     Plaintiff has exhausted all administrative remedies and on July 19, 2016 his right to Arbitration was denied.

3.
COMPLAINT

IV
## SECOND CAUSE OF ACTION
## WRONGFUL TERMINATION AND VIOLATION OF PUBLIC POLICY
## (Labor Code sec. 1102.5)

22.     Plaintiff realleges and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1 through 21 inclusive.

23.     California Labor Code 1102.5 states an employee may not be terminated if the employee discloses and has a reasonable cause to believe that the information disclosed is a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

24.     In doing the things herein alleged, ENLOE violated the public policy of the State of California.

25.     By the above acts ENLOE has acted willfully, maliciously, and knowingly, with the intent to harm Plaintiff, and to deprive his of his rights.  Plaintiff is entitled to recover exemplary damages to punish ENLOE and to prevent ENLOE from acting in a similar manner in the future.  Plaintiff seeks exemplary damages in an amount to be determined at trial.

26.     Plaintiff has exhausted all administrative remedies and, on July 19, 2016 his right to Arbitration was denied.

27.     Wherefore, Plaintiff requests relief as hereinafter provided.

V
## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT AND IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

28.     Plaintiff realleges and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1 through 27 inclusive.

29.     At all times relevant, a written contract existed between Plaintiff BAILEY and ENLOE, that Plaintiff BAILEY would only be terminated for cause.

30.     There was, in the above described contract, a covenant of good faith and fair dealing implied by law, that ENLOE would take no action to unfairly deprive Plaintiff BAILEY of the benefits of that contract.

31.    ENLOE, by taking adverse employment actions against Plaintiff BAILEY as a result the acts herein alleged, has breached said contract and the implied covenant of good faith and fair dealing.

32.    As a direct, foreseeable, and proximate result of that breach, Plaintiff BAILEY has been damaged in an amount to be determined, that exceeds the minimum jurisdictional limits of this court, the precise amount of which will be determined at trial.

33.    Wherefore, Plaintiff requests relief as hereinafter provided.

34.

## VI.
## FOURTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES AGAINST DEFENDANT

35.    Plaintiff realleges and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1 through 33 inclusive.

36.    Plaintiff BAILEY is informed and believes and based thereon alleges that ENLOE engaged in the acts and omissions heretofore alleged for the purpose of depriving them of their weekly pay for all hours worked and for pay at the minimum wage rate as set by law. Plaintiff BAILEY is informed and believe and based thereon allege that ENLOE, and each of them have also engaged in the acts and omissions heretofore alleged for the purpose of profiting from lower labor costs, employer taxes, workers compensation insurance, employer related expenses, and obtaining a deceitful, unlawful or unfair advantage, all in a scheme to engage in unfair competition, at the expense of the general public. Said conduct constitutes an Unfair Trade Practice and violates the Unfair Practices Act of the California Business and Professions Code, Section 17200 et seq.

37.    Plaintiff BAILEY is an aggrieved worker and therefore has standing. Moreover, based on information and belief Plaintiff BAILEY satisfies the requirements of California Business and Professions Code sections 17203 and 17204 and will be able to comply with California Code of Civil Procedure section 382.

38.    As a proximate result of the above mentioned acts and omissions of, as previously alleged, Plaintiff BAILEY has been damaged in an amount above the jurisdictional limits of this court, the precise amount of which will be determined at trial.

//

5.
COMPLAINT

39.     The foregoing acts and omissions by ENLOE constitute "unfair, unlawful or fraudulent" acts for purposes of the Unfair Practices Act of the California Business and Professions Code, §17200 et seq.

40.     Plaintiff BAILEY is entitled to and therefore request an award of pre-judgment interest at the maximum legal rate.  Plaintiff BAILEY has incurred, and will continue to incur attorney fees in the prosecution of this action.

41.     Wherefore, Plaintiff request relief as hereinafter provided

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests relief as follows:

1.     For back pay, front pay, lost health and welfare payments and other special damages according to proof;

2.     For general damages to compensate Plaintiff for emotional distress, pain and suffering and loss of enjoyment of life;

3.     For an order of this court that Defendant return Plaintiff to work with reasonable accommodation for his disability;

4.     Damages for violation of California Labor Code 1102.5 as detailed in 1102.5(f)

5.     Exemplary damages;

6.     Prejudgment interest;

7.     For reasonable attorneys according to statute;

8.     For costs of suit incurred; and,

9.     For such other further relief as the court may deem just and proper.

DATE:  12/11/17

_____
Krista C. Geddes, Attorney for
Dan Bailey

6.
COMPLAINT

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Krista C. Geddes, SB# 288657
888 Manzanita Ct., Suite 220
Chico, CA 95926

TELEPHONE NO.: 530-774-2359   FAX NO.:
ATTORNEY FOR *(Name):* Daniel P. Bailey

SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE
STREET ADDRESS: 1775 Concord Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Chico, CA 95928
BRANCH NAME: Unlimited Civil

FOR COURT USE ONLY

F I L E D
Superior Court of California
County of Butte
DEC 1 1 2017
Kimberly Flener, Clerk
By K. DOANE , Deputy

CASE NAME:
DANIEL P. BAILEY v. ENLOE MEDICAL CENTER

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 17CV03548 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 11, 2017

Krista C. Geddes, Esq.
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name & Address): | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE**

■ Butte County Courthouse
One Court Street, Oroville, CA  95965
(530) 532-7002

■ North Butte County Courthouse
1775 Concord Avenue, Chico, CA  95928
(530) 532-7009

PLAINTIFF(S):   DAN BAILEY

DEFENDANT (S):  ENLOE MEDICAL CENTER

**NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE**

CASE NUMBER:  17CV03548

**F I L E D**
Superior Court of California
County of Butte

DEC 11 2017

Kimberly Flener, Clerk
By *K. DOANE* Dep.

1. NOTICE is given of Assignment of the above entitled case for all purposes to:

Judge: **Stephen E Benson**          Courtroom: **TBA**

2. NOTICE is given that the Case Management Conference is scheduled as follows:

Date: **June 08, 2018**          Time: **10:30 A.M.**          Court Facility: ■ CHICO (1775 CONCORD AVE, CHICO)

> **PLAINTIFF/CROSS COMPLAINANT MUST SERVE THIS NOTICE WITH SUMMONS AND COMPLAINT/CROSS COMPLAINT**

3. You **must** file & serve a completed Case Management Statement at least fifteen days before the conference.

4. You **must** be familiar with the case and be fully prepared to participate effectively in the Case Management Conference by personal or telephonic appearance.  (Telephonic appearances are arranged by calling Court Call at 1-888-882-6878).

5. At the Case Management Conference, the court shall make pretrial orders, including but not limited to:
   a. Establishing a discovery schedule.
   b. Ordering the case to mediation or arbitration.
   c. Dismissing fictitious defendants.
   d. Scheduling exchange of expert witness information.
   e. Setting subsequent conferences and the trial date.
   f. Consolidating cases.
   g. Severing trial of cross-complaints or bifurcating trial of issues.
   h. Determining when demurrers, motions to strike and other motions are to be noticed.

**\* \* \* Note:  Counsel and Parties Should Review CRC §3.720-3.730. \* \* \***

> **\*\* Sanctions \*\***
> If you do not, (1) file the Case Management Statement, (2) attend the Case Management Conference personally or by telephone (or have counsel attend for you), and/or (3) you (or counsel appearing for you) do not participate effectively in the conference, the court may impose sanctions (including dismissal of the case and payment of money).

I declare under penalty of perjury that I am not a party to this action, am at least 18 years of age and that I personally delivered a copy of this Notice of Assignment & Case Management Conference with the conference date and hearing time inserted to Krista C Geddes, a person representing the plaintiff/cross-complainant.

Date: December 11, 2017                    Kimberly Flener, Clerk of the Court, by Karen Doane, Deputy.

(DR.030)
Mandatory

(A.D. 5-6-15)

NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                              FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint   *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  ☐  The trial has been set for *(date):*
   b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a.  ☐  days *(specify number):*
   b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:                               f.   Fax number:
   e.  E-mail address:                                 g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9.  Preference
   ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

      (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

      (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

   b.  **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

      (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

      (3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4)  Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5)  Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

11. **Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

12. **Jurisdiction**

    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

    ☐ Bankruptcy ☐ Other *(specify)*:

    Status:

13. **Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 13a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

14. **Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. **Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

16. **Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. [ ] This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. [ ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

[ ] The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. [ ] The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

[ ] Additional signatures are attached.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE**

# ALTERNATIVE DISPUTE RESOLUTION

# PACKET

KIMBERLY FLENER
Court Executive Officer
Superior Court of California, County of Butte
One Court Street
Oroville, CA  95965-3303
(530) 532-7009

This packet contains information regarding Alternative Dispute Resolution (ADR) and the form to stipulate to ADR.

**Note: This packet must be served to the opposing party along with the complaint.** *(California Rule of Court 3.221)*

## YOU DON'T HAVE TO GO TO TRIAL: Other Ways to Resolve a Civil Dispute

*Did you know that most civil lawsuits settle without a trial? There are a number of ways to resolve civil disputes without having to go to trial. These alternatives to a lawsuit are known as **Alternative Dispute Resolution (ADR)** an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner.*

*Butte County's ADR department is dedicated to helping you determine the type of ADR that is most likely to help you resolve your dispute. For more questions, please contact Butte County Superior Court at (530) 532-7009 or visit our ADR website at http://www.buttecourt.ca.gov/apps/CivilADR/Default.htm*

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Are The Disadvantages Of Using ADR?

- *ADR may not be suitable for every dispute*
- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Loss of protections*– If ADR is binding, then you may give up some court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

### What types of Disputes are suitable for ADR?

ADR techniques have been used successfully in a variety of disputes:
- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

### Types of ADR Available in Butte County

- *Mediation* (Local Rule 6)
  In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. The mediator does not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests. Mediation often leads to better communication between the parties and lasting resolutions.

  > *Cases for Which Mediation May Be Appropriate*: Mediation may be particularly useful when parties have a relationship they want to preserve (family members, neighbors, business partners). Mediation is also useful when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in a nondestructive manner.

> *Cases for Which Mediation May Not Be Appropriate:* Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

*Arbitration* **(Local Rule 6)**

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to litigate. *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. However, if that party does not receive a more favorable result at trial, they may have to pay a penalty.

> *Cases for Which Arbitration May Be Appropriate*: Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> *Cases for Which Arbitration May Not Be Appropriate*: If parties want to retain control over how their dispute is resolved, arbitration may not be appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

*Settlement Conferences* **(Local Rule 3)**

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option.

<u>Neutral Selection</u>

The selection of a neutral is an important decision. For your convenience, the court has made available a list of neutrals that can assist parties in resolving their disputes. The two-tiered panel is comprised of individuals that have met the requirements set forth by the court to provide dispute resolution services. Neutrals from the "Random Select" Panel will provide up to three hours of mediation free of charge and will be randomly assigned by the court. Neutrals from the "Party Select" Panel can be chosen by you and are available to assist you on a fee-for-service basis.

*Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.*

There are several types of ADR beside mediation, arbitration and settlement conferences, including case evaluation, conciliation, and mini-trials. The important thing is to try to find the type or types of ADR that are most likely to help you resolve your dispute.

<u>Who Should I Contact?</u>

To locate a dispute resolution program or neutral in your community, call:
The Consumer Information Center at 1-800-952-5210;
The Butte County Bar Association at (530) 345-1940;
Look in the Yellow Pages under "Arbitrators" or "Mediators";
Or contact Butte County Superior Court at (530) 532-7009
http://www.buttecourt.ca.gov/apps/CivilADR/Default.htm

## BUTTE COUNTY SUPERIOR COURT PANEL MEDIATORS

### *Random Select Mediators*

Melissa Atteberry
Lorie Brooks
Sharon Cohen
O'Neil Dennis
Joel P. Franciosa
Anthony Galyean
Peter Geissler
Virginia Gingery
Mark Habib
Les Hait
John T. Harris
Kimberly Henderson
M. Brooks Houghton
David Howard
Mark Johnson
Gilbert Jones
Dawn Kusumoto
Joel Massae
Erin McIntosh
Miriam McNally
Chester Morris
David Murray
Michael Polsan
Alicia Rock
Michael Rooney
Deborah Schowalter
Joseph Selby
Frances Simmons
Jane Stansell
Kenneth Turner
Cheryl L. Tyree
Bobette Vassar
Erwin Williams
Martha Wilson
Elisabeth Woodward

### *Party Select Mediators*

Darrel Lewis
Kimberly Steffenson
John Zorbas

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF BUTTE**

☐ Butte County Courthouse       ☐ North Butte County Courthouse
One Court Street  Oroville, CA  95965       1775 Concord Avenue, Chico, CA  95926
(530) 538-7002       (530) 532-7009

PETITIONER/PLAINTIFF(S):

RESPONDENT/DEFENDANT(S):

| **STIPULATION TO PARTICIPATE IN**<br>**ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in Alternative Dispute Resolution (ADR) in the above-entitled action, as follows:

1.    ALTERNATIVE DISPUTE RESOLUTION PROCESS:

☐   Mediation

☐   Mediator assigned from the "Random Select" panel. *(Pursuant to Local Rule 6.8, mediators on the Court's "random select" panel will provide up to three (3) hours of mediation free of charge)*

☐   Mediator chosen by the parties from the "Party Select" panel. *(Pursuant to Local Rule 6.8, parties will be charged an amount as agreed upon by the mediator and will be the responsibility of the parties)*

☐   Private mediator chosen by the parties – not on Court panel.

**Mediator Name:** _____

☐   **Non-Binding Arbitration**
☐   **Binding Arbitration**

☐   Arbitrator chosen by the parties from the Court panel. *(Pursuant to Local Rule 6.8, parties will receive up to three hours of arbitration hearing time free of charge.  Compensation for additional hours will be negotiated between the parties and the arbitrator and will be the responsibility of the parties)*

☐   Private arbitrator chosen by the parties – not on Court panel

**Arbitrator Name:** _____

Dated: _____

_____
Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

▶ _____
Signature of Party or Attorney

☐ Additional Signature(s) on reverse

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

► Signature of Party or Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA. 95814
916.830.7200

# EXHIBIT B

F I L E D  Superior Court of California  F I L E D
County of Butte

**JAN 10 2018**

Kimberly Flener, Clerk
By _H. AVRIT_ , Deputy

1   BARBARA A. BLACKBURN, Bar No. 253731
    DOUGLAS L. ROPEL, Bar No. 300486
2   LITTLER MENDELSON, P.C.
    500 Capitol Mall
3   Suite 2000
    Sacramento, CA  95814
4   Telephone:   916.830.7200
    Fax No.:   916.561.0828
5
    Attorneys for Defendant
6   ENLOE MEDICAL CENTER
7
8             SUPERIOR COURT OF CALIFORNIA
9                 COUNTY OF BUTTE
10  DAN BAILEY,                          Case No.  17CV03548
11              Plaintiff,               **ANSWER TO COMPLAINT**
12        v.
13  ENLOE MEDICAL CENTER; and DOES       Complaint Filed:  December 11, 2017
    1 through 50, inclusive,
14
                Defendants.
15
16
17        Defendant ENLOE MEDICAL CENTER ("Defendant"), on behalf of itself and no
18  other Defendant, hereby answers Plaintiff DAN BAILEY'S unverified Complaint ("Complaint")
19  pursuant to section 431.30(b) of the California Code of Civil Procedure, without waiving the right to
20  remove the Complaint to Federal Court, as follows:
21                         **GENERAL DENIAL**
22        Defendant denies each and every, all and singular, of the allegations contained in
23  Plaintiff's Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained
24  any damages at all, and further generally and specifically denies that Plaintiff is entitled to any relief
25  whatsoever.
26                        **SEPARATE DEFENSES**
27        Without waiving or excusing the burden of proof of Plaintiff, or admitting that
28  Defendant has any burden of proof, and without admitting any wrongdoing, Defendant asserts the

FILE BY FAX

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916 830 7200

Firmwide:152052512.1 054681.1044

DEFENDANT ENLOE MEDICAL CENTER'S ANSWER TO PLAINTIFF'S COMPLAINT

1    following separate defenses:

2           1.    FOR AND AS A FIRST SEPARATE DEFENSE, Defendant alleges that
3    Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to state
4    facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

5           2.    FOR AND AS A SECOND SEPARATE DEFENSE, Defendant alleges that
6    each purported cause of action set forth in the Complaint is barred in whole or in part by the
7    applicable statute(s) of limitation, including but not limited to the statute of limitations periods set
8    forth in California Code of Civil Procedure sections 335.1, 338, 339, 340, and 343.

9           3.    FOR AND AS A THIRD SEPARATE DEFENSE, Defendant alleges that
10   Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, consent,
11   laches, and/or estoppel.

12          4.    FOR AND AS A FOURTH SEPARATE DEFENSE, Defendant alleges that
13   Plaintiff's claims are barred to the extent that his damages were caused by his own intentional and/or
14   negligent acts and/or omissions.

15          5.    FOR AND AS A FIFTH SEPARATE DEFENSE, Defendant alleges that
16   Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of
17   Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

18          6.    FOR AND AS A SIXTH SEPARATE DEFENSE, Defendant alleges that all
19   actions taken with regard to Plaintiff were conducted in good faith, and based on legitimate, non-
20   retaliatory business reasons and the relevant facts and circumstances known by Defendant at the time
21   of such actions.

22          7.    FOR AND AS A SEVENTH SEPARATE DEFENSE, Defendant alleges that
23   Plaintiff's claims are barred to the extent that Defendant took immediate and appropriate corrective
24   action to prevent any alleged retaliatory conduct from occurring and, even if any decisions
25   concerning Plaintiff were based in part on retaliatory grounds (which Defendant denies), Defendant
26   would have reached the same decisions absent any alleged retaliation.

27          8.    FOR AND AS AN EIGHTH SEPARATE DEFENSE, Defendant alleges that
28   each purported cause of action contained in the Complaint, or some of the causes of action, are

ITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916 630 7200

Firmwide:152052512.1 054681.1044                    2.

DEFENDANT ENLOE MEDICAL CENTER'S ANSWER TO PLAINTIFF'S COMPLAINT

barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendant exercised reasonable care to prevent and promptly correct any unlawful conduct including, but not limited to, having in place anti-discrimination, anti-harassment, and anti-retaliation policies and procedures, and Plaintiff unreasonably failed to take advantage of any preventive and corrective opportunities provided to him by Defendant or to otherwise avoid his alleged harm.

9.     FOR AND AS A NINTH SEPARATE DEFENSE, Defendant alleges that the Complaint is barred or damages should be reduced to the extent all actions taken against Plaintiff would or could have been taken in any event based upon after-acquired evidence of misconduct.

10.     FOR AND AS A TENTH SEPARATE DEFENSE, Defendant alleges that, assuming any employee of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant denies), Defendant neither knew nor reasonably should have known of said unlawful conduct.

11.     FOR AND AS AN ELEVENTH SEPARATE DEFENSE, Defendant alleges that, to the extent Plaintiff seeks recovery for his alleged emotional and/or physical damages, such claims and damages are preempted by his exclusive remedy pursuant to the California Workers' Compensation Act, California Labor Code section 3600 *et seq.*

12.     FOR AND AS A TWELFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, either in whole or in part, under the applicable provisions of California Civil Code section 3294, such other statutes of similar effect that may be applicable, and by Defendant's Constitutional rights, and any actions Defendant conducted, or any actions taken on its behalf, were not done with malice, oppression, or fraud.

13.     FOR AND AS A THIRTEENTH SEPARATE DEFENSE, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by his own breaches of duty owed to Defendant under California Labor Code section 2854 and/or sections 2856 to 2859.

14.     FOR AND AS A FOURTEENTH SEPARATE DEFENSE, Defendant alleges that if Plaintiff has suffered any emotional distress (which Defendant denies), Plaintiff's recovery is

DEFENDANT ENLOE MEDICAL CENTER'S ANSWER TO PLAINTIFF'S COMPLAINT

barred to the extent that his emotional distress was proximately caused by factors other than his employment and/or the actions of Defendant or anyone acting on its behalf.

15.   FOR AND AS A FIFTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent any duty or obligation that Plaintiff claims was owed to him by Defendant has been fully performed, satisfied, or discharged.

16.   FOR AND AS A SIXTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are preempted by section 301 of the Labor Management Relations Act.

17.   FOR AND AS A SEVENTEENTH SEPARATE DEFENSE, Defendant alleges that, to the extent alleges any adverse employment action based upon any union and/or concerted activity, Plaintiff's claims are preempted, in whole or in part, by the National Labor Relations Act.

18.   FOR AND AS AN EIGHTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims under California Business and Professions Code section 17200, *et seq.*, are barred because Plaintiff has an adequate remedy at law.

19.   FOR AND AS A NINETEENTH SEPARATE DEFENSE, Defendant alleges that each and every cause of action pleaded against Defendant in the Complaint fails to state a cause of action for the recovery of attorneys' fees.

20.   FOR AND AS A TWENTIETH SEPARATE DEFENSE, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims are barred in whole or in part by the existence of a release or other matter of contract by which Plaintiff is bound herein, and which precludes Plaintiff's recovery of damages. Defendant does not waive the right to enforce the release against Plaintiff.

21.   FOR AND AS A TWENTY- FIRST SEPARATE DEFENSE, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that Plaintiff's claims are barred in whole or in part because Plaintiff entered into an agreement to submit all employment related claims to binding arbitration. Defendant does not waive the right to enforce the arbitration agreement against Plaintiff.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:152052512.1 054681.1044                    4.

DEFENDANT ENLOE MEDICAL CENTER'S ANSWER TO PLAINTIFF'S COMPLAINT

## RESERVATION OF ADDITIONAL DEFENSES

Defendant alleges that because the Complaint is couched in uncertain and conclusory terms, all defenses that may be applicable cannot be fully anticipated. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is reserved. In addition, Defendant reserves the right to amend its Answer should Defendant later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

## PRAYER

WHEREFORE, Defendant prays that:

1.     That Plaintiff takes nothing by his Complaint;

2.     That Plaintiff's Complaint be dismissed in its entirety with prejudice, with judgment entered against Plaintiff and in favor of Defendant;

3.     That Plaintiff be ordered to pay Defendant's attorneys' fees and costs of suit incurred herein; and

4.     For such other and further relief as the Court deems just and proper.

Dated:      January 9, 2018

BARBARA A. BLACKBURN
DOUGLAS L. ROPEL
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ENLOE MEDICAL CENTER

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916 830 7200

Firmwide:152052512.1 054681.1044                    5.

DEFENDANT ENLOE MEDICAL CENTER'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On January 10, 2018, I served the within document(s):

**ANSWER TO COMPLAINT**

☐    **By Fax Transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒    **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

     ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

     ☒    placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Sacramento, California.**

☐    **By Overnight Delivery.** I deposited a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    **By Personal Delivery.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:152052512.1 054681.1044

6.

DEFENDANT ENLOE MEDICAL CENTER'S ANSWER TO PLAINTIFF'S COMPLAINT

1

☐    **By Messenger Service.** I served the documents by placing them in an envelope or
package addressed to the persons at the addresses listed below and providing them

2

to a professional messenger service for service. *(A declaration by the messenger*

3

*must accompany this Proof of Service or be contained in the Declaration of*
*Messenger below.)*

4

☐    **By Electronic Service.** Based on a court order or an agreement of the parties to

5

accept electronic service, I caused the documents to be sent to the persons at the

6

electronic service addresses listed below.

7    Krista C. Geddes                     Attorneys for Plaintiff

Law Offices of Krista C. Geddes         DAN BAILEY

8    888 Manzanita Court, Suite 220

Chico, CA 95926

9    Telephone: (530) 774-2359

10

      I declare under penalty of perjury under the laws of the State of California that the

11

above is true and correct. Executed on January 10, 2018, at Sacramento, California.

12

13

14

_____

Sophia Masada

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:152052512.1 054681.1044                  7.

DEFENDANT ENLOE MEDICAL CENTER'S ANSWER TO PLAINTIFF'S COMPLAINT