**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAN BAILEY,<br><br>    Plaintiff,<br><br>    v.<br><br>ENLOE MEDICAL CENTER,<br><br>    Defendant. | No. 2:18-CV-0055-KJM-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action for wrongful termination. Pending before the court is defendant's motion regarding plaintiff's deposition (Doc. 18). Plaintiff failed to timely participate in the meet-and-confer process for preparation of a joint statement and defendant's counsel filed a declaration and memorandum pursuant to Eastern District of California Local Rule 251(d) (Doc. 19). Plaintiff filed an untimely opposition (Doc. 21).

The matter was originally set for hearing before the undersigned in Redding, California, at 10:00 a.m. on February 13, 2019. Due to the closure of the Redding courthouse on that date, the hearing did not occur. Rather than re-set the matter for another hearing, the court sua sponte submits the matter on the briefs without oral argument pursuant to Eastern District of California Local Rule 230(g).

/ / /

1

# I. SUMMARY

In dispute are the following issues: (1) whether defendant should be permitted to depose plaintiff for ten hours over the span of two days; and (2) whether plaintiff should be allowed to independently record the deposition proceedings. While plaintiff indicates in his opposition additional issues arose regarding attendance of plaintiff's father and defendant's designated representative, Ms. Linscheid, at the deposition, it appears those issues have been resolved by the parties' agreement to allow both to attend but not to speak. It also appears the parties have resolved any dispute concerning the location of the deposition.

# II. DISCUSSION

**A.  Whether Defendant Should be Permitted to Depose Plaintiff for Ten Hours Over the Span of Two Days**

Pursuant to Federal Rule of Civil Procedure 30(d)(1), a deposition is limited to one day of seven hours unless otherwise ordered by the court. The rule also requires the court to allow additional time "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impeded or delays the examination." Id. Defendant argues the factual complexity of plaintiff's claims for wrongful termination from employment spanning ten years as well as plaintiff's pro se status which will necessitate frequent explanations require the court to allow additional time for plaintiff's deposition. Other than Rule 30(d)(1), defendant cites no authority in support of its request.

Plaintiff relies on Rule 30(d)(1), arguing depositions are presumptively permitted for no more than seven hours over one day. Plaintiff also argues defendant's request should be denied because defendant originally noticed plaintiff's deposition to occur on just one day. Next, plaintiff asserts defendant's contention of factual complexity is "hyperbole" given his complaint "centers around events that occurred on a single day. . . ." Finally, plaintiff argues defendant's request should be denied because defendant has not "exhausted the initial discovery tools i.e. Request for Admissions, Request for Production." Plaintiff contends defendant's current request for a ten-hour deposition over two days is made in retaliation for

2

"Plaintiff standing firm on his father. . .in the deposition. . . ." According to plaintiff, allowing a ten-hour deposition over two days would be unreasonably cumulative or duplicative because the information sought can be obtained from other sources and would violate Federal Rule of Civil Procedure 26(b)(2)(C)(i). Other than this rule and Rule 30(d)(1), plaintiff cites no authority in support of his position.

In defendant's counsel's declaration and attached Exhibits 1 and 5, defendant indicates it is willing to hold the ten hours of deposition over two non-consecutive days to accommodate plaintiff's work schedule. Specifically, counsel states: "Defendant has offered to conduct the second day of deposition on a weekend (or any day of the week Plaintiff typically has off). . . ." In a January 18, 2019, email from plaintiff to defendant's counsel, plaintiff stated he could be available for a one-day deposition on any of the following dates: February 1 through February 4, 2019, February 9 through February 11, 2019, February 25, 2019, and March 1, 2019. See Doc. 21-5 (Plaintiff's Exhibit E). Given these available dates, it is clear plaintiff's work schedule does not preclude a two-day deposition over non-consecutive days. Plaintiff has not provided any evidence suggesting undue burden in appearing over two non-consecutive days and defendant appears willing to take plaintiff's deposition over two non-consecutive days.

Defendant's motion to allow a ten-hour deposition over two days will be granted. If necessary to accommodate plaintiff's work schedule, defendant may notice plaintiff's deposition over two non-consecutive days.

### B. Whether Plaintiff Should be Allowed to Independently Record the Deposition Proceedings

Defendant seeks a protective order barring plaintiff from independently recording the deposition proceedings. According to defendant, Federal Rule of Civil Procedure 30(b)(5)(B)-(C), (c)(1), (f)(1)-(3) permits recordings only by appropriate deposition officers and imposed various custodial requirements. Defendant contends the request should be granted because independent recording is not contemplated under the rules. Other than this rule, defendant cites no authority in support of the position an independent unofficial recording

is not permitted.

Plaintiff concedes "the official record will be that prepared by the official reporter in the proceeding; no contest." Plaintiff asserts defendant's request should nonetheless be denied because an independent recording will assist him in preparing for trial and reviewing the official transcript.

Defendant has failed to demonstrate good cause for the requested protective order. With the understanding plaintiff's independent recording is not official and may not be introduced as evidence or cited as evidence and may only be used for his own personal purposes, defendant's request will be denied.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion (Doc. 18) for an order regarding the terms and conditions of plaintiff's deposition is granted in part and denied in part;

2. Plaintiff may depose plaintiff for a total of ten hours over two consecutive or non-consecutive days; and

3. Plaintiff may independently record the deposition proceedings, but no such recording may be offered into evidence or cited as evidence for any purpose at any stage of this litigation.

Dated:  February 14, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4