# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAN BAILEY,

    Plaintiff,

v.

ENLOE MEDICAL CENTER,

    Defendant.

No. 2:18-CV-0055-KJM-DMC

ORDER

    Plaintiff, who is proceeding pro se, brings this civil action for wrongful termination. Pending before the court is Defendant's motion for protective orders related to plaintiff's deposition (ECF No. 24). The parties filed a joint statement outlining their individual positions (ECF No. 25). The matter was on calendar for hearing before the undersigned in Redding, California, at 10:00 a.m. on May 8, 2019. Plaintiff, Dan Bailey, pro se, appeared telephonically. Douglas Ropel, Esq., appeared for Defendant Enloe Medical Center.

## I. SUMMARY

    Defendant's motion raises the following issues: (1) the way in which plaintiff should be allowed to independently record the deposition proceedings; and (2) the terms of the deposition, including whether this Court should issue a protective order imposing other terms, rules, or conditions for Plaintiff's deposition that the Court determines will protect a party or

1

person from annoyance, embarrassment, or undue burden or expense, and additional terms related to the location of Plaintiff's deposition. The issues identified in defendant's motion and discussed in the joint statement are largely rooted in those discussed in this Court's February 15, 2019, order addressing Defendant's previous discovery motion. The Court has reviewed all the moving papers and attached exhibits, including Plaintiff's declaration and exhibit filed on May 5, 2019. ECF Nos. 26 and 27. For the reasons set for below Defendant's motion will be **GRANTED in part**.

Also before the court is defendant's unopposed request, made at the hearing, for modification of the court's scheduling order, which will be **GRANTED**.

Finally, the court will address the availability of Magistrate Judge jurisdiction.

## II. DISCUSSION

### A. Defendant's Motion for a Protective Order

#### 1. Video Recording

Defendant seeks a protective order limiting Plaintiff's independent recording to visual depictions of Plaintiff's testimony and prohibiting Plaintiff from making a video recording of any other person present during the deposition. Defendant asserts Plaintiff intends to record anything and everything during the deposition proceedings. Defendant contends such a broad allowance serves no legitimate purpose under Federal Rule of Civil Procedure 30, and such limitless recording will be employed to annoy and/or embarrass attendees and participants in the deposition. Additionally, Defendant argues Plaintiff's father, who will be present to assist with observations and notetaking, can note any off-camera activity Plaintiff deems relevant. Further, Defendant claims Plaintiff's proposed unlimited personal video recording will capture privileged communications and materials.

Plaintiff's argument is quite simple—this Court's February 15, 2019, order states, "Plaintiff may independently record the deposition proceedings" and as such Defendant's motion seeking limitation to Plaintiff's ability to record is in bad faith. Plaintiff contends Defendant's argument is largely based in hyperbole as Plaintiff is willing to turn off the video at "any time any

2

party wants to break or go off record." (ECF No. 25 at 6-7).

The issue here is not whether Plaintiff will be allowed to record the deposition but how Plaintiff may record the deposition. This question turns on a reasonable interpretation of Federal Rule of Civil Procedure 30 as it related to video recording. Rule 30(b)(3) discusses the "method for recording the testimony" during a deposition. A plain reading of the rule provides parties the ability to record the *testimony* during the deposition, not the attorney asking questions and not all those present at the deposition. The word "testimony" specifies what can be recorded and thus necessarily limits the recording to the testimony alone. This Court can find no compelling reason to expand the scope of Rule 30 to allow a party to record every individual at the deposition.

2. <u>Additional Terms and Conditions of the Deposition</u>

Defendant requests the Court grant a protective order under Federal Rules of Civil Procedure 26(c)(1)(A)-(E) and 28(a) and impose "any other terms, rules, or conditions for Plaintiff's deposition that the Court determines will protect a party or person from annoyance, embarrassment, or undue burden or expense." Defendant asserts Plaintiff expressed his intention to unilaterally limit, suspend, or terminate his deposition if he subjectively believes that any deposition questioning is unreasonable and in bad faith. Defendant also claims the issue related to the duration of the deposition has re-arisen.[1] Defendant proposes the following three conditions for this Court to consider:

> 1. Plaintiff may not unilaterally limit, suspend, or terminate his deposition for otherwise proper deposition questions that fall within the topics of:
>
> (a) Plaintiff's work performance across his long employment, including his assigned duties and how he carried them out, as well as multiple disciplinary actions spanning several years;
> (b) training Plaintiff received related to accessing patient medical records and patient privacy requirements;
> (c) circumstances relating to Plaintiff's duties on November 25, 2015, and his accessing of numerous patients' medical records;

---

[1] This is a non-issue as Plaintiff states in the joint statement that he accepts this Courts order allowing for a ten-hour deposition to be held over the period of two days. ECF No. 25 at 17.

3

    (d) Defendant's investigation of Plaintiff's conduct and the termination of Plaintiff's employment;
    (e) the corrective actions taken by Defendant, including an investigation conducted by a government agency and the results of that investigation;
    (f) Plaintiff's attempts to seek redress via a union grievance (and associated activities); and
    (g) Plaintiff's allegation that he was retaliated against for making complaints during his employment.

  2. Plaintiff's deposition shall be conducted at the federal courthouse in Redding with the parties having access to the magistrate judge or his clerk(s) to resolve any disputes during the deposition that threaten to suspend, terminate, or otherwise delay the completion of the deposition

  3. Plaintiff's deposition shall be conducted at a location mutually acceptable to the parties with the parties having access to the Magistrate Judge or his Clerk(s) by phone to resolve any disputes during the deposition that threaten to suspend, terminate, or otherwise delay completion of the deposition.

ECF No. 25 at 11-12.

Plaintiff asserts Defendant is taking his comments "materially out of context." ECF No. 25 at 16. Plaintiff states and demonstrates by providing the text of the email, that he was not attempting to claim authority to end the deposition at any time or for any reason. Rather, Plaintiff shows he was simply quoting Federal rule of Civil Procedure (30)(d)(2), which allows a deponent to terminate or limit a deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Indeed, Plaintiff's email quotes the entire rule section and recognizes that such request to terminate or limit a deposition must be made via motion to the court.

 Plaintiff also contends requiring him to attend depositions in Redding, at the Redding courthouse, after the parties already agreed to hold the deposition in Chico, would impose an unfair burden on him and would be a waste of judicial resources.

The Court finds no reason to hold Plaintiff's deposition at the Redding Courthouse, but does finds cause to impose some additional terms to the deposition. Thus, the Court **GRANTS in part** Defendant's request and imposes certain additional conditions, as outlined below. Further, the Court reminds both parties of their obligations under the Local Rules of the United States District Court, Eastern District of California, to maintain standards of

4

professional conduct. This Court will not condone any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice.

### B. **Modification of Scheduling Order**

The parties have stipulated to a modification of the Pretrial Scheduling Order to allow for the completion of Plaintiff's deposition, final discovery items, and for the parties to file any pretrial motions. The parties request the close of discovery be re-set from May 17, 2019, to July 26, 2019, and the deadline by which all pretrial motion must be noticed to be heard from June 28, 2019, to September 20, 2019. Good cause being shown, the Court **GRANTS** the parties' request to modify the Pretrial Scheduling Order.

### C. **Availability of Magistrate Judge Jurisdiction**

A review of the record reflects that Plaintiff has filed a written election consenting to full jurisdiction by the Magistrate Judge, while Defendant has not. Defendant is informed that it may, if all consent in writing, have this case assigned to the United States Magistrate Judge for all purposes while preserving their right to appeal any final judgment directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, to the United States Court of Appeals for the Federal Circuit. See 28 U.S.C. § 636(c)(1), (3); see also Fed. R. Civ. P. 73(b)(1); E.D. Cal. Local Rule 305(a), (c). Defendant is advised that it is free to withhold consent and that doing so shall not result in any adverse consequences. See § 636(c)(2). If all parties consent to Magistrate Judge jurisdiction, the action will be reassigned to the undersigned for all purposes, including entry of final judgment. See Local Rule 301 and Local Rule 305(b).

The Clerk of the Court will be directed to provide Defendant with the appropriate form which Defendant shall then complete, indicating either consent or non-consent as it may choose, and file with the court.

///
///
///
///
///

///

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' request for modification of the schedule for this case is granted;

2. Discovery shall be completed by July 26, 2019;

3. All pretrial motions, including dispositive motions, shall be filed and noticed to be heard by September 20, 2019;

4. Defendant's motion for a protective order (ECF No. 24) is granted in part;

5. Plaintiff's video recording device may be used to record the witness's testimony alone;

6. The video recording must stop during all breaks, whenever testimony stops, whenever the parties go off the record, and whenever the official recording is stopped;

7. The video recording device must be stationary, adjacent to, and near the official recording device, with the focus on the witness only;

8. The video recording is not official and may not be introduced as evidence or cited as evidence and may only be used for plaintiff's own personal purposes related to the prosecution of this case and his own education;

9. The parties are to coordinate with the Court to schedule a time for Plaintiff's deposition when Judge Cota will be available on-call;

10. If any part unilaterally stops the deposition without calling the Court, that party may be subject to sanctions;

///
///
///
///
///
///

11. The Clerk of the Court is directed to forward to Defendant the court's consent notice and form; and

12. If it has not already done so, Defendant shall complete and file the consent election form within 30 days of the date of this order.

Dated: May 20, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE