Daniel Paul Bailey
1871 Skyway
Chico, California 95928
Telephone: (530) 774-5323
Fax (530) 302-9000 – 24/7
Email: Dan_P_Bailey@hotmail.com

In Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PAUL BAILEY, | Case No. 2:28-cv-00055-KJM-CMK |
| Plaintiff, | **PLAINTIFF DANIEL PAUL BAILEY'S OBJECTION TO MAGISTRATE'S ORDER [ECF NO. 46]** |
| v. | |
| ENLOE MEDICAL CENTER, | Magistrate: Dennis M. Cota |
| Defendant. | Date:<br>Time:<br>Court Room: |

**PLAINTIFF DANIEL PAUL BAILEY OBJECTION TO**

**THE MAGISTRATE'S 01/13/20, ORDER [ECF NO. 46]**

**Certification" This pleading is timely filed with the Court.**

    Daniel Paul Bailey (hereinafter "Bailey" or "Plaintiff"), Pro se, asks the Court to reconsider the Magistrate Judge's Order and files these objections, as authorized by Federal Rule of Civil Procedure 72(b)(2) and pursuant to Title 28 U.S.C 636 a.k.a – The Magistrates Act.

    Date this 24th day of January 2020.

                                   /S/_____
                                   Daniel Paul Bailey, Pro Se

## I. INTRODUCTION

1. As a threshold matter, Plaintiff Bailey is Pro se. [ECF No. 4].

2. Defendant is ENLOE MEDICAL CENTER("Defendant" or "EMC") a corporation formed under the laws of the State of California.

3. On December 11, 2017, Plaintiff filed a "COMPLAINT PUBLIC POLICY, WRONGFUL TERMINATION AND VIOLATION OF PUBLIC POLICY, BREACH OF CONTACT, IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, UNDER UNFAIR BUSINESS PRACTICES AGAINST DEFENDANT" in the Superior Court of California, County of Butte, Case No. 17CV03548.

4. In the original complaint Bailey sued EMC for 1) Wrongful Termination and Violation of Public Policy (Cal. Labor Code §232.5); 2) Wrongful Termination and Violation of Public Policy (Cal. Labor Code § 1102.5); 3) Breach of Contract and Implied Covenant of Good Faith and Fair Dealing; 4). Unfair Business Practices Against Plaintiff

## II. BACKGROUND

On January 10, 2018, EMC filed it "Answer to Complaint" in the Superior Court of California, County of Butte, Case No. 17CV03548.

On January 10, 2018 Defendant also filed "Defendant's Notice of Removal of Civil Action to Federal Court from State Court". [ECF No. 1]

On January 11, 2018 Defendant filed "Notice to Adverse Party of Removal of Civil Action to Federal Court.

On May 31, 2018, Bailey filed a STATUS REPORT, and relevant to the Motion for Leave to file Plaintiff's 1st Amended Complaint, stated: "*Plaintiff anticipates seeking leave of the Court to file a first amended complaint and may wait until the first round of discovery is done, to do so.*" [ECF No. 10 @ pg. 2, ln. 4-5]

On October 29, 2018 Plaintiff was scheduled to have his deposition take, however in a phone conference on Friday the 26th, Plaintiff was informed that his father non-attorney counsel would not be allow in the deposition and also informed that Ms. Carol Linscheid was going to be present. This set of a flurry of emails and subsequent hearings regarding the same that set back Plaintiff Bailey's deposition until June 24, 2019 and June 28, 2019. [ECF No. 17-24]

On May 05, 2019 the dispute regarding the deposition dispute. [ECF No. 29]

On August 09, 2019 Defendant filed a Motion for Summary Judgement, with a Motion hearing set for 09/11/2019. [ECF No. 32]

On September 26, 2019 the Magistrate issued an ORDER, VACATING the 09/11/2019 hearing when no response in opposition from Plaintiff was filed. [ECF No. 34]

On September 29, 2019 Plaintiff filed a Motion to Extend/Enlarge Time (seeking a 94 day extension) under Federal Rule Civil Procedure §6(b) requesting additional discovery and to take the depositions in order to respond to "Defendant's Separate Statement of Undisputed Material Facts" and **stating in pertinent part, he (Plaintiff) needed additional discovery and depositions to challenge the Defendant's two declarations in support of summary judgement**. [ECF No. 35]

On October 04, 2019 the Court issued an ORDER allowing the Defendant to file a response. [ECF No. 36]

On October 17, 2019 the Defendants filed an "Opposition to Plaintiff's Motion to Extend Time. [ECF No. 37]

On October 30, 2019 the Court issued and ORDER which denied the request for additional discovery and deposition but grant thirty (30) days from the date of the ORDER to file a response. [ECF No. 38]

On December 12, 2019 Plaintiff filed a second request to extend time to file his response seeking an additional 5 days due to computer and file saving problems. [ECF No. 39]

On Monday December 09, 2019, Plaintiff filed "Plaintiff's Motion for Order to Strike Defendants Motion for Summary Judgement, Based on Insufficient Evidence; Memorandum"(hereinafter "Motion to Strike") <u>This pleading contained a footnote providing "*Plaintiff request this pleading to be taken In Pari Materia with Plaintiff's "NOTARIZED VERIFIED FIRST AMENDED COMPLAINT and Plaintiffs Motion for leave to file first amended complaint."*</u> **Note, could have been construed as Plaintiff's Response in Opposition to Defendant motion for Summary Judgment( i.e., but it was stricken for being filed (one court day) out of time**. [ECF No. 42]

Also, on Monday December 09, 2019, Plaintiff filed "Plaintiff's Motion for Order Granting Leave to File Verified First Amended Complaint; Memorandum of Points and Authorities"(hereinafter "Motion for Leave to Amend"). It also contained a <u>footnote</u>: "*Plaintiff request this pleading to be taken in pari materia with Plaintiff's NOTARIZED VERIFIED FIRST AMENDED COMPLAINT*" and Plaintiff's *MEMORANDUM TO STRIKE DEFENDANTS MOTION OF SUMMARY JUDGEMENT, BASED IN INSUFFICIENT EVIDENCE*". **Note, this document was also intended to be taken as a response to Defendant motion for Summary Judgment and was filed one weekend (one court day) out of time.** [ECF No. 42]

On December 23, 2019 Defendant filed "Defendant's Response and Opposition to Plaintiffs Motions to Strike Defendant's Motion for Summary Judgement and Leave to file First Amended Complaint. [ECF No. 44]

On December 12, 2019 Plaintiff file "Plaintiff's Motion to Extend or Enlarge Time". [ECF No. 45]

On December 12, 2019 Plaintiff also filed "Plaintiff's Danial Paul Bailey's Declaration in Support of Motion to Extend/Enlarge Time to Allow a One Business Day Late Filing". [ECF No. 45-1]

### III.    OBJECTIONS TO [ECF NO. 46]

**OBJECTION 1:** The Magistrate's order is in error and contrary to law and / or the <u>ends of justice</u>, regarding the Magistrates' order striking Plaintiff's Motion to Strike. [ECF 42]

Plaintiff clearly understands that the Federal Rule of Civil Procedure and the Eastern District Local Rules apply to him as a Pro Se Litigant; and has in good faith tried to comply with these rules. However, that said Plaintiff, is a Pro Se Litigant and not well versed on the intricacies of federal motions practice.

In filing his Motion to Strike in partial RESPONSE of Defendants' purported witness declarations in support of their Rule 56 Motion, Plaintiff also intended to file a RESPONSE (one day out of time) if permitted to do so by leave of court.  The Court elevated form over substance and failed to consider the necessary elements for or against whether the Court should grant Plaintiff a one (1) day extension (i.e., whether there was bad faith, prejudice to defendants, dilatory motive or whether it would be futile etc.) Had the Magistrate properly considered Plaintiffs' Motion to

- 4 -
PLAINTIFF'S OBJECTION TO MAGISTRATES ORDER [ECF NO. 46]        2:18-CV-00055-KJM-CMK

Strike and reviewed the pleading to determine what Plaintiff's best [substantive] argument was or intended to be, a substantial portion of the witness affidavits would have been stricken which would have demonstrated there were authentic material disputes of fact which foreclosed on summary judgment in favor of defendants.

To this end, striking Plaintiff's Motion to Strike and subsequently not allowing Plaintiff to amend his complaint or file a response in opposition out of time (1 day) clearly has had a dispositive effect on the case. As it stands, Defendants Motion for Summary Judgement is unopposed; whereas the Court will most likely deem the Motion GRANTED due to no response being allowed by the Magistrate or actually filed. Therefore, it was erroneous and contrary to the law because the Magistrate did not construe Plaintiff's pleadings liberally and instead elevated form over substance in violation of *Haines v. Kerner*.

**OBJECTION 2:** Plaintiff incorporates *OBJECTION 1* herein and restates it in its entirety as if it were fully realleged herein.

Similarly, the Magistrate also denied Plaintiff request for leave to file the second amended complaint[ECF No. 43]. To the extent the Magistrate's Order [ECF No. 46] does not consider the elements required for granting leave as well as his refusal to consider *Haines v. Kerner* in his decision to deny Plaintiff's Motion for Leave to Amend (which incorporated Plaintiff's proposed amended complaint), it was erroneous and contrary to the law. Although, Plaintiff implicitly reads the order that he may refile the pleadings and correct the inadvertent technical/procedural rule violation. See LR 230(b)(1) – it does not change the dispositive effect of the Magistrate not construing the Motion to Strike and Plaintiff's proposed amended complaint as his response in opposition to determine whether 1.) the defects were cured; and 2.) statements in the witness affidavit had merit or whether they should be stricken

**OBJECTION 3:** Plaintiff has not consented to the Magistrate presiding over all aspects of litigation pursuant to Fed. R. Civ. P 73 in the instant case. Pursuant to the Magistrate Act, a Magistrate is not permitted to rule on dispositive matters in Plaintiff's case unless the parties' consent which they have not. See Fed. R. Civ P 72(b). Although the Magistrate's order[ECF No. 42] appears to rule on non-dispositive issues i.e., continuances, technical rule violations, etc. The Magistrate's order clearly has a dispositive effect on Plaintiff's case because he is now barred from

filing a response in opposition to Defendants Motion for Summary Judgment. Since a Magistrate is not an Article III Judge, he does not have subject matter jurisdiction to rule on anything dispositive whether it is traditional dispositive pleading pursuant to Rule 12 or Rule 56; ir whether the order was <u>dispositive in *nature*</u>, or even if the order had <u>a dispositive *effect*</u> on the case. At best, the Magistrate could have issued a report and recommendation which did not happen in this case. Because a Magistrate has no jurisdiction, or the Magistrate has exceeded his jurisdiction in violation of the Magistrate Act and Rule 72(b). The Magistrate's Order[ECF No. 42] is erroneous and contrary to the law.

**OBJECTION 4**: The Magistrate Order effectively deemed Plaintiff's Motion for Leave to Amend[ECF No. 43] and Motion to Strike[ECF No. 42] as stricken which violated of LR 230(b) as demonstrated by the following language in the local rule:

"Motions defectively noticed **shall be filed, but not set for hearing**;"

The Order did not allow the pleadings to remain filed but not set for hearing. That aside, the Clerk [also] did not notify Plaintiff (i.e. the moving party) of any defective notice and of the next available dates and times for proper notice, and that the moving party shall file and serve a new notice of motion setting forth a proper time and date.

Hence, Magistrate's Order[ECF No. 46] is erroneous and contrary to the law.

**OBJECTION 5:** The Magistrate's order is in error and contrary to law, and / or the ends of justice by denying Plaintiff's Motion for a one-day extension of time. [ECF 46 @ ln. 26]

The Magistrates denial of Plaintiff Motion to Extend (one-day extension of time) appears to be a misunderstanding of Plaintiff's intent.

The Magistrate order in pertinent part states:

> Plaintiff's motion for a one-day extension of time will be denied as late. On December 4, 2019, the court granted Plaintiff's prior motion for an extension of time to [Monday] December 6, 2019, to file an opposition to defendant's pending motion for summary judgement. No opposition was filed by that date. On December 27, 2019 — three weeks after expiration of the previously extended deadline — plaintiff filed the instant motion for an additional extension of time. Because the notion was filed <u>after</u> the deadline sought to be extended, it is untimely and will be denied as such.[1]
>
> 1. Plaintiff states the additional day is needed in order to obtain notarized signatures on his opposition. Plaintiff's motion fails to establish the need for an extension because notarized signatures are not required on an opposition to a motion.

The Magistrate appears to have misconstrued the Plaintiff's intent in requesting the one-day extension i.e., referring to Motion and Leave to Amend (one-day, court day) late out-of-time from Friday December 4, 2019 to Monday December 6, 2019 referring to the RESPONSE to Defendant's Summary Judgement Motion.

The Plaintiff's Motion to Strike and Motion for Leave to Amend Complaint (with the Plaintiff's **<u>Notarized</u>** Verified First Amended Complaint was a partial and substantive RESPONSE eluding to the material facts which were in dispute; however, inartful plead.

Plaintiff had a good-faith belief that the notarized signature was necessary and material to have a completed copy of the Notarized, Verified First Amended Complaint to demonstrate the veracity of Plaintiff's Request for Leave to file First Amended Complaint. While it may, for argument be correct that the RESONSE did not require a notarized signature, Plaintiff had a good-faith belief that the statement of disputed facts required an affidavit in support of his response.

To this end, the net affect of this objection and the instant objections *supra*, has placed Plaintiff in a perilous position from a procedural and substantive standpoint. Therefore, Magistrate's Order[ECF No. 46] is erroneous and contrary to the law.

## IV. STANDARD OF REVIEW

A Magistrate has no authority to make a dispositive ruling regarding a motion for summary judgement. The Magistrate Act codified in 28 U.S.C. § 636 provides in pertinent part:

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, **except a motion** for injunctive relief, for judgment on the pleadings, **for summary judgment**, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. (28 U.S.C.A § 636(b)(1)(A) (West)) [Emphasis added]

(B) If a party timely objects to the magistrate judge's recommendations or findings, the district court must determine de novo any part of the objectionable portions of the

recommendations or findings. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may also receive additional evidence or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Moreover, in deciding whether the district court abused its discretion in dismissing this case, we also are mindful of Supreme Court precedent that instructs federal courts liberally to construe the "inartful pleading" of pro se litigants. Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980); Noll v. Carlson,, 809 F.2d 1446, 1448 (9th Cir.1987); see Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986) (should treat pro se litigants with great leniency when evaluating compliance with the technical rules of civil procedure). Ferdik v. Bonzelet (9th Cir. 1992) 963 F.2d 1258, 1261, as amended (May 22, 1992)

In civil rights cases where the plaintiff [or defendant] appears pro se, the court must construe pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). In re Haines v. Kerner, 404 U.S. 519-421, the United States Supreme Court ruled that pro se litigants [Plaintiff Bailey is a pro se litigant] are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims; Platsky v. C.I.A. 953 F.2d. 25 court errs if court dismisses the pro se litigant [Plaintiff Bailey's complaint] without instruction of how pleadings are deficient and how to repair pleadings; In re Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring), litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated; and, statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. [Need to check this citation]

**[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances**. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986) Ferdik v. Bonzelet (9th Cir. 1992) 963 F.2d 1258, 1260, as amended (May 22, 1992).

## V.   CONCLUSION

The Magistrate's Order had the effect of being a dispositive order in violation of the prohibition set out in the Magistrate Act (*supra*) in that the pro se Plaintiff's intended RESPONSE was stricken as outlined *supra* without a direction of how to effectively amend or correct his response to Defendant Summary Judgement Motion.

Dated this 27, day of January 2020.

Respectfully submitted,

                        /s/ *Daniel Paul Bailey*[FN1]
                        Daniel Paul Bailey. Plaintiff
                        In Propria Persona

---

[FN1] Original document with signature served on and to be retained by Attorney Barbara Blackburn Bar. No. 253731 and/or Douglas Ropel, Bar No. 300486. (U.S. Dist. Court, Eastern District Cal., (3/3/2010) Rule #131(f))