# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAN BAILEY,

    Plaintiff,

v.

ENLOE MEDICAL CENTER,

    Defendant.

No. 2:18-CV-0055-KJM-DMC

ORDER

Plaintiff, who is proceeding pro se, brings this civil action for wrongful termination. Pending before the Court is plaintiff's motion for leave to amend (ECF No. 50).

## I. BACKGROUND

This action proceeds on plaintiff's original complaint, filed in the Butte County Superior Court on December 11, 2017, and removed to this Court by defendant on the basis of federal question jurisdiction. See ECF No. 1-1 (Exhibit A attached to defendant's Notice of Removal). Plaintiff alleges he was employed by defendant on February 1, 2005, as a Computerized Tomography (CT) Technologist Assistant, then an Ultra Sound Technologist, then a CT Technologist. See id. at 4. According to plaintiff, on November 25, 2015, he "assessed confidential patient information for at least nine patients to verity that records did not indicate an allergy. . . ." ECF No. 1-1, pg. 4. Plaintiff claims he notified the proper authorities that his direct

supervisor, a CT Technician, "made an erroneous error by administration a contrast dye without appropriately ruling out an allergy. . . ." Id.  Plaintiff states that his employment was terminated for improperly accessing patient confidential computerized records on November 25, 2015.  See id.

Plaintiff alleges he was subject to a collective bargaining agreement which provided that union employees could only be terminated for "just cause."  Id.  Plaintiff utilized the union grievance process and, on April 27, 2016, plaintiff was granted the right to proceed with arbitration of his claim that defendant lacked just cause for his termination.  See id. at 5.  Plaintiff claims that, ultimately, he was "denied the right to go to Arbitration."  Id.

Plaintiff alleges four claims for relief as follows:

| | | |
|---|---|---|
| First Claim | Wrongful termination in violation of public policy, California Labor Code § 232.5. |
| Second Claim | Wrongful termination in violation of public policy, California Labor Code § 1102.5. |
| Third Claim | Breach of contract and implied covenant of good faith and fair dealing. |
| Fourth Claim | Unfair business practices, California Business & Professions Code § 17200, et seq. |

See id. at 5-8.

## II.  DISCUSSION

Plaintiff now seeks leave to file a first amended complaint.  According to plaintiff:

> Plaintiff's 1st Amended Complaint is a major revision from the original, correcting several material errors and deficiencies in light of new facts obtained.  Defendant's initial disclosures and multiple supplemental disclosures thereafter, that were not known or available to Plaintiff at the time the original Complaint was filed.

ECF No. 50, pg. 1.

Plaintiff has attached a proposed first amended complaint to his motion.  See ECF No. 50-1, pgs. 7-38.

/ / /

/ / /

In the proposed first amended complaint, plaintiff re-states the four claims for relief alleged in the original complaint. See id.  Plaintiff also adds for the first time a new claim for defamation. See id. at 34-36.  According to plaintiff, "[I]t appears DEFENDANT may have intentionally, and maliciously contributed to PLAINTIFF losing his position as a volunteer Firefighter in Butte County with Cal Fire where he swore an oath to protect the citizens of his community." Id. at 35.  Plaintiff claims defendant's accusation against him concerning his access to confidential patient information was "fraudulent" and appears to form the basis of his defamation claim. See id. at 35-36.  Plaintiff does not specify the allegedly defamatory statement.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).

In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

It is undisputed that leave of court is required at this juncture of the litigation, after the case has been scheduled, discovery has closed, and defendant has moved for summary judgment.  Having considered the factors outlined above, the Court finds that plaintiff's delay was not intentional but more likely the result of his pro se status.  The Court finds that any prejudice to defendant is minimal and outweighed by other factors.

The Court finds, however, that plaintiff's new defamation claim, as currently set forth in the proposed first amended complaint, is deficient.  Under California law, the tort of defamation involves (1) an intentional publication that (2) is false and (3) unprivileged and (4) has a natural tendency to injure or causes special damages.  See Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999); see also Seelig v. Infinity Broadcasting Corp., 97 Cal. App. 4th 798, 809 (2002).  In this case, plaintiff has not identified the allegedly defamatory statement or statements.  Because plaintiff fails to do so, he has not alleged sufficient facts to show a statement that was false, unprivileged, and either had a natural tendency to injure or actually caused special damages.  The Court will provide plaintiff leave to further amend to allege additional facts in support of his new defamation claim.

This Order is without prejudice to Defendant's renewal of the pending arguments attacking the sufficiency of plaintiff's claims, if still applicable upon the filing of a second amended complaint, as well as any additional claims appropriately addressed to the defamation charge or other claims in an amended pleading by Plaintiff.  Such opposition may be raised by way of appropriate responsive pleading or motion.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 50) is granted;

2. The Clerk of the Court shall file plaintiff's proposed first amended complaint, ECF No. 50-1, pgs. 7-38, as of February 11, 2020;

3. Plaintiff's first amended complaint is dismissed with leave to amend;

4. Plaintiff shall file a second amended complaint within 30 days of the date of this order;

5. Defendant shall file a response to plaintiff's second amended complaint within 30 days of the date of service and filing thereof;

///

///

6. Because the Court has re-opened the pleading stage of this litigation, the matter is no longer at issue on plaintiff's original complaint and, as a result, defendant's motion for summary judgment (ECF No. 32) based on claims raised in the original complaint is no longer properly before the Court and is stricken; without prejudice to renewal of such motion in the future, and

7. Upon the filing of an answer to any second amended complaint, the Court will issue an order re-opening discovery <u>as to the new defamation claim only</u> and setting a new dispositive motion filing deadline.

Dated:  May 27, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE