1  BARBARA A. BLACKBURN, Bar No. 253731
   bblackburn@littler.com
2  DOUGLAS L. ROPEL, Bar No. 300486
   dropel@littler.com
3  LITTLER MENDELSON, P.C.
   500 Capitol Mall, Suite 2000
4  Sacramento, CA 95814
   Telephone:   916.830.7200
5  Fax No.:      916.561.0828

6  Attorneys for Defendant
    ENLOE MEDICAL CENTER

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10 DAN BAILEY,                          Case No.  2:18-cv-00055-KJM-DMC

11              Plaintiff,              **DEFENDANT ENLOE MEDICAL
                                        CENTER'S REPLY IN SUPPORT OF ITS
12       v.                             RULE 12(B)(6) MOTION TO DISMISS
                                        CLAIMS IN PLAINTIFF'S VERIFIED
13 ENLOE MEDICAL CENTER; and DOES       SECOND AMENDED COMPLAINT**
   1 through 50, inclusive,
14                                      Date:      September 2, 2020 (now vacated)
              Defendants.              Time:      10:00 a.m.
15                                      Judge:     Honorable Dennis M. Cota
                                        Ctrm:      304, 3rd Floor
16

17

18                                      Complaint Filed:  December 11, 2017
                                        Second Amended Complaint Filed: June 29, 2020
19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE
12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S
VERIFIED SECOND AMENDED COMPLAINT

CASE NO.:  2:18-cv-00055-KJM-DMC

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION .................................................................................................... 1

II.   ARGUMENT ........................................................................................................... 2

    A.    BAILEY's Third Cause Of Action Should Be Dismissed Because It Is Barred By Section 301's Statute of Limitations ................................... 2

    B.    BAILEY's Fourth and Fifth Causes Of Action Should Be Dismissed Because They Are Also Preempted by Section 301 And Barred By Its Statute of Limitations ....................................................................................... 3

    C.    BAILEY's Seventh and Eighth Causes of Action Should be Dismissed Because the Alleged Defamatory Statements are Time-Barred, Privileged, or Substantially True ........................................................................... 5

        1.    BAILEY's defamation/slander claims are subject to a one-year statute of limitations ......................................................................... 6

        2.    BAILEY's own allegations and the documents properly before the Court establish that the alleged defamatory statements to the SEIU, EDD/UIAB, and CDPH were absolutely privileged ...................... 6

        3.    The defamatory statement BAILEY alleges ENLOE made to the fire department was true ............................................................................ 8

III.  CONCLUSION ...................................................................................................... 10

# I.
# INTRODUCTION

Plaintiff DAN BAILEY's ("BAILEY") opposition comprises a 31 page scattershot of inapplicable arguments, mischaracterizations of his claims, and attempts to evade the consequences that flow from the factual allegations in his Second Amended Complaint ("SAC"). As a threshold issue, BAILEY has again disregarded the Court's orders in this action – this time filing an opposition that significantly exceeds the 20-page limit. *See* ECF Dkt. 2-1. The Court should disregard the last 11 pages of BAILEY's opposition. However, even if the Court considers these pages, BAILEY's entire opposition fails on the merits.

BAILEY mistakenly argues in his opposition that ENLOE MEDICAL CENTER's ("ENLOE") motion lacks a required verification of a real party interest. BAILEY's argument cites California Code of Civil Procedure Section 446, which simply has no application to federal court or this motion. There is no requirement that ENLOE file a "verified" motion to dismiss.

BAILEY then erroneously argues that the contract claims that form his third, fourth, and fifth cause of action are not preempted by Section 301 of the Labor Management Relations Act, 28 U.S.C. § 185, *et seq.* ("Section 301") because he views his claims as between an employee (BAILEY) and an employer (ENLOE), and not as claims "for violation of [a contract] between an employer and a labor organization representing employees." This argument is unavailing because BAILEY explicitly pleads that the termination of his employment was without "just cause" and violated the Collective Bargaining Agreement between ENLOE and the Service Employee International Union – United Healthcare Workers – West ("SEIU-UHW CBA"). Further, all of BAILEY's contract claims are based on the termination of his employment, and are therefore exclusively governed by the SEIU-UHW CBA, regardless of what other policy documents BAILEY tries to characterize as independent, individual contracts.

BAILEY misinterprets the California statutes providing the statute of limitations for defamation claims (Code of Civil Procedure 340(c)) and the litigation privilege (Civil Code Section 47(b)). BAILEY then attempts to save his defamation and slander claims by ignoring that it is the

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT

1.

CASE NO.: 2:18-cv-00055-KJM-DMC

allegations in the SAC that establish the alleged defamatory statements were privileged and/or were true. BAILEY's own allegations establish that the alleged statements made to the SEIU, the Employment Development Department and Unemployment Insurance Appeals Board ("EDD/UIAB"), and California Department of Public Health were made (respectively) in the course of his union grievance, an official administrative hearing, and an official administrative investigation. Those statements are absolutely privileged. Similarly, BAILEY's own allegations establish that the alleged defamatory statement that an ENLOE EMS Supervisor made to Fire Chief McFadden – that BAILEY attempted to access the hospital in a firefighter uniform – was true.

Accordingly, and as set forth in more detail below, BAILEY's third, fourth, fifth, seventh, and eighth causes of action should be dismissed for failure to state a claim for relief.

## II.
## ARGUMENT

### A. BAILEY's Third Cause Of Action Should Be Dismissed Because It Is Barred By Section 301's Statute of Limitations

BAILEY argues in his opposition that Section 301 does not apply to his third cause of action, which asserts claims for breach of contract and the covenant of good faith and fair dealing. ECF Dkt. 68, ¶¶ 12-50. His argument is grounded on two misguided contentions: (1) that this contract cause of action "is NOT '[one] for violation of a contract between an employer and a labor organization representing employees'" because "[t]he instant action is between [an] employee and [an] employer"; and (2) this cause of action does not require the interpretation of the SEIU-UHW CBA's "just cause" provision because *the definition* of "just cause" can be found elsewhere. *Id.* at ¶¶ 17-28, 37-40, 47, 50.

Although BAILEY's lawsuit is between him (as a former employee) and ENLOE (his former employer), he cannot genuinely argue that his contract claims do not *arise from* a contract between an employer (ENLOE) and a labor organization representing employees (SEIU). Indeed, BAILEY expressly alleges the following is support of his third cause of action:

> At all times alleged herein, [ENLOE] had entered into a [CBA] with [SEIU-UHW] . . . [BAILEY] was a Union member of the SEIU . . . at all times subject to this Complaint; thus, a third party beneficiary of said contract . . . [ENLOE] violated the SEIU Agreement (contract) by terminating [BAILEY] without 'Just Cause' in violation of ARTICLE

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE
12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S
VERIFIED SECOND AMENDED COMPLAINT

2.

CASE NO.: 2:18-cv-00055-KJM-DMC

> 30(A) . . . [ENLOE] further violated ARTICLE 30(B)(1-3) by terminating without notice and pay or following the guidelines of progressive discipline . . . [ENLOE] further violated the SEIU contract ARTICLE 30(b), by refusing with willful-blindness to fairly investigate and disclose ALL the facts surrounding [BAILEY]'s termination.

ECF Dkt. 61, ¶¶ 229-233. BAILEY's third cause of action is *explicitly* based on the SEIU-UHW CBA. The SAC even includes language cut and pasted straight out of Article 30 of the SEIU-UHW CBA. *Id.* at ¶¶ 231-232; see also Exhibit B, SEIU-UHW CBA, Article 30. BAILEY cannot now contradict his express allegations and claim his cause of action does not arise from a contract between an employer and a labor organization representing employees.

Likewise, BAILEY's contention that his cause of action does not literally require the interpretation of the term "just cause," as used in the SEIU-UHW CBA, is unavailing. BAILEY's third cause of action is preempted by Section 301 because the resolution of each of its claims (breach of contract and breach of the covenant of good faith and fair dealing) are *based on* the collective bargaining agreement. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("[t]he preemptive force of Section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement."). It does not matter whether the definition or meaning of the words "just cause" can be determined by reference to some source outside of the SEIU-UHW CBA.

Further, BAILEY expressly asserts in his opposition that this cause of action is based on whether ENLOE had "just cause" to terminate his employment. ECF Dkt. 68, ¶ 50. Yet, the SEIU-UHW CBA is the sole source of the "just cause" contractual obligation alleged in the SAC, so this cause of action is necessarily based on the SEIU-UHW CBA, even if BAILEY had not explicitly alleged that it was. For these reasons, BAILEY's third cause of action should be dismissed without leave to amend.

**B. BAILEY's Fourth and Fifth Causes Of Action Should Be Dismissed Because They Are Also Preempted by Section 301 And Barred By Its Statute of Limitations**

BAILEY's opposition attempts to argue that the PCIS and Code of Conduct are contracts that have nothing to do with the SEIU-UHW CBA. *Id.* at ¶¶ 64, 76, 89. However, his own allegations, along with the actual contents of the PCIS, Code of Conduct, and SEIU-UHW CBA

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE
12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S
VERIFIED SECOND AMENDED COMPLAINT

3.

CASE NO.: 2:18-cv-00055-KJM-DMC

demonstrate otherwise, and establish that BAILEY's contract claims based on the PCIS and Code of Conduct are preempted by Section 301 because the claims all arise from the termination of BAILEY's employment, a subject exclusively governed by the SEIU-UHW CBA. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (on a motion to dismiss, the Court may also "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document.").[1]

BAILEY's contract claims are all based on the termination of his employment, which is a subject exclusively governed by the SEIU-UHW CBA. BAILEY asserts that the PCIS "governs the terms and conditions for the privilege of and us of [ENLOE's] computers and access into privileged patient medical records," and then concedes that a violation of the PCIS subjects an ENLOE employee "to disciplinary action, up to and including discharge." *Id.* at ¶¶ 60-61; *see also* Exhibit C. The allegations in the SAC and the SEIU-UHW CBA both establish that all levels and forms of employee discipline, including discharge, are exclusively governed by the SEIU-UHW CBA. ECF Dkt. 61, ¶¶ 229-233; Exhibit B, SEIU-UHW CBA, Articles 30 and 38. BAILEY's opposition concedes that the SEIU-UHW CBA governs the "rights of the employees and employer" and that the specific contractual obligations that were breached are contained in Article 30 of the SEIU-UHW CBA. ECF Dkt. 68, ¶ 70, 81.

BAILEY's fourth cause of action asserts that ENLOE lacked "just cause" under the SEIU-UHW CBA to terminate his employment because BAILEY's conduct conformed to the guidelines in the PCIS. ECF Dkt. 61, ¶¶ 246-256; ECF Dkt. 68, ¶ 72 ("The PCIS contract goes to the heart of [ENLOE's] bad faith defense alleging [BAILEY] accessed the PCIS system 1) without authority and 2) to have accessed confidential [ENLOE] patient records for 'other than in his line of duty' as a CT Technologist Assistant."). Additionally, all of the damages BAILEY seeks for his fourth cause of action stem from the termination of his employment. ECF Dkt. 61, ¶ 256 (demanding damages for "lost wages, lost benefits . . . and loss of a job [BAILEY] loved due to

---

[1] BAILEY does not challenge the authenticity of any of the documents ENLOE submitted with this motion.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT

4.

CASE NO.: 2:18-cv-00055-KJM-DMC

[ENLOE] . . . "); *see also* ECF Dkt. 68, ¶ 82. Accordingly, the claims in the fourth cause of action are based on rights arising out of the SEIU-UHW CBA, and are preempted by Section 301. *See Hendricks v. Airline Pilots Ass'n Int'l*, 696 F.2d 673, 675 (9th Cir. 1983) (collective bargaining agreements prevail over individual contracts between employers and employees concerning the terms and conditions of employment).

BAILEY's fifth cause of action based on the Code of Conduct is preempted by Section 301 for similar reasons. BAILEY's opposition acknowledges that the Code of Conduct "sets out [ENLOE's] standard of conduct that governs all employees." ECF Dkt. 68, ¶ 95. BAILEY contends that his alleged reporting of suspected misconduct triggered a contractual obligation on the part of ENLOE to conduct an investigation that found he did nothing wrong and to not terminate his employment. ECF Dkt. 61, ¶¶ 257-290; ECF Dkt. 68, ¶¶ 98-102. Just like BAILEY's fourth cause of action based on the PCIS, his claims based on the Code of Conduct are governed by the SEIU-UHW CBA because they are based on ENLOE's termination of his employment. *See Hendricks*, 696 F.2d at 676. Moreover, BAILEY expressly alleges that his Code of Conduct contract claims are based on the termination of employment without "just cause" in violation of the SEIU-UHW CBA. ECF Dkt. 61, ¶¶ 282-289.

For these reasons, the claims in the fourth and fifth causes of action are all subject to Section 301 and time-barred by its six-month statute of limitations.

## C. BAILEY's Seventh and Eighth Causes of Action Should be Dismissed Because the Alleged Defamatory Statements are Time-Barred, Privileged, or Substantially True

BAILEY's opposition relies on misguided arguments that: (1) his defamation/slander claims are subject to a two-year statute of limitations because the one-year statute of limitation in California Code of Civil Procedure Section 340 only applies to the claims of minors, bank depositors, or for the death of animals; (2) ENLOE failed to point to any facts showing that the alleged defamatory statements to the SEIU, the Employment Development Department/Unemployment Insurance Appeals Board (EDD/UIAB), and the California Department of Public Health (CDPH) were made in connection with a "judicial proceeding" or "any other

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE
12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S
VERIFIED SECOND AMENDED COMPLAINT

5.

CASE NO.: 2:18-cv-00055-KJM-DMC

official proceeding authorized by law"; (3) the statements were contained in documents that qualify "as business records kept in the normal course of business and do not involve attorney client privilege" (conflating attorney-client privilege with litigation privilege); and (4) whether any of the statements were substantially true is a question for the jury (even though his own allegations establish the truth).

1.     **BAILEY's defamation/slander claims are subject to a one-year statute of limitations**

BAILEY contends the one-year statute of limitations set forth in California Code of Civil Procedure Section 340(c) does not apply because BAILEY is not a minor, not a bank depositor, and not pursuing an action for the death on an animal. ECF Dkt. 68, ¶¶ 113-123. BAILEY simply misreads the statute. It is well-settled that the statute applies to all actions for libel or slander, not just those of minors. *See Shively v. Bozanich*, 31 Cal. 4th 1230, 1239 (Cal. Ct. App. 2003).

As ENLOE pointed out in its motion, BAILEY's allegations establish that all of the alleged defamatory statements made to the SEIU, EDD/UIAB, and to Cal Fire Chief McFadden fell well outside of the statute of limitations, even if relation-back was applied to the new defamation and slander claims. BAILEY's opposition contends that the alleged defamatory statements were contained in documents obtained from Defendant in discovery and were not known to Plaintiff when he initiated this action. ECF Dkt. 68, ¶¶ 139, 148, 160. However, Plaintiff did not plead such facts anywhere in the SAC. BAILEY cannot genuinely claim the alleged defamatory statements were not known or available to him until he received documents in discovery. For instance, he claims ENLOE made the defamatory statements about him to the EDD/UIAB at a hearing before an ALJ on March 14, 2016, which BAILEY attended. *See* ECF Dkt. 61, ¶¶ 18-18, 114, 180, 299. Accordingly, BAILEY's defamation and slander causes of action should be dismissed as time-barred.

2.     **BAILEY's own allegations and the documents properly before the Court establish that the alleged defamatory statements to the SEIU, EDD/UIAB, and CDPH were absolutely privileged**

Communications made in any "judicial proceeding" or "official proceeding authorized by law" are absolutely privileged under California's litigation privilege. Cal. Civ. Code §

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE
12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S
VERIFIED SECOND AMENDED COMPLAINT

6.

CASE NO.: 2:18-cv-00055-KJM-DMC

47(b). In his opposition, BAILEY contends ENLOE "state[d] no facts that delineate what [it] believes constitutes . . . [a] judicial proceeding [or] any other official proceeding authorized by law . . . with no facts stated that would allow on [sic] to determine just what type of proceeding qualifies any of the documents as privileged." ECF Dkt. 68, ¶¶ 106-107. However, ENLOE's moving papers set forth the facts and legal arguments establishing that the union grievance process, and the investigations and evidentiary hearings conducted by the administrative agencies constitute "judicial proceedings" or "official proceedings authorized by law" for application of the litigation privilege, and that the alleged defamatory statements were made in connection with these proceedings. *See* ECF Dkt. 62, 11:2-13:12.

BAILEY's opposition does not challenge that union grievances, and investigations and hearings before administrative agencies qualify for litigation privilege coverage. The facts establishing that the alleged defamatory statements were made in the course of a union grievance and official investigations or hearings by administrative agencies are found in BAILEY's own (verified) factual allegations and documents properly before the Court on a 12(b)(6) motion. *See Corinthian Colleges*, 655 F.3d at 999 (the Court may also "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document.").

For instance, BAILEY alleges that he initiated his grievance with SEIU-UHW in December 2015 and the grievance was withdrawn "as a direct result" of defamatory statements made by ENLOE employees. ECF 61, ¶¶ 115, 174, 193, 220, 235. The only communications between ENLOE employees and SEIU-UHW representatives that BAILEY alleges were: (1) an email from Ms. Linscheid to Sabrina Struth on January 28, 2016; and (2) a May 26, 2016, phone call between Ms. Linscheid and Mr. Hatcher, along with a memorializing email Ms. Linscheid sent to Mr. Hatcher that same day. *Id.* at ¶¶ 119, 124-125, 185, 192, 220-223, 225, 269, 305-307, 309-311, 322, 328-329, 333-336; Exhibit E, Email Linscheid to Hatcher, 5/26/16. That necessarily means the allegedly defamatory communications were made in the course of the grievance. Indeed, Ms. Linscheid's email to Mr. Hatcher concludes with a proposal of terms to resolve BAILEY's grievance. Exhibit E, Email Linscheid to Hatcher, 5/26/16.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE
12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S
VERIFIED SECOND AMENDED COMPLAINT

7.

CASE NO.: 2:18-cv-00055-KJM-DMC

Regarding the statements made to the EDD/UIAB, the only alleged defamatory communications between ENLOE employees and the EDD/UIAB in the SAC consisted of purportedly false testimony provided to the ALJ presiding over BAILEY's appeal hearing on March 18, 2016. ECF 61, ¶¶ 18-19, 268. As for the alleged defamatory statements made to the CDPH, BAILEY alleges that ENLOE falsely reported to the CDPH that BAILEY "accessed medical records of patients which he had no patient care responsibilities" and BAILEY "did not access the medical records for purposes of treatment, payment or healthcare operations," and ENLOE also made various false and misleading statements to CDPH investigators. ECF 61, ¶¶ 16, 217, 261, 267, 297, 322, 327, 333, 336. Communications made to an official administrative agency, whether designed to prompt action or made in the course of the agency's investigation and adjudicative activities, are absolutely privileged. *Martin v. Kearney*, 51 Cal. App. 3d 309, 311 (Cal. Ct. App. 1975); *King v. Borges*, 28 Cal. App. 3d 27, 32 (Cal. Ct. App. 1972); *Ascherman v. Natanson*, 23 Cal. App. 3d 861, 866 (Cal. Ct. App. 1972).[2] The privilege is broadly applied and doubts are resolved *in favor of the privilege. Wang v. Heck*, 203 Cal. App. 4th 677, 684 (Cal. Ct. App. 2012).

BAILEY conflates the litigation privilege created by California Civil Code Section 47(b) with attorney-client privilege and argues the statements are not privileged because they are contained in "records kept in the normal course of business" and were produced in discovery. ECF Dkt. 68, ¶¶ 132-142. These arguments are simply inapplicable to the litigation privilege.

3. **The defamatory statement BAILEY alleges ENLOE made to the fire department was true**

BAILEY contends that the question of the truth of the statement he alleges an ENLOE EMS Supervisor made to Cal Fire Chief McFadden is a factual issue "for the jury in a trial on the merits and not properly subject to a motion to dismiss. Dkt. 68, ¶ 161. However, this is not so when *the facts BAILEY alleges* establish the truth of the statement. A cause of action is subject to

---

[2] BAILEY argues that the CDPH investigation was merely informal. However, he concedes this investigation resulted in a report. Moreover, the documents before the Court establish that CDPH assigned a Complaint number (CA00469431), a Penalty number (80013607), assessed a penalty of $50,000, and issued a formal Statement of Deficiencies and Plan of Correction form. Exhibit G. There can be no genuine dispute as to whether this was an official investigation.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE
12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S
VERIFIED SECOND AMENDED COMPLAINT

8.

CASE NO.: 2:18-cv-00055-KJM-DMC

dismissal for failure to state a claim when the allegations in the complaint and/or other materials properly considered suffice to establish some bar to recovery or an affirmative defense. *Sams v. Yahoo, Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997); *see also Goddard v. Google Inc.*, 640 F.Supp.2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of the [c]omplaint").

The SAC explicitly alleges that BAILEY appeared at ENLOE's hospital facility in his firefighter uniform in an attempt to schedule an appointment to meet with ENLOE's CEO and an Emergency Room physician in February 2016 to discuss his termination. ECF 61, ¶ 223. The SAC further explicitly alleges that an ENLOE EMS Supervisor contacted Cal Fire Chief McFadden and reported that BAILEY had "'attempted to gain access' to the facility wearing his firefighter uniform." *Id.* at ¶ 224. This statement is true and the truth is apparent from BAILEY's allegations. Therefore, BAILEY's defamation/slander claims cannot rely on this alleged defamatory statement. *See Smith v. Maldonado*, 72 Cal. App. 4th 637, 646-647 (Cal. Ct. App. 1999) ("In all cases of alleged defamation, whether libel or slander, the truth of the . . . communication is a complete defense against civil liability . . . [i]t is sufficient if the defendant proves true the substance of the charge, irrespective of slight inaccuracy in the details").

Further, BAILEY's opposition does not address and therefore concedes that his vague, conclusory allegation that some unknown employee, agent, or representative of ENLOE accused BAILEY of "fraudulently donning of the firefighter's uniform and unauthorized entry into the hospital" in an unknown oral or written communication (by speech, email, fax or some unknown means) to some unknown person at the local community fire department some unknown point in time fails to state a plausible claim for relief. *See* ECF 61, ¶¶ 308-309, 315-316; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (stating a plausible entitlement to relief "requires more than labels and conclusions" and that the "[f]actual allegations must raise a right to relief above the speculative level").

Accordingly, BAILEY's defamation and slander causes of action should be dismissed because they are time barred, and all of the alleged defamatory statements were privileged or true.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT

9.

CASE NO.: 2:18-cv-00055-KJM-DMC

**III.**
**CONCLUSION**

For the foregoing reasons, ENLOE respectfully requests that the Court dismiss the third, fourth, fifth, seventh, and eighth causes of action in the SAC for failure to state a claim for relief.

Dated:   October 1, 2020

                                        /s/ Douglas L. Ropel
                                        BARBARA A. BLACKBURN
                                        DOUGLAS L. ROPEL
                                        LITTLER MENDELSON, P.C.
                                        Attorneys for Defendant
                                        ENLOE MEDICAL CENTER

4822-8514-2731.1 054681.1044

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S REPLY IN SUPPORT OF ITS RULE
12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFF'S
VERIFIED SECOND AMENDED COMPLAINT

10.

CASE NO.:  2:18-cv-00055-KJM-DMC