Dan P. Bailey
1871 Skyway
Chico, California 95928
Telephone: (530) 774-5323
Email: Dan_P_Bailey@hotmail.com

In Propria Persona

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL P. BAILEY,<br><br>            Plaintiff,<br><br>v.<br><br>ENLOE MEDICAL CENTER, and DOES 1 through 50, inclusive,<br><br>            Defendants. | § Case No. 2:28-cv-00055-KJM-CMK<br>§<br>§ **PLAINTIFF'S REQUEST FOR**<br>§ **RECONSIDERATION BY THE**<br>§ **DISTRICT COURT OF**<br>§ **MAGISTRATE JUDGE'S RULING**<br>§ **(ECF NO. 80); EXHIBIT 01,**<br>§ **DECLARATION DAN H. BAILEY;**<br>§ **EXHIBIT 02; and DECLARATION OF**<br>§ **ATTORNREY RONDA BALDWIN-**<br>§ **KENNEDY, ATTACHED**<br>§<br>§ (*RULE 303(c) (Fed. R. Civ. Proc. 72*)<br>§<br>§  Date:<br>§ Time:<br>§ Ctrm:<br>§ Judge: Honorable Dennis M. Cota<br>§ |

TABLE OF CONTENTS

I.    PLAINTIFF DAN P. BAILEY'S OBJECTIONS TO MAGISTRATE'S MARCH 15, 2021, ORDER [ECF NO. 80] ....................................................................................... 5

II.    BACKGROUND ................................................................................................... 5

III.    LEGAL STANDARD TO EXTEND OR ENLARGE TIME ............................. 7

   After Deadline (FRCP 6(b)(1)(B))........................................................................ 7

      THE GOLDEN RULE CONTROLS ALL FORMS OF PLEADINGS ............................... 9

"Pleadings must be construed so as to do justice." (Fed. Rules Civ.Proc., rule 8, 28 U.S.C.A.)..................................................................................................... 9

IV.    OBJECTIONS TO [ECF NO. 80] ....................................................................... 9

OBJECTION 1: Plaintiff objects to the Honorable Dennis M. Cota's denial of Plaintiffs' reasonable (justified under the circumstances) request to extend the time to object to the Magistrate's Findings and Recommendations........................................................... 9

Excusable Neglect Legal Standard ................................................................... 10

OBJECTION 2: Plaintiff objects to the Honorable Magistrate Judge Dennis M. Cota's denial of additional time to consult counsel, regarding the Magistrate's Finding and Recommendations (ECF No. 75)........................................................................... 14

Legal Standard ................................................................................................. 14

OBJECTION 3: Plaintiff objects to the Honorable Magistrate Judge Dennis M. Cota's arbitrary denial of the extension of time forecloses Plaintiff's right file objections to Magistrates F&R, or to appeal the summary dismissal of Plaintiff's third, fourth, fifth, seventh, and eighth causes of action (ECF No. 75) ............................................................. 16

V.    STANDARD OF REVIEW ................................................................................ 19

VI.    CONCLUSION.................................................................................................. 20

**Cases**

Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir.2000) ...................................... 12

Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 108 (1st Cir.1995)................................... 9

Blair v. Beech Aircraft *Corp.,* 104 F.R.D. 21 (W.D.Pa.1984).................................................... 11

Boag v. MacDougall, 454 U.S. 364, 365 ................................................................................... 19

Builders Corp. of America v. U.S., C.A.9 (Cal.) 1958, 259 F.2d 766........................................ 18

Cohen v. Board of Trs. of the Univ. of the Dist. of Columbia, 819 F.3d 476, 479 (D.C.Cir.2016)7

Committee for Idaho's High Desert, Inc. v. Yost (9th Cir. 1996) 92 F.3d 814, 825) .................. 11

Committee for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 825 n.4 (9th Cir.1996) ............... 7

De Franco v. U. S., S.D.Cal.1955, 18 F.R.D. 156 ..................................................................... 18

Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 558 (7th Cir.1996) ........................................ 7

Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986) ................................................................ 19

Ferdik v. Bonzelet (9th Cir. 1992) 963 F.2d 1258, 1260 ........................................................... 20

Ferdik v. Bonzelet (9th Cir. 1992) 963 F.2d 1258, 1261 ........................................................... 20

Fidelity Federal Sav. and Loan Ass'n v. Felicetti (E.D. Pa. 1993) 148 F.R.D. 532, 533) ............ 11

Fowler v. Jones, 899 F.2d 1088, 1094 (11th Cir.1990) ......................................................... 8, 11

Green v. Corizon Health Services (D. Ariz., Apr. 27, 2020, No. CV-18-00068-TUC-RM) 2020
    WL 1984023, at *1 .............................................................................................................. 12

Haines v. Kerner, 404 U.S. 519,520 ......................................................................................... 10

Haines v. Kerner, 404 U.S. 519,520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)........................ 14

Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990) ..... 20

Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1047–48 (8th Cir.2010)............................... 8

Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)....................................................... 20

Huggins v. FedEx Ground Package Sys., 592 F.3d 853, 856 (8th Cir.2010) ................................ 7

Hughes v. Rowe (1980) 449 U.S. 5, 9 ....................................................................................... 14

Hughes v. Rowe, 449 U.S. 5, 9.................................................................................................. 19

In re Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) ................................................ 20

Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988) .......................... 20

Kyle v. Campbell Soup Co., 28 F.3d 928, 931–32 (9th Cir.1994) ............................ 9, 11

McCormick v. Wood, S.D.N.Y.1957, 156 F.Supp. 483 ........................................ 18

MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995) ................ 8, 11

McIntosh v. Antonino, 71 F.3d 29, 38 & n.8 (1st Cir.1995) ................................... 8

Noll v. Carlson,, 809 F.2d 1446, 1448 (9th Cir.1987) ....................................... 19

Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir.1995) ............................ 8, 11

Payne v. Tennessee, 501 U.S. 808, 842 (1991) ............................................. 20

Perez-Denison v. Kaiser Foundation Health Plan of the Northwest (D. Or. 2012) 868 F.Supp.2d
   1065, 1078) ...................................................................... 12

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)............. 12

Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380 (1993)................................ 7

Platsky v. C.I.A. 953 F.2d. 25 ........................................................... 20

Rashid v. Delta State Univ., 306 F.R.D. 530, 533 (N.D.Miss.2015)............................. 7

Steel v. Alma Pub. Sch. Dist., 162 F.Supp.2d 1083, 1084 (W.D.Ark.2001).................... 8

Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647 ..................................... 20

Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 454 (1st Cir.1995) .................. 7

Willy v. Coastal Corp., 503 U.S. 131, 135 (1992)......................................... 20

**Statutes**

28 U.S.C. § 636(b)(1) .................................................................. 19

28 U.S.C.A § 636(b)(1)(A) (West) ..................................................... 19

Fed. R. Civ. P. 6(b) .................................................................. 12

Fed. R. Civ. P. 72(b)(3)............................................................... 19

Fed. Rules Civ.Proc., rule 6, 28 U.S.C.A. ............................................... 11

Fed. Rules Civ.Proc., rule 8, 28 U.S.C.A. ............................................... 9

Fed.R.Civ.P. 6(b)(2).................................................................. 11

FRCP 6(b)(1)(B) ...................................................................... 7

PLAINTIFF'S REPLY TO OPPOSITION EXTEND/ENLARGE TIME          2:18-cv-00055-KJM-CMK

## I.   PLAINTIFF DAN P. BAILEY'S OBJECTIONS TO MAGISTRATE'S MARCH 15, 2021, ORDER [ECF NO. 80]

Plaintiff relies on: **1)** PLAINTIFF MOTION TO EXTEND TIME TO FILE OBJECTIONS TO MAGISTRATES FINDINGS AND RECOMMENDATIONS (ECF No. 75) and **2)** PLAINTIFF's 1st AMENDED [*after deadline*] MOTION TO EXEND TIME TO FILE OBJECTIONS TO MAGISTRATES' FINDINGS AND RECOMMENDATIONS & *Exhibit 01*, PLAINTIFF DAN P. BAILEY'S DECLARATION IN SUPPORT … attached or appended to ECF No. 75. (ECF No. 75)

Defendant's opposition to Plaintiff's reasonable request to extend time relies on: **1)** "DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE OBJECTION (ECF No. 78 & 78-1); and **2)** "AMENDED – SIGNATURE ADDED ONLY DECLARATION OF DOUGLAS L. ROPEL IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME FO FILE OBJECTIONS. (ECF No. 79)

As Plaintiff previously plead additional legal research was needed to respond meaningfully to the Defendants motion authorized by Federal Rule of Civil Procedure 6(b)(1)(A or (B).

Further, additional time was needed to consult with an attorney regarding the Defendant's motion to dismiss five (5) out of eight (8) causes of action.

## II.   BACKGROUND

This action proceeds on Plaintiff's Second Amended Complaint. Plaintiff's original complaint was filed in the Butte County Superior Court on December 11, 2017, and removed to this Court by Defendant based on a federal question jurisdiction. See ECF No. 1-1 (Exhibit A attached to defendants' notice of Removal). On May 28, 2020, the Honorable Magistrate Dennis M. Cota signed an order, 1) granting Plaintiff's motion of leave to file Plaintiff's First Amended Complaint 2) ordered the Clerk to file Plaintiff's proposed first amended complaint, ECF No. 50-1, pgs. 7-38 as of February 11, 2020, 3) Plaintiff's first amended complaint was dismissed with leave to amend 4) Plaintiff shall file a second amended complaint within 30 days 5) Defendant

shall file a response to plaintiff's second amended complaint within 30 days of service thereof 6) "because the Court has re-opended the pleading stage of this litigation, **the matter is no longer at issue on plaintiff's original complaint** and, as a result, Defendants motion for summary judgment [ECF No. 32] based in **claims raised in the original complaint is no longer properly before the Court and is stricken**… 7) upon the filing of an answer to any second amended complaint, the Court will issue an order re-opening discovery as to the new defamation claim only and setting a new dispositive motion filing deadline. (ECF No. 59, pg. 4-5) On June 29, 2020, Plaintiff filed a SECOND AMENDED COMPLAINT. (ECF, Dkt. 61) On August 03, 2020, Defendant filed a Motion to Dismiss with Motion Hearing set for September 02, 2020. (ECF, Dkt. 62) On August 13, 2020, the Honorable Magistrate Judge Dennis M. Cota filed an ORDER Vacating the 9/2/2020 hearing and directed opposition to the Motion to dismiss was due 8/19/2020 and any reply due 8/26/2020. (ECF, Dkt. 63) On August 25, 2020, Plaintiff filed a motion for 21-DAY EXTENSION OF TIME. (ECF No. 64) On September 03, 2020, THE Magistrate signed an order GRANTING Plaintiffs Motion to Extend. (ECF No. 65) On September 09, 2020, Plaintiff filed a second request to extend the time three days. (ECF No. 66) On September 09, 2020, Plaintiff filed an AMENDED MOTION to extend time. (ECF No. 67) On September  12, 2020, Plaintiff filed a memorandum in response to Defendant's motion to dismiss. ECF No. 68) On September 14, 2020, the Honorable Magistrate granted sue sponte 15 days to September 24, 2020, to file an opposition. (ECF No. 69) On October 01, 2020, Defendant filed a reply. (ECF No. 70) On October 09, 2020, Plaintiff filed for an application to file an overlength brief in opposition to Defendant's reply. (ECF No. 71) On October 09, 2020, Plaintiff filed an amended application for leave to file a sur-reply. (ECF No. 72) On February 10, 2021, the Honorable Dennis M. Cota signed an order granting Plaintiff's application for an over-length brief. (ECF No. 73) On February 10, 2021, the Honorable Dennis M. Cota denied Plaintiff's application to file sur-reply. (ECF No. 74) On February 23, 2021, the Honorable Dennie M. Cota issued his Findings and Recommendation regarding Defendant's motion to dismiss ECF No. 62. On March 10, 2021, Plaintiff filed a motion for a thirty-day extension of time regarding ECF No. 75. On March 11, 2021 Plaintiff realizing after he filed the motion to extend/enlarge time that he

PLAINTIFF'S REPLY TO OPPOSITION EXTEND/ENLARGE TIME          2:18-cv-00055-KJM-CMK

1 missed the deadline thus, filed "Plaintiff's 1st *Amended* Motion to Extend Time to File

2 Objections to Magistrate Findings and Recommendation. (ECF No. 77) On March 12, 2021,

3 titled "DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR EXTENSION OF

4 TIME TO FILE OBJECTION." (ECF No. 78) Also on the same day, March 12, 2021, Defendant

5 filed a document titled "*AMENDED – SIGNATURE ADDED ONLY* DECLARATION OF

6 DOUGLAS L. ROPEL IN SUPPORT TO PLAINTIFF'S REQUEST FOR EXTENSION OF

7 TIME FO FILE OBJECTIONS.

8      On March 15, 2021, the Honorable Dennis M. Cota issued an order denying the motions

9 to extend the time regarding ECF No. 76-77, ruling:

> "In his motions, Plaintiff states that an extension of time is warranted for two
> reasons. First, Plaintiff contends that his father, who is assisting him with his case,
> incorrectly calendared the due date for Plaintiff's objections. Second, Plaintiff
> asserts that additional time is required in order to allow him to retain counsel. The
> Court finds neither reason establishes good cause for an extension of time. Plaintiff
> – not his father – is responsible for monitoring the deadlines in his case. Further,
> Plaintiff has had ample opportunity to retain counsel." (ECF No. 80)

## III.      LEGAL STANDARD TO EXTEND OR ENLARGE TIME

## After Deadline (FRCP 6(b)(1)(B))

     If the party asks for additional time after the deadline, the party should show good cause

and that the failure to act is the result of "excusable neglect." FRCP 6(b)(1)(B); Cohen v. Board

of Trs. of the Univ. of the Dist. of Columbia, 819 F.3d 476, 479 (D.C.Cir.2016); Huggins v.

FedEx Ground Package Sys., 592 F.3d 853, 856 (8th Cir.2010); Rashid v. Delta State Univ., 306

F.R.D. 530, 533 (N.D.Miss.2015); see Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 558

(7th Cir.1996). In Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380 (1993), a bankruptcy

case, the Supreme Court expanded the definition of excusable neglect; thus, when determining

what constitutes excusable neglect, avoid cases that predate Pioneer. See Committee for Idaho's

High Desert, Inc. v. Yost, 92 F.3d 814, 825 n.4 (9th Cir.1996) (Pioneer's analysis of excusable

neglect applies to FRCP 6(b)). <u>A determination of excusable neglect takes into account all

relevant circumstances surrounding the party's omission</u>. Pioneer Inv., 507 U.S. at 395

[Emphasis added]; Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 454 (1st Cir.1995). In

Pioneer, the Supreme Court identified a nonexclusive list of factors the district court should

consider when determining excusable neglect: (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Pioneer Inv., 507 U.S. at 395; Cohen, 819 F.3d at 479; Rashid, 306 F.R.D. at 533; see MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995) (excusable neglect requires demonstration of good faith by party seeking extension and some reasonable basis for noncompliance within time specified in rules). The motion to extend time should address the Pioneer factors:

(a) No prejudice. The motion should state that the other party will not be prejudiced by the extension and give reasons why.

(b) Length of delay & impact. The motion should identify the length of the delay and state that its potential impact on judicial proceedings is insignificant. See Fowler v. Jones, 899 F.2d 1088, 1094 (11th Cir.1990). If possible, the motion should explain how the court's schedule can be rearranged to eliminate or minimize any inconvenience that may be caused by the delay.

(c) Reason for delay. The motion should identify the reason for the delay. See Cohen, 819 F.3d at 479–80. Excusable neglect will excuse delays caused by circumstances beyond the movant's control and may excuse the mistake, inadvertence, or carelessness of the party or its attorney. Pioneer Inv., 507 U.S. at 388; Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir.1995); see, e.g., Steel v. Alma Pub. Sch. Dist., 162 F.Supp.2d 1083, 1084 (W.D.Ark.2001) (court granted attorney's motion to extend time for responding to motions to dismiss because delay in receiving motions was caused by attorney's change of address).

Although Pioneer construed excusable neglect to include an attorney's negligence, the circuits seldom permit a party to escape the effects of its attorney's negligence. See, e.g., Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1047–48 (8th Cir.2010) (fact that attorney was occupied with other hearings was not excusable neglect); Yost, 92 F.3d at 824 (attorney's unfamiliarity with amended local and federal rules was not excusable neglect); McIntosh v. Antonino, 71 F.3d 29, 38 & n.8 (1st Cir.1995) (fact that attorney was suddenly called out of town on other business on last day of extension period was not excusable neglect); Kyle v. Campbell Soup Co., 28 F.3d

928, 931–32 (9th Cir.1994) (attorney's miscalculation of time after service was not excusable neglect). But see Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 108 (1st Cir.1995) (court of appeals changed order of dismissal with prejudice to dismissal without prejudice after attorney missed hearing because of serious illness).

(d) Good faith. The motion should state that the movant acted in good faith and should relate facts supporting that statement. See MCI Telecomms., 71 F.3d at 1097.

**THE GOLDEN RULE CONTROLS ALL FORMS OF PLEADINGS**

**"Pleadings must be construed so as to do justice." (Fed. Rules Civ.Proc., rule 8, 28 U.S.C.A.)**

**IV.    OBJECTIONS TO [ECF NO. 80]**

**OBJECTION 1: Plaintiff objects to the Honorable Dennis M. Cota's denial of Plaintiffs' reasonable (justified under the circumstances) request to extend the time to object to the Magistrate's Findings and Recommendations.**

The Magistrate's order is in error and contrary to law and/or the ends of justice and/or substantial justice[1], regarding the Magistrates' order denying Plaintiff's motion to extend the time to file objections to Magistrates Findings and Recommendations (ECF No. 75) was reasonable under the circumstances.

Plaintiff acknowledges he understood that the Federal Rule of Civil Procedure and the Eastern District Local Rules apply to him as a Pro Se Litigant, and has from the onset of this instant action _tried_ in good faith to comply with the court rules.

Plainntiff avers the

However, that said Plaintiff is employed full time (normal six, eight-hour days a week) working in the funeral industry. Trying to maintain full-time employment and the instant action at the same time is extremely burdensome and makes meeting the procedural timelines very difficult.

---

[1] - **substantial justice.** (17c) Justice fairly administered according to rules of substantive law, regardless of any procedural errors not affecting the litigant's substantive rights; a fair trial on the merits. (JUSTICE, Black's Law Dictionary (11th ed. 2019))

1  Plaintiff does not have the financial resources to hire an attorney or a qualified legal

2  secretary/paralegal to assist in scheduling in this matter. Further, due to COVID-19 this time

3  demands making sales in his work have been greatly complicated and time-consuming.

4  Out of financial necessity, Plaintiff relies on his father who has limited experience in legal

5  research thus, Plaintiff cannot match Defendant's large trained legal firm with on staff attorneys',

6  secretaries, and paralegals.

7  Plaintiff is a Pro Se Litigant thus "[i]t is settled law that the allegations of such a

8  complaint, "however inartfully pleaded" are held **to less stringent standards than formal

9  pleadings drafted by lawyers...."** Haines v. Kerner, 404 U.S. 519,520, 92 S.Ct. 594, 595, 30

10  L.Ed.2d 652 (1972). (Hughes v. Rowe (1980) 449 U.S. 5, 9 [101 S.Ct. 173, 176, 66 L.Ed.2d

11  163]) Therefore, it was erroneous and contrary to the law because the Magistrate did not construe

12  Plaintiff's pleadings liberally and instead elevated form over substance in violation of *Haines v.*

13  *Kerner*.

14  The March 10th date later **proved to be a mistake**, off by one day which was quickly

15  corrected the following day by refiling PLAINTIFF'S 1st AMENDED [*after deadline*] MOTION

16  TO EXTEND TIME TO FILE OBJECTION TO MAGISTRATES' FINDINGS AND

17  RECOMMENDATIONS." (ECF No. 75)

18  An after the deadline for "excusable neglect" is discretionary and authorized in the

19  interest of justice.

20  **Excusable Neglect Legal Standard**

21  (b) Extending Time.

22  (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

23

24  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

25  (B) **on motion made after the time has expired if the party failed to act because of excusable neglect**.

26

27  Fed. Rules Civ.Proc., rule 6, 28 U.S.C.A.

28  Pursuant to Rule 6 of the Federal Rules of Civil Procedure the court may exercise its discretion to accept motion papers filed outside the established time period

where such failure was the result of excusable neglect. Fed.R.Civ.P. 6(b)(2); *see* Blair v. Beech Aircraft *Corp.,* 104 F.R.D. 21 (W.D.Pa.1984). <u>In this case, **Iatarola defendants' response was only one business day late** and, according to the argument of counsel, was the result of counsel's inadvertent miscalculation of the response date.</u> In light of the hardship which could enure to the Iatarola defendants if our January 27, 1993 order were to remain standing and defense counsel's lack of bad faith in his untimeliness, we will grant the motion for reconsideration and will address plaintiffs' motion to compel on the merits. (Fidelity Federal Sav. and Loan Ass'n v. Felicetti (E.D. Pa. 1993) 148 F.R.D. 532, 533) [Emphasis added]

While *Pioneer* involved Bankruptcy Rule 9006(b), the Court's analysis was based on the plain meaning of the phrase "**excusable neglect**" and drew on its use in other procedural contexts, including Fed.R.Civ.P. 6(b) and Fed.R.Crim.P. 45(b). This court has held that the Court's analysis of "excusable neglect" in *Pioneer* applies to the use of that phrase in Fed.R.App.P. 4(a)(5). Reynolds v. Wagner, 55 F.3d 1426, 1429 (9th Cir.), *cert. denied,* 516 U.S. 932, 116 S.Ct. 339, 133 L.Ed.2d 237 (1995). The same decision suggests that the analysis applies to Fed.R.Civ.P. 6(b) as well. (Committee for Idaho's High Desert, Inc. v. Yost (9th Cir. 1996) 92 F.3d 814, 825)

<u>In Pioneer, the Supreme Court identified a nonexclusive list of factors the district court should consider when determining excusable neglect: (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control</u> of the movant, and (4) whether the movant acted in good faith. Pioneer Inv., 507 U.S. at 395; Cohen, 819 F.3d at 479; Rashid, 306 F.R.D. at 533; see MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995) (excusable neglect requires demonstration of good faith by party seeking extension and some reasonable basis for noncompliance within time specified in rules). The motion to extend time should address the Pioneer factors:

(a) **No prejudice.** The motion should state that the other party will not be prejudiced by the extension and give reasons why.

(b) **Length of delay & impact.** The motion should identify the length of the delay and state that its potential impact on judicial proceedings is insignificant. See Fowler v. Jones, 899 F.2d 1088, 1094 (11th Cir.1990). If possible, the motion should explain how the court's schedule can be rearranged to eliminate or minimize any inconvenience that may be caused by the delay.

(c) **Reason for delay.** The motion should identify the reason for the delay. See Cohen, 819 F.3d at 479–80. Excusable neglect will excuse delays caused by circumstances beyond the movant's control **and may excuse the mistake[ [2] ], inadvertence[3], or carelessness[4] of the party or its attorney**. Pioneer Inv., 507 U.S. at 388; Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir.1995); Kyle v. Campbell Soup Co., 28 F.3d 928, 931–32 (9th Cir.1994)

---

[2] **Mistake. - honest mistake.** (17c) A mistake made unintentionally. (MISTAKE, Black's Law Dictionary (11th ed. 2019))

[3] **Inadvertence. 1:** the fact or action of being <u>inadvertent</u> **2:** a result of inattention **:** OVERSIGHT (Inadvertence | Definition of Inadvertence by Merriam-Webster (merriam-webster.com)

[4]

PLAINTIFF'S REPLY TO OPPOSITION EXTEND/ENLARGE TIME          2:18-cv-00055-KJM-CMK

(d) **Good faith.** The motion should state that the movant acted in good faith and should relate facts supporting that statement. See MCI Telecomms., 71 F.3d at 1097.

A court may extend the time for a party to act "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The determination of whether neglect is excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Such factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, <u>and whether the movant acted in good faith.</u>" <em>Id.</em> <u>Where the failure to act was the result of excusable neglect, the Court is permitted to accept late filings</u> **caused by inadvertence, mistake, or carelessness**. <em>Id.</em> at 388.

The Court finds that Defendant has shown that the untimely filing of the Reply was the result of excusable neglect. The Court has not yet issued a ruling on the Motion for Summary Judgment. **<u>Therefore, the three-month delay in filing the Reply has, if any, a slight impact on judicial proceedings and creates mild, if any, prejudice to Plaintiff</u>**. <u>Although Plaintiff opposes the request, he has not shown that the late filing would cause prejudice or have a substantial impact on the proceedings. Moreover, **there is no evidence that Defendant has acted in bad faith**. Absent some countervailing factor not present here, a party's late filing as a result of inadvertence or carelessness is properly characterized as excusable neglect and is therefore permissible under Fed. R. Civ. P. 6(b).</u> (Green v. Corizon Health Services (D. Ariz., Apr. 27, 2020, No. CV-18-00068-TUC-RM) 2020 WL 1984023, at *1)

In determining whether neglect is excusable, the court considers four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir.2000). (Perez-Denison v. Kaiser Foundation Health Plan of the Northwest (D. Or. 2012) 868 F.Supp.2d 1065, 1078)

The Magistrate's order (ECF No. 80) failed to address the four factors in Perez-Denison v. Kaiser *id.*

The Magistrate errored in not considering the factors set out in Perez-Denison v. Kaiser or factors order no findings that the one-day finding that the Plaintiff would **<u>1)</u>** be prejudice by the one day after deadline mistake, requesting an extension of time, **<u>2)</u>** or that the mistake had caused an unnecessary delay, **<u>3)</u>** or the mistake was anything other than an inadvertent or

1   "innocent trespass"[5] on the court rules, **4)** or most importantly a finding that the Plaintiff acted in

2   bad faith.

3        Plaintiff understands missing the before the deadline to file for an extension of time

4   unquestionably offends the courts' rules which are intended to facilitate the smooth and orderly

5   business of the court, but Plaintiff avers they are not a license to thwart equity and the ends of

6   justice.

7        Regarding the missed deadline(s) Plaintiff and his assistant were aware of the rule, and

8   the deadline due date and apologizes to the Court and Defendant.

9        However, that said Plaintiff's avers his father, inadvertently made a mistake putting the

10  date in his phone calendar.

11       The instant motion for reconsideration is specific to the Magistrates denying the

12  Plaintiff's requested extension of time to file objections to the Magistrates Findings and

13  Recommendation.

14       The underlying reason or need for the extension was critical to Plaintiff's cause of action,

15  and made in good faith and not intended to delay, harass or annoy Court or Defendant.

16       As the Magistrate correctly noted the Plaintiff sought the extension of time "in his

17  motions, Plaintiff states that an extension of time is warranted for two reasons."

18       1.  "First, Plaintiff contends that his father, who is assisting him with his case,

19           incorrectly calendared the due date for Plaintiff's objections."

20       2.  "Second, Plaintiff asserts that additional time is required in order to allow him to

21           retain[6] counsel."

22

23

24  [5] **Innocent Trespass.**  A trespass to land, [or statutes and rules] committed, not recklessly, but through inadvertence
    or mistake, or in good faith, under an honest belief that the trespasser was acting within his legal rights. Elk Garden

25  Big Vein Mining CO. V. Gerstell, 100 W.Va. 472, 131 S.E. 152, 153.  (**Black's Law Dictionary, 4th ed.,** (1968)
    pg. 927, col. 1)

26  [6] The Magisrtates order misstates Plaintiff request regarding "retain[ing]" counsel. ¶4. Plaintiff's request to Extend
    Time  stated: "Plaintiff concludes he has good cause to seek the assistance of an attorney to evaluate the legal issues

27  raised regarding 1) Plaintiff's 2nd Amended Complaint; 2) Defendant's Motion to Dismiss; 3) Plaintiff's
    Memorandum in Response; Defendants Reply; 5) Plaintiff's Application for Leave to File Sir Reply; and 6)

28  Magistrates Findings and Recommendations. ¶5. Plaintiff believes  his request to extent time for Plaintiff to seek
    counsel is also reasonable unter the circumstances. (ECF No. 76)

PLAINTIFF'S REPLY TO OPPOSITION EXTEND/ENLARGE TIME            2:18-cv-00055-KJM-CMK

The Magistrate's Order [ECF No. 80] is erroneous and contrary to the law and substantially contravenes the ends of justice.

**OBJECTION 2: Plaintiff objects to the Honorable Magistrate Judge Dennis M. Cota's denial of additional time to consult counsel, regarding the Magistrate's Finding and Recommendations (ECF No. 75)**

Plaintiff incorporates *OBJECTION 1* herein and restates it in its entirety as if it were fully realleged herein.

The Magistrate's order is in error and contrary to law and/or the <u>ends of justice and/or substantial justice</u>[7], regarding the Magistrates' order denying Plaintiff's motion to extend the time to file objections to Magistrates Findings and Recommendations (ECF No. 75) was reasonable under the circumstances. Plaintiff avers the Magistrate errored in not considering the factors set out in Perez-Denison v. Kaiser by not considering whether the mistake of one-day out of time whether the Defendant would **1)** be prejudice by the one day after deadline mistake, requesting extension of time, **2)** or that the mistake had caused an unnecessary delay, **3)** or the mistake was anything other than an inadvertent or "innocent trespass"[1] on the court rules, **4)** or most importantly a finding that the Plaintiff acted in bad faith.

**Legal Standard**

Plaintiff is a Pro Se Litigant thus "[i]t is settled law that the allegations of such a complaint, "however inartfully pleaded" are held **"to less stringent standards than formal pleadings drafted by lawyers...."** Haines v. Kerner, 404 U.S. 519,520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). (Hughes v. Rowe (1980) 449 U.S. 5, 9 [101 S.Ct. 173, 176, 66 L.Ed.2d 163]) Therefore, it was erroneous and contrary to the law because the Magistrate did not construe Plaintiff's pleadings liberally and instead elevated form over substance in violation of *Haines v. Kerner*.

---

[7] - **substantial justice.** (17c) Justice fairly administered according to rules of substantive law, regardless of any procedural errors not affecting the litigant's substantive rights; a fair trial on the merits. (JUSTICE, Black's Law Dictionary (11th ed. 2019))

Even Defendant's counsel has argued for the need for extended deposition time do to the "factual complexity" of this action as recognized in the Magistrates Order:

> "*Defendant argues the factual complexity of plaintiff's claims for wrongful termination from employment spanning 10 years as well as plaintiff's pro se status which will necessitate frequent explanations require the court to allow additional time for plaintiff's deposition.*" (ECF No. 23, <u>ORDER</u> @ pg. 2, ln. 16-19)

Plaintiff avers the Magistrate finding was in error when he found that:

> "*... Plaintiff asserts that additional time is required in order to allow him to retain counsel ... Further, Plaintiff has had ample opportunity to retain counsel.*" (ECF No. 80)

The Magistrates Findings and Recommendations is a twenty-nine (29) page that contains multiple and substantial factual and legal issues that cannot be addressed with a few simple objections. Plaintiff avers that he has a good faith and good cause need to consult an attorney regarding the factual and legal issue.

The Magistrate's Order [ECF No. 80] is erroneous, contrary to the law and substantial justice violating a fundamental of a substantial due process right; namely, reasonable time as a Pro Se to consult an attorney.

First, is the Magistrates, finding (opinion) that Plaintiff has "ample opportunity" to consult an attorney referring to the 14 days allowed to file objections to the F&R. Or, more likely is he referring to the overall period from the filing of the case through March 29, 2021. Either way, Plaintiff avers the finding it is not reasonable under the circumstances in denying a reasonable extension of time to consult counsel. Plaintiff's reaching out regarding the Magistrates' Finding and Recommendations was diligently pursued in good faith.

That said, Plaintiff had diligently, in good-faith sought consultation with an attorney. On or about February 12th, 2021, Plaintiff's assistant Dan H. Bailey was in a phone conference with Mr. Gavin Mehl, an assistant to attorney Ronda N. Baldwin-Kennedy in an un-related matter and first raised the possibility of having a consultation with Ms. Kennedy relating to the instant action.

On February 23, 2021, Plaintiff received the Magistrate's Findings and Recommendations (ECF No. 75)

February 28, 2021, Plaintiff, after a brief discussion with Mr. Mehl regarding Bailey v. Enloe and followed up by uploading to Google Drive the Plaintiff's original complaint and second amended complaint to review. (See **Exhibit 01**, Affidavit of Dan H. Bailey, @ ¶5)

On March 10, 2021, Plaintiff filed the before-deadline request to extend one day out of time. (ECF No. 76)

On March 11, 2021, Plaintiff filed 1st Amended Motion to Extend Time to File Objections to Magistrates' Findings and Recommendations ECF No. 75. (ECF No. 77)

On March 12, 2021, Plaintiff and his assistant had a pre-screening phone conference lasting about two hours discussing the facts of the case with Mr. Gavin Mehl.

As the result of this phone, conference Plaintiff has an upcoming in-person meeting to discuss the Magistrates F&R, the case history, and a possible retainer agreement. (See **Exhibit 02**, Declaration of Ronda N. Baldwin-Kennedy)

Plaintiff further avers the avoidance of retaining an attorney to date has been one of necessity and not merely to harass, annoy, hinder or delay the trial. Thus, Plaintiff has acted timely and in good-faith regarding consultation with counsel.

The Magistrate's Order [ECF No. 80] is erroneous and contrary to the law and substantially contravenes the ends of justice.

**OBJECTION 3: Plaintiff objects to the Honorable Magistrate Judge Dennis M. Cota's arbitrary denial of the extension of time forecloses Plaintiff's right file objections to Magistrates F&R, or to appeal the summary dismissal of Plaintiff's third, fourth, fifth, seventh, and eighth causes of action (ECF No. 75)**

Plaintiff incorporates *OBJECTIONS 1&2* herein and restates it in its entirety as if it were fully realleged herein.

The importance of this denial of the right to extend the time has the net effect of erroneously striking five (5) of eight (8) causes of action. This is over one-half (½) of Plaintiff's

2nd Amended Complaint [ECF No. 61] without recourse defeating the ends of justice and/o

substantial justice; creating a denial of due process[8].

The Magistrate's Findings and Recommendation (ECF No. 75) raised multiple complex

or technical issues of fact and law. Thus, Plaintiff sought a reasonable 30-day extension of time

to 1) do additional legal research and 2) to consult the counsel of an attorney. Without attempting

to file complete objections to the Magistrate's Findings and Recommendations it should be noted

that serious impact the substantial due process rights of the plaintiff's causes be heard on the

merits. In the Magistrates conclusion he recommends:

1. **Defendant's motion to dismiss ECF No. 62, be granted**;

2. **Plaintiff's third, fourth, and fifth claims be dismissed with prejudice**;

3. Plaintiff's seventh claim based on statements made to Plaintiff's union representatives, statements made to the California Employment Development Department, and statements made to the California Health and Human Services Agency claim **be dismissed with prejudice**;

4. Plaintiff's seventh claim based on statements made to Cal Fire be dismissed with leave to amend;

5. **Plaintiff's eighth claim be dismissed with prejudice** as duplicative; and

6. Plaintiff be permitted to: (i) file a third amended complaint to cure the defects identified herein as to his seventh claim based on statements made to Cal Fire; or (ii) elect to voluntarily dismiss the remainder of the seventh claim and proceed solely on the first, second, and sixth claims for relief as alleged in the second amended complaint.

Plaintiff has not consented to the Magistrate presiding over all aspects of litigation

pursuant to Fed. Civ. P 73 in the instant case. Pursuant to the Magistrate Act, a Magistrate is

not permitted to rule on dispositive matters in Plaintiff's case unless the parties' consent which

---

[8] **- due process.** (16c) The conduct of legal proceedins accouring to established rules and principles for the protection of rights, including notice and the right to a fair hearing before a tribunal with the power to decide the case. — Also termed *due process of law*; *due course of law*. See fundamental-fairness doctrine.

"The words '*due process*' have a precise technical import, and are only applicable to the process and proceedings of the courts of justice; they can never be referred to an act of legislature." Alexander Hamilton, Remarks on an Act for Regulating Elections, New York Assembly, 6 Feb. 1787, in 4 *Papers of Alexander Hamilton* 34, 35 (Harold C. Syrett ed., 1962).

"The words, 'due process of law,' were undoubtedly intended to convey the same meaning as the words, 'by the law of the land,' in *Magna Charta*." *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. (18 How.) 272, 276 (1856).

(DUE PROCESS, Black's Law Dictionary (11th ed. 2019))

they have not. See Fed. R. Civ P 72(b). Although the Magistrate's order [ECF No. 80] appears to rule on non-dispositive issues i.e., extensions of time, continuances, technical rule violations, etc.; the ECF No. 80 order clearly has a dispositive effect on Plaintiff's case. As it stands now Plaintiff is barred from filing an objection to the Magistrates Findings and Recommendation [ECF No. 75] which clearly have a dispositive effect in striking five (5) out of eight (8) causes of action; thus also barred from appellant review.

Since a Magistrate is not an Article III Judge, he does not have subject matter jurisdiction to rule on anything dispositive whether it is traditional dispositive pleading pursuant to Rule 12 or Rule 56; or whether the order was <u>dispositive in *nature*</u>, or even if the order had <u>a dispositive *effect*</u> on the case. Because a Magistrate has no jurisdiction, or the Magistrate has exceeded his jurisdiction in violation of the Magistrate Act and Rule 72(b). The Magistrate's Order[ECF No. 80] is erroneous, contrary to the law contravenes substancial justice or the ends of justice. Further, it offends FRCP 1 which provides "[t]hese rules govern the procedure on all civil actions and … [t]hey should be construed, and administered, and employed by the court and the parties in secure **the just**, speedy and inexpensive determination of every action and proceeding." [Emphasis added]

The Spirit of these rules is that technical requirements are abolished and that judgments should be founded on facts and **not on formalistic defects**. Builders Corp. of America v. U.S., C.A.9 (Cal.) 1958, 259 F.2d 766. These rules are designed to discourage battles over mere form and to sweep away needless controversies that serve either to delay a trial on the merits or to deny a party his day in court because of technical defects in the pleadings. McCormick v. Wood, S.D.N.Y.1957, 156 F.Supp. 483. General-purpose of these rules is to see that actions are tried on merits and <u>to dispense with technical procedural problems</u>. De Franco v. U. S., S.D.Cal.1955, 18 F.R.D. 156.

The Magistrate's order has a dispositive effect on Plaintiff's case because he is now barred from filing his objections to the Magistrates F & R or appealing the dispositive matter striking five (5) out eight (8) causes of action.

The Magistrate's Order [ECF No. 80] is erroneous and contrary to the law and <u>ends of justice and/or substantial justice</u>.

## V.   STANDARD OF REVIEW

A Magistrate has no authority to make a dispositive ruling regarding a motion to dismiss. The Magistrate Act codified in 28 U.S.C. § 636 provides in pertinent part: (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, **except a motion** for injunctive relief, for judgment on the pleadings, for summary judgment, **to dismiss** or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. (28 U.S.C.A § 636(b)(1)(A) (West)) [Emphasis added]

If a party timely objects to the magistrate judge's recommendations or findings, the district court must determine de novo any part of the objectionable portions of the recommendations or findings. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may also receive additional evidence or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Moreover, in deciding whether the district court abused its discretion in dismissing five (5) out of eight (8) causes of action, in this case, we also are mindful of Supreme Court precedent that instructs federal courts liberally to construe the "inartful pleading" of pro se litigants. Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980); Noll v. Carlson,, 809 F.2d 1446, 1448 (9th Cir.1987); see Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986) (should treat pro se litigants with great leniency when evaluating compliance with the

technical rules of civil procedure). Ferdik v. Bonzelet (9th Cir. 1992) 963 F.2d 1258, 1261, as amended (May 22, 1992)

In civil rights cases where the plaintiff [or defendant] appears pro se, the court must construe pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). In re Haines v. Kerner, 404 U.S. 519-421, the United States Supreme Court ruled that pro se litigants [Plaintiff Bailey is a pro se litigant] are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims; Platsky v. C.I.A. 953 F.2d. 25 court errs if the court dismisses the pro se litigant [Plaintiff Bailey's (part or all) of complaint] without the instruction of how pleadings are deficient and how to repair pleadings; In re Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring), litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated; and, statements of counsel, in their briefs or their arguments, are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.

**[D]ismissal of five (5) out of eight (8) causes of action is a harsh penalty and, therefore, it should only be imposed in extreme circumstances**. See Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986); Ferdik v. Bonzelet (9th Cir. 1992) 963 F.2d 1258, 1260, as amended (May 22, 1992).

## VI.    CONCLUSION

1. OBJECTION 1: Magistrates Order (ECF No. 80) denying the Plaintiff's request to extend the time after the deadline to allow time to do additional research regarding very complex legal issues was reasonable under the circumstances; and

1       2. OBJECTION 2: Denying a reasonable extension of time to consult an attorney due to

2   the complexity of the issused raised by Defendant's motion to dismiss five (5) of of eight (8)

3   causes of action was also reasonable under the circumstances; and

4       3. OBJECTION 3: The Magistrate's Order (ECF No. 80) had the affect of being a

5   dispositive order in violation of the prohibition set out in the Magistrate Act (*supra*) in that the

6   pro se Plaintiff's sought a reasonable extension of time to file OBJECTIONS to the Magistrates

7   Finds and Recommendations. (ECF No. 75) Further, the Magistrate errored without giving

8   Plaintiff, Pro Se directions of how to effectively amend or correct his pleading in response to

9   Defendant Motion to Dismiss.

10

11   Dated this 29, day of March 2021.

12   Respectfully submitted,

13

14                                   /s/ *Dan P. .Bailey*[9]
                                Dan P. Bailey, Plaintiff, Pro Se

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[9] Original document with signature served on and to be retained by Attorney Barbara Blackburn Bar. No. 253731 and/or Douglas Ropel, Bar No. 300486. (U.S. Dist. Court, Eastern District Cal., (3/3/2010) Rule #131(f))

PLAINTIFF'S REPLY TO OPPOSITION EXTEND/ENLARGE TIME        2:18-cv-00055-KJM-CMK