Ronda Baldwin-Kennedy, Esq. (SB #302813)
Law Office of Ronda Baldwin-Kennedy
5627 Kanan Rd., Suite 614
Aqoura Hills, CA 91301
Ph: (951) 268-8977
Email: ronda@lorbk.com

Attorney for PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL BAILEY, <br><br> Plaintiff, <br><br> v. <br><br> ENLOE MEDICAL CENTER, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 2:18-cv-00055-KJM-DMC <br><br> PLAINTIFF'S NOTICE OF MOTION; MOTION FOR ORDER TO CORRECT CLERICAL ERROR; MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO CORRECT CLERICAL ERROR IN ORDER ECF. 96 <br><br> Date: <br> Time: <br> Ctrm: 3, 15th Floor <br> Judge: Honorable Chief District Judge Kimberly J. Mueller <br><br> (*FRCP 60(a)*) <br><br> Courtroom Deputy Clerk: C. Schultz <br> Phone: (916) 930-4193 |

## I. NOTICE OF MOTION TO CORRECT CLERICAL ERROR

TO Defendant and their Counsel of record, Mr. Douglas L. Ropel, please take NOTICE that Plaintiff through Counsel will bring this motion to correct a clerical error regarding the Court Order (ECF No. 96). Plaintiff seeks an order, directing the Court or Clerk to correct the record in the above-captioned matter, as discussed more fully herein.

////

## II. CERTIFICATE OF CONFERENCE

I, Ronda Baldwin-Kennedy as Counsel, certify I instructed my assistant to meet and confer with Defendant's Counsel, Mr. Douglas Ropel regarding this motion on June 13, 2022. At that conference, where we discussed our intent to ask the Court to correct a clerical error in the judgment as authorized by Federal Rule of Civil Procedure 60(a). Defendant's Counsel has indicated he will not oppose the motion.

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO CORRECT CLERICAL ERROR ECF No. 96

## III. INTRODUCTION

1. Plaintiff is Dan P. Bailey; Enloe Medical Center.

2. This action proceeds on Plaintiff's Second Amended Complaint. Plaintiff's original complaint was filed in the Butte County Superior Court on December 11, 2017, and removed to this Court by Defendant based on a federal question jurisdiction. (ECF No. 1-1)

3. Before the Court is a motion for correction of a clerical error in ORDER (ECF No. 96) as entered May 24, 2022.

4. The ORDER (ECF No. 96) signed by the Court contains material error amounting to a denial of due process[1] and denial of a fair hearing if not corrected. The specific error is found on page one, lines 20-23.

5. On February 23, 2021, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. <u>No objections to the findings and recommendations have been filed</u>. (ECF No. 96) [Emphasis added]

6. The error centers on the finding that "*[n]o objections to the findings and recommendations have been filed.*"

---

[1] **Due process.** (16c) The conduct of legal proceedings according to established rules and principles for the protection and enforcement of private rights, including notice and the <u>right to a fair hearing before a tribunal with the power to decide the case</u>. — Also termed due process of law; due course of law. See FUNDAMENTAL-FAIRNESS DOCTRINE. (DUE PROCESS, Black's Law Dictionary (11th ed. 2019)) [Emphasis added]

MOTION FOR ORDER ERROR, ECF NO. 96         PAGE **2** OF **5**

7. During the period of time Plaintiff proceeded Pro Se, there was a flurry of motions for reconsideration and extension of time.

8. Plaintiff then retained Ms. Ronda Kennedy as counsel and the Court issued an order granting the substitution of attorney. (ECF No. 85)

9. The action previously proceeding under the Honorable Magistrate Judge, Dennis M. Cota was then transferred to the Honorable Chief District Judge, Kimberly J. Mueller.

10. On June 24, 2021, the Court issued an ORDER and in pertinent part stated:

> "The court elects, however, to maintain the reference to the limited extent that the findings and recommendations at ECF No. 75 will remain pending, and the court will consider them. In light of counsel's recent appearance for the plaintiff and on the court's own motion, **plaintiff is permitted an additional thirty days** to file any objections to the magistrate judge's findings and recommendations. The motion for reconsideration at ECF No. 82 is **denied as moot**. This order resolves ECF No. 82." (ECF No. 88) [Emphasis in original]

11. On July 23, 2021, Plaintiff through Counsel timely filed "Plaintiff Daniel Paul Bailey's Objection (1-7) to Magistrate's Order [ECF NO. 74,75]; EXHIBITS 1-2" and set the hearing date as August 18, 2021, at 10: AM.

12. On August 20, 2021, at 02:03 PM the Courtroom Deputy C. Schultz the Clerk filed a MINUTE ORDER which provided:

> *"MINUTE ORDER issued by Courtroom Deputy C. Schultz for Chief District Judge Kimberly J. Mueller on 8/20/2021. On the court's own motion and pursuant to Local Rule 230(g), Plaintiff's Motion for Reconsideration, ECF No. [89], and Plaintiff's Motion to Reopen Discovery. ECF No. [90] are SUBMITTED without oral argument. <u>The Motions are submitted on the briefs, including any remaining briefing</u> as provided by Local Rule 230(d). Accordingly, the hearing date of 8/27/2021 is VACATED. If the court determines that oral argument is needed, it will be scheduled at a later date. (Text Only Entry) (Schultz, C)."* (ECF No. 94) [Emphasis added]

13. On May 24, 2022, the Court Order provided in pertinent part:

> *"On February 23, 2021, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections with the time specified therein. <u>**No objection to the findings and recommendations have been filed**</u>."* (ECF No. 96 @ pg. 1) [Emphasis added]

14. The Honorable Chief District Judge Kimberly J. Mueller's Order contains a substantial clerical error. There was in fact an objection made to the Magistrates Findings and Recommendations filed by Plaintiff's new counsel.

15. Contrary to the Court's erroneous findings, Plaintiff filed timely "*Plaintiff Daniel Paul Bailey's Objection (1-7) to Magistrates Order[ECF No. 74.75]; EXHIBITS 1-2*" through his new counsel Ronda Baldwin-Kennedy Esq (SB #302813) on July 23, 2021, (ECF No. 89).

16. Thus, there is a clear error in the Order in the Court's finding "*[n]o objection to the findings and recommendations have been filed.*" (ECF No. 96)

17. Also, on July 26, 2021, Plaintiff filed through his new counsel a "Notice of Motion and Motion to Reopen Discovery; Certificate of Conference, Memorandum of Points and Authorities; Exhibits 1-10.

18. There was no mention of the motion to reopen.

19. Plaintiff filed this motion as soon as realized that the judgment contained a clerical error. Although a motion to correct a clerical error in the judgment should be filed as soon as the party realizes there is an error, <u>the corrections can be made at any time</u>. See Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir.1995); In re West Tex. Mktg. Corp., 12 F.3d 497, 503 (5th Cir.1994). <u>If the nonmovant objects</u> to the allegations in the motion to correct a clerical error in the judgment, <u>it should file a response challenging the motion</u> **and set the matter for hearing**.

## IV.  ARGUMENT

A court can correct a clerical error in the judgment so that the judgment reflects the actual intentions and necessary implications of the court's decision. *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016); *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014); *see In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994).

A clerical error is a mistake, oversight, or omission in the recitation of the judgment that causes the judgment to inaccurately reflect what was intended by the court. Rivera v. PNS Stores, 647 F.3d 188, 193–94 (5th Cir.2011); Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir.1995); American Fed'n of Grain Millers, Local 24 v. Cargill Inc., 15 F.3d 726, 728 (7th Cir.1994); see also Braun v. Ultimate Jetcharters, LLC, 828 F.3d 501, 515 (6th Cir.2016) (basic purpose of rule is to authorize court to correct errors that are "mechanical in nature"). **A clerical error correctable under FRCP 60(a) can be made by the clerk, the judge, or even the parties**. In

re West Tex. Mktg. Corp., 12 F.3d 497, 503–04 (5th Cir.1994). [Emphasis added] Under FRCP 60(a), the district court can correct the judgment to reflect the court's actual intent. Braun, 828 F.3d at 515; Sartin v. McNair Law Firm PA, 756 F.3d 259, 266 (4th Cir.2014); Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294, 1297 (9th Cir.2014); see NewCSI, Inc. v. Staffing 360 Solutions, Inc., 865 F.3d 251, 263 (5th Cir.2017). The court's actual intent can be ascertained from contemporaneous documents, such as a memorandum opinion or transcript, or from the judge's subsequent statements about her intent. Sartin, 756 F.3d at 266.

Court may correct its judgment pursuant to rule concerning clerical mistakes as long as court's correction is intended to conform judgment to original intention of court. Harman v. Harper, C.A.9 (Cal.) 1993, 7 F.3d 1455, certiorari denied 115 S.Ct. 68, 513 U.S. 814, 130 L.Ed.2d 24. The correction of the clerical error will not affect the substantive rights of the parties. *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 198–99 (5th Cir. 2011).

## V. CONCLUSION

1. Plaintiff concludes the Court or Clerk should correct the clerical error in the Order ECF No. 96, by recognizing that Plaintiff had filed timely objections (ECF No. 88) as detailed supra.
2. Plaintiff concludes the Court or Clerk should review and consider said objections as filed ECF No. 89.
3. For these reasons, Plaintiff asks the Court to correct the clerical error in the Court's Order to proceed with a ruling on Plaintiff's Objections as previously anticipated in the Court's Order ECF No. 94.

Dated: June 30, 2022.

Respectfully submitted,

/s/ Ronda Baldwin-Kennedy
By: Ronda Baldwin-Kennedy
Attorney for PLAINTIFF, DANIEL PAUL BAILEY