UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dan Bailey,<br><br>                Plaintiff,<br><br>    v.<br><br>Enloe Medical Center, et al.,<br><br>                Defendants. | No. 2:18-cv-00055-KJM-DMC<br><br>ORDER |

Plaintiff Dan Bailey is proceeding in this action against his former employer, Enloe Medical Center. The case is before the court on Bailey's motions to reconsider one of the Magistrate Judge's previous orders, to reopen discovery, and to correct a clerical error. As explained in this order, the motion to reconsider is **denied**, the motion to reopen discovery is **denied**, and the motion to correct a clerical error is **granted**.

**I.**    **BACKGROUND**

Bailey originally filed this case in state court in December 2017. *See generally* Compl., Not. Removal Ex. A, ECF No. 1-1. He was represented by counsel at the time. *See id.* at 1. His complaint included four claims: two claims for wrongful termination in violation of public policy, one claim for breach of contract, and one claim for unfair business practices. *See id.* ¶¶ 17–41. The hospital answered the complaint and removed the case to this court. *See generally* Answer, Not. Removal Ex. B, ECF No. 1-1; Not. Removal, ECF No. 1. It alleged Bailey's claims were

1

preempted by section 301 of the Labor Management Relations Act.  *See* Not. Removal ¶¶ 8–19; *see also, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (explaining relevant jurisdictional theory).

Soon after the case was removed, Bailey asked to move forward without an attorney.  *See* Substitution, ECF No. 4.  The court granted that request and the case was referred to the assigned Magistrate Judge under this district's local rules.  Min. Order, ECF No. 5.  The Magistrate Judge then held a scheduling conference and issued a scheduling order in June 2018.  *See* Scheduling Order, ECF No. 15; Mins., ECF No. 14.  The discovery deadline was in March 2019.  *See* Scheduling Order at 2.  The magistrate judge extended that deadline twice while the parties litigated a number of discovery disputes.  *See* Orders, ECF Nos. 22, 29.

After the discovery period eventually closed, the hospital moved for summary judgment.  *See* Mot. Summ. J., ECF No. 32.  Bailey did not file an opposition, and the Magistrate Judge submitted the motion without a hearing.  ECF No. 34.  About three weeks later, Bailey asked the Magistrate Judge to extend the deadline for his opposition and to reopen discovery to take two depositions.  ECF No. 35.  The Magistrate Judge denied Bailey's request to reopen discovery; he had not "established good cause," did not explain why he was unable to conduct depositions, and did not explain why he could not have requested more time before the discovery deadline expired.  Order (Oct. 30, 2019) at 2, ECF No. 38.  The Magistrate Judge granted Bailey's request for more time to oppose the hospital's pending motion for summary judgment.  *Id.*

After a further extension of time, Bailey filed his opposition.  ECF No. 47.  He also requested leave to amend his complaint.  *See* ECF No. 50.  The Magistrate Judge granted Bailey's request for leave to amend but dismissed his newly added defamation claim with leave to amend "to allege additional facts in support" of that new claim.  ECF No. 59.  This meant the hospital's motion for summary judgment was moot, so that motion was denied without prejudice.  *Id.* at 5.

Bailey then amended his complaint once more, *see generally* Second Am. Compl. ECF No. 61, and the hospital moved to dismiss, ECF No. 62.  Bailey opposed that motion, again after requesting further extensions of the applicable deadline.  *See* ECF Nos. 64, 65, 66, 67, 68.  Bailey also requested leave to file a surreply, which the Magistrate Judge denied.  ECF Nos. 72, 74.  The

1  Magistrate Judge then recommended granting the motion to dismiss.  ECF No. 75.  By this time,
2  the case had been pending for more than three years.

3  While this court was considering the Magistrate Judge's findings and recommendations,
4  Ronda Baldwin-Kennedy appeared as counsel for Bailey.  ECF Nos. 87, 88.  The court withdrew
5  its referral of the case to the assigned Magistrate Judge but elected to consider the pending
6  findings and recommendations on the motion to dismiss.  ECF No. 88.  The court permitted
7  counsel an additional thirty days to file objections.  *Id.*

8  In July 2021, counsel filed (1) a request to reconsider the magistrate judge's order denying
9  Bailey's request for leave to file a surreply, *see* Mot. Recons. at 6–15, ECF No. 89, (2) objections
10 to the pending findings and recommendations, *id.* at 15–25, and (3) a motion to reopen discovery
11 to conduct ten additional depositions, *see generally* Mot. Reopen, ECF No. 90.  The hospital
12 opposes both motions and has responded to the objections.  *See generally* Resp., ECF No. 92;
13 Opp'n Recons., ECF No. 93.  Bailey has also asked the court to expedite its consideration of his
14 motion to reopen discovery.  ECF No. 99.

15 The court recently adopted the Magistrate Judge's findings and recommendations.  ECF
16 No. 96.  In the order adopting the findings and recommendations, the court wrote incorrectly that
17 Bailey had not objected.  *See id.* at 1.  Bailey's motion to correct that error is **granted**.  The court
18 corrects its previous order to confirm that Bailey objected and that the court considered those
19 objections and the file de novo.  *See* Mot. Correct, ECF No. 97; *see also* Fed. R. Civ. P. 60(a)
20 ("The court may correct a clerical mistake or a mistake arising from oversight or omission
21 whenever one is found in a judgment, order, or other part of the record.").

22 Three motions are thus pending: Bailey's motion to reconsider the magistrate judge's
23 order denying his request for leave to file a surreply, his motion to reopen discovery, and his
24 request to expedite a decision on the motion to reopen.

25 **II.    MOTION FOR RECONSIDERATION**

26 Federal Rule of Civil Procedure 72(a) permits parties to object to a magistrate judge's
27 orders on any nondispositive pretrial matter.  A district court must consider timely objections and
28 "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R.

Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(c), (f).  The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions.  *See Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).  A decision is "clearly erroneous" if the district court "is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Magistrate Judge did not clearly err by denying Bailey's request for leave to file a surreply.  As the Magistrate Judge explained, Bailey had already addressed the two issues he proposed to expand upon in his surreply.  Order at 1, ECF No. 74.  He has not explained why more must be said.  It was reasonable for the Magistrate Judge to conclude that further briefing was unnecessary, and not clear error to so conclude.

### III.     MOTIONS TO REOPEN DISCOVERY AND SHORTEN TIME

A moving party must show good cause to modify a scheduling order.  Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  This standard applies to requests to reopen discovery.  *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (unpublished).  Courts consider several factors when deciding whether a party has shown "good cause" to reopen discovery, *see, e.g.*, *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (listing several), but the primary consideration is whether the moving party was diligent in its attempts to complete discovery in a timely manner, *see Johnson*, 975 F.2d at 609.  If the moving party was not diligent, the inquiry should end, and the request should be denied.  *Id.*

Bailey has not shown he was "diligent in obtaining discovery within the guidelines established by the court." *City of Pomona*, 866 F.3d at 1066 (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997)).  He requests more time to conduct additional depositions, but he has not explained why he could not have taken those depositions during discovery and why the depositions and other discovery he did obtain do not suffice.  Nor has he explained why he did not ask for more time to conduct depositions before the discovery and motion deadlines passed,

after multiple extensions of time.  This action has also been pending for many years, so if discovery were reopened, the hospital would be unfairly prejudiced, and this case would be more unduly delayed than it already has been.  *See id.* (identifying these factors).

The court acknowledges that Mr. Bailey was not represented by counsel during discovery. In some cases, an attorney's late-stage appearance on behalf of a plaintiff who was previously unrepresented might weigh in favor of a motion to reopen discovery, even if "several years have passed since the events alleged in [the] complaint."  *Dixon v. Oleachea*, No. 15-02372, 2021 WL 5912027, at *1 (E.D. Cal. Nov. 10, 2021).  But pro se litigants must be diligent as well, and other relevant considerations must weigh in their favor.  *See, e.g.*, *id.* (weighing these factors and reopening discovery after finding the requested discovery would "shed light on the central factual disputes in this case").  Mr. Bailey has not discharged this burden here.  His lack of legal training did not prevent him from seeking and obtaining many extensions of time while he was not represented.  Nor did it stop him from moving to reopen discovery.  Then, as now, he did not explain why he was unable to conduct the depositions he requested.  Order (Oct. 30, 2019) at 2, ECF No. 38.  Because the court denies the motion to reopen, the motion to shorten time is denied as moot.

## IV. CONCLUSION

The motion to correct (ECF No. 97) is **granted**.  The court corrects its previous order (ECF No. 96) to confirm that Bailey objected to the Findings and Recommendations and that the court considered his objections and the file de novo.

The motion to reopen discovery (ECF No. 90) is **denied**.

The motion to shorten time (ECF No. 99) is **denied as moot**.

The motion to reconsider (ECF No. 89) is **denied**.

The parties are directed to submit a joint status report **within fourteen days**, proposing a schedule for the remainder of this action.

IT IS SO ORDERED.

DATED: August 16, 2022.

CHIEF UNITED STATES DISTRICT JUDGE