IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN BAILEY,<br><br>    Plaintiff,<br><br>    v.<br><br>ENLOE MEDICAL CENTER,<br><br>    Defendant. | No. 2:18-CV-0055-DAD-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, who is proceeding with retained counsel, brings this civil action for wrongful termination. The original complaint, filed in the Butte County Superior Court in December 2017, was removed to this Court based on federal question jurisdiction. See ECF No. 1 (Notice of Removal). Defendant contends the matter presents a federal question because Plaintiff's claims require substantial interpretation of a collective bargaining agreement between an employer and a union, which is governed under the Labor Management Relations Act. See id. at 3.

        Pending before the Court is Defendant's motion to dismiss, filed on October 14, 2022, arguing that Plaintiff's defamation claim should be dismissed. See ECF Nos. 114, 114-1. Plaintiff filed an opposition on November 14, 2022. See ECF No. 119. Defendant filed a reply on December 2, 2022. See ECF No. 120. On October 11, 2023, the District Judge referred the pending motion to dismiss to the undersigned for findings and recommendations. See ECF No.

1

122.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

///

///

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

This matter was previously before the undersigned when Plaintiff was proceeding pro se. At that time, the action proceeded on Plaintiff's pro se second amended complaint, filed on June 29, 2020. See ECF No. 61. In that pleading, Plaintiff alleged eight claims for relief as follows:

| | | |
|---|---|---|
| First Claim | | Wrongful termination in violation of public policy, California Labor Code § 232.5. |
| Second Claim | | Wrongful termination in violation of public policy, California Labor Code § 1102.5. |
| Third Claim | | Breach of contract and implied covenant of good faith and fair dealing. |
| Fourth Claim | | Breach of contract and implied covenant of good faith and fair dealing. |
| Fifth Claim | | Breach of contract and implied covenant of good faith and fair dealing. |
| Sixth Claim | | Unfair business practices, California Business & Professions Code § 17200, et seq. |

3

|   |   |   |
|---|---|---|
| Seventh Claim | Defamation. |
| Eighth Claim | Slander. |

See id. at 23-48.

On August 3, 2020, Defendant filed a motion to dismiss the second amended complaint. See ECF No. 62. Defendant argued that particular portions of the second amended complaint should be dismissed. See id. at 12-21. Specifically, Defendant contended: (1) Plaintiff's third claim should be dismissed because it is preempted and time-barred; (2) Plaintiff's fourth and fifth claims should be dismissed because Plaintiff has not alleged contractual obligations separate from his third claim, which is preempted and time-barred; (3) Plaintiff's seventh and eighth claims should be dismissed because they are time-barred and the alleged defamatory statements are privileged, not defamatory, or substantially true. See id. Defendant did not challenge the sufficiency of Plaintiff's first, second, or sixth claims.

Following completion of briefing, the undersigned issued findings and recommendations on February 23, 2021, recommending that Defendant's motion to dismiss be granted. See ECF No. 75. Specifically, the Court concluded: (1) Plaintiff's third, fourth, and fifth claims should be dismissed with prejudice as preempted and time-barred; (2) Plaintiff's seventh claim based on statements made to Plaintiff's union representative, statements made to the California Employment Development Department, and statements made to the California health and Human Services Agency should be dismissed with prejudice; (3) Plaintiff's seventh claim based on statements made to Cal Fire should be dismissed with leave to amend; and (4) Plaintiff's eighth claim should be dismissed with prejudice as duplicative. See id. at 28-29. The findings and recommendations were adopted in full by the then-assigned District Judge on May 24, 2022. See ECF No. 96.

While the findings and recommendations addressing Defendant's motion to dismiss the second amended complaint were pending, retained counsel substituted in for Plaintiff pro se on May 20, 2021. See ECF No. 87. After the February 23, 2021, findings and recommendations were adopted on May 24, 2022, Plaintiff, through retained counsel, filed the operative verified third amended complaint on September 26, 2022. See ECF No. 108.

**B.   Plaintiff's Third Amended Complaint**

Plaintiff now asserts the following four claims for relief:

| | |
|---|---|
| First Claim | Wrongful termination in violation of public policy, California Labor Code § 232.5. |
| Second Claim | Wrongful termination in violation of public policy, California Labor Code § 1102.5. |
| Third Claim | Unfair business practices, California Business & Professions Code § 17200, et seq. |
| Fourth Claim | Defamation. |

See id. at 20-35.

The currently pending motion to dismiss does not challenge the first, second, or third claims. As to his fourth claim for defamation, Plaintiff alleges: (1) Plaintiff was defamed after he was discharged with his new employer Cal Fire by statements to the effect that Plaintiff had donned a firefighter's uniform fraudulently; (2) Plaintiff was defamed not only by his colleagues and peers, but he was falsely maligned by B. Boggs who, knowingly, ignorantly, or negligently gave false testimony in the State of California unemployment hearing; (3) Plaintiff was defamed by the false statement that he was not involved in treatment or patient care; (4) Plaintiff was deemed when Defendant's agents falsely alleged it was proven there was no severe allergy listed in records for Patient #3775; and (5) Carol Linscheid falsely alleged Plaintiff was a "hunter," implying gun ownership and that he could be dangerous. See id.

## II. DISCUSSION

In its motion to dismiss, Defendant argues that Plaintiff's fourth claim for defamation should now be dismissed with prejudice because he fails to plead a facially plausible claim for relief. See ECF No. 114-1, pgs. 8-9. More specifically, Defendant argues that, to the extent Plaintiff's claim is based on statements other than those allegedly made to Cal Fire, the claim has already been dismissed with prejudice. See id. at 9. As to statements allegedly made to Cal Fire, Defendant asserts that Plaintiff has not pleaded any new factual allegations creating a plausible defamation claim, which Defendant asks be dismissed with prejudice. See id. at 9-11.

At the outset, the Court agrees with Defendant's argument that the majority of Plaintiff's defamation claim, based on statements <u>other</u> than those allegedly made to Cal Fire, have been dismissed with prejudice.  Defendant's motion to dismiss should be granted insofar as Plaintiff's fourth claim is based on such statements.  As explained in the Court's prior findings and recommendations and order, Plaintiff was granted leave to amend his defamation claim only as to statements allegedly made to Cal Fire.  The Court will focus the remainder of its analysis on Plaintiff's claim in the context of such alleged statements.

As to statements allegedly made to Cal Fire, Plaintiff alleges as follows in the third amended complaint:

> 197.    EMC's agent(s) or Representative(s) Ms. Carol Linscheid, and Mr. B. Kiuttu and cc'd to Marty Marshal exchanged an email regarding the events surrounding two separate events:
>
> > a.   When Bailey came into the hospital wearing his fireman dress blues after responding to an auto accident that happened two days prior in front of his home where he held the neck of an elderly woman about to be transported to EMC.
> >
> > b.   When BAILEY and a confidant, Al Peterson, tried to see Radiology department manager Phillip Pooley and EMC's CEO Mike Wiltermood to continue via his unwavering focus to alert a significant patient safety concern.
>
> 198    Bailey did present in his fireman's dress uniform and carrying [sic] a small lighthouse as a reminder of a presentation made by Carol Linscheid exactly one year to the day describing an infamous incident between US Naval battle groups and Spanish Lighthouse.
>
> 199.    These two events have been used to malign and defame BAILEY by mixing the two events passed down by various witnesses and blowing completely out of context what took place.
>
> 200.    It is common knowledge that when rumors get spread from one person to another and another the story changes and becomes something entirely different from the original event and that is what happened regarding both incidents involving fireman's garb.
>
> 201.    This led to the SEIU Union attorneys declining to move BAILEY's grievance forward because ". . .the Union learned from the employer about [-- redacted] **fraudulently donning a firefighter's uniform**, and unauthorized entry into the hospital. . . ." (See **EXHIBIT 03**, @ Pg. 3, Defendants Bates No. D001580-1582).

///

        202.    The event where BAILEY entered the hospital in dress uniform (later learned to be a Cal Fire policy) was NOT an illegal act, and BAILEY had called ahead trying to seek the audience of EMC's CEO Mike Wiltermood regarding the significant patient safety concerns.

        203.    At the same event and time, he was accompanied by his trusted confidant as a witness; thus, it cannot have been a celestine attempt to sneak passed [sic] hospital security.  A truly innocent action was deliberately villainized by Ms. Linscheid, painting pictures to Mr. Marcus Hatcher and others.

ECF No. 108, pgs. 29-30 (emphasis in original).

Defendant argues:

        The SAC alleged that some unknown employee, agent, or representative of ENLOE accused BAILEY of "fraudulently donning of the firefighter's uniform and unauthorized entry into the hospital" in an unknown oral or written communication (by speech, email, fax or some unknown means) to some unknown person at the local community fire department some unknown point in time. ECF Dkt. 61, ¶¶ 308-309, 315-316. The Court has already ruled that these allegations failed to state a plausible claim for relief. ECF Dkt. 75, 24:18-26:23; ECF Dkt. 96; ECF Dkt. 100. Specifically, the Court found that BAILEY's allegations are too vague and conclusory because he doesn't factually allege who published and/or received the alleged defamatory statement, in what form the alleged publication was made, when the publication was made, and/or when BAILEY learned that he was discharged from his position as a volunteer firefighter. ECF Dkt. 75, 26:15-23; ECF 96; ECF Dkt. 100.
        In his TAC, BAILEY fails to add any factual allegations regarding the purported communication(s) to Cal Fire. Instead, the TAC again alleges that some unknown employee, agent, or representative of ENLOE accused BAILEY of "fraudulently donning" a "firefighter's uniform" and "unauthorized entry" into ENLOE's hospital in an unknown oral or written communication (by speech, email, fax or some unknown means) to some unknown person at the local community fire department some unknown point in time. ECF Dkt. 108, ¶¶ 227-228. Accordingly, the TAC's vague, conclusory allegations again fail to state a plausible claim for relief. *See* ECF Dkt. 75, 26:15-23; ECF 96; ECF Dkt. 100. . . .

ECF No. 114-1, pgs. 9-10.

Given that Defendant's argument is premised on the notion that Plaintiff's third amended complaint does not add to Plaintiff's previous allegations, found to be too vague, it bears noting Plaintiff's allegations in the second amended complaint related to statements allegedly made to Cal Fire.  As to statements allegedly made to Cal Fire, the Court stated as follows:

        In his seventh claim, Plaintiff alleges that Defendants made

7

various false statements to Cal Fire through its agents and that such statements resulted in the loss of his job as a volunteer firefighter. See ECF No. 61, pgs. 44-47. According to Plaintiff, Defendant or its agents "representatives intentionally and maliciously published (by speech, email, fax or some unknown means) caused PLAINTIFF to lose his position as a volunteer Firefighter for Butte County with Cal Fire. PLAINTIFF." Id. at 44. Plaintiff adds: "PLAINTIFF is informed, believes and thereon alleges that DEFENDANT and/or it's [sic] agents or representatives falsely accused PLAINTIFF of "*fraudulent[ly] donning of the firefighter's uniform, and unauthorized entry into the hospital*"; without any factual basis to imply the uniform was "fraudulent[ly]" obtained." Id. (italics in original). Plaintiff also states: "DEFENDANT and/or its agents or representatives published in oral and written communication to the local community fire department that ultimately lead to dismissal from his career as a volunteer firefighter" and "[f]urther, DEFENDANT and its agents or representatives published in oral, telephonic, email, fax, or yet to be disclosed communication that PLAINTIFF 'unauthorized entry' into EMC by '*fraudulently donning*' a firefighters uniform'" Id. at 45 (italics in original).

* * *

. . .Defendant contends Plaintiff's allegations are too vague and conclusory to state a claim for relief. The Court agrees. As Defendant notes, Plaintiff alleges that some unknown form of communication was published to an unknown person or persons at an unknown point in time. . . .

ECF No. 75, pgs. 25-26.

Under California law, the tort of defamation involves (1) an intentional publication that (2) is false and (3) unprivileged and (4) has a natural tendency to injure or causes special damages. See Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999); see also Seelig v. Infinity Broadcasting Corp., 97 Cal. App. 4th 798, 809 (2002). The truth of the statements at issue is an absolute defense against a defamation claim. See Smith, 72 Cal. App. 4th at 646-47.

The Court does not agree with Defendant that the defamation claim as alleged in the third amended complaint remains deficient. Assuming the allegations are true, the Court finds that Plaintiff has pleaded sufficient facts to state a claim. First, Plaintiff has alleged intentional publication of a statement – that Plaintiff "fraudulently" donned his firefighter's uniform – via email. Second, adding to the allegations in the second amended complaint, Plaintiff now alleges in the third amended complaint that these statements were made by Ms. Linscheid. Third, Plaintiff alleges the statement is untrue. More specifically, Plaintiff asserts that, while he was in

fact wearing his firefighter's uniform at the time in question, he was not doing so "fraudulently" because it is Cal Fire policy to wear the uniform. Fourth, the statement that Plaintiff "fraudulently" wore his uniform is one that has a natural tendency to injure, and Plaintiff alleges as much by claiming that, as a result of the statement, he lost his position with Cal Fire. And finally, while Plaintiff admits that he was wearing the uniform, he denies that he did so "fraudulently" and, thus, does not admit the truth of the statement.

### III.  CONCLUSION

As a final matter, the Court is in receipt of a February 3, 2024, letter sent by Plaintiff's counsel, Ronda Baldwin-Kennedy, Esq. In this letter, Ms. Baldwin-Kennedy informs that Court that she has been suspended from the practice of law for 90 days by the State Bar of California, effective February 4, 2024. This suspension will end on or about May 4, 2024. The Court, therefore, will set a due date for objections after this date.

Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss, ECF No. 114, be DENIED and that Defendant be required to file an answer to Plaintiff's third amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). On or before May 10, 2024, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE