UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN BAILEY,<br><br>  Plaintiff,<br><br>  v.<br><br>ENLOE MEDICAL CENTER,<br><br>  Defendant. | No. 2:18-cv-00055-DAD-DMC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S DEFAMATION CLAIM<br><br>(Doc. Nos. 114, 124) |

  Plaintiff Dan Bailey initiated this civil action in the Butte County Superior Court on December 11, 2017. (Doc. Nos. 1-1 at 3.) On January 10, 2018, defendant Enloe Medical Center removed the action to this federal court. (Doc. No. 1.)

  On October 14, 2022, defendant filed the pending motion to dismiss plaintiff's defamation claim brought against it in plaintiff's operative third amended complaint ("TAC").[1] (Doc. No. 114.) On October 11, 2023, the pending motion to dismiss was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. No. 122.)

  On March 18, 2024, the magistrate judge issued findings and recommendations recommending that defendant's motion to dismiss be granted in part and denied in part. (Doc.

---

[1] Defendant's motion to dismiss does not challenge the three other claims brought by plaintiff in the TAC.

1

1  No. 124.) In particular, the magistrate judge found that plaintiff's allegations in the TAC are
2  sufficient to state a defamation claim, but only to the extent that claim is predicated on statements
3  allegedly made by defendant's agents to Cal Fire stating that plaintiff had fraudulently donned a
4  firefighter's uniform. (*Id.* at 5–9.) Thus, the magistrate judge recommended that defendant's
5  motion to dismiss plaintiff's defamation claim based on alleged statements to Cal Fire be denied
6  and that defendant be directed to file an answer to plaintiff's TAC. (*Id.*) The magistrate judge
7  also confirmed that because the court had previously dismissed plaintiff's defamation claim and
8  granted leave to amend only as to the statements allegedly made to Cal Fire, defendant's motion
9  to dismiss plaintiff's defamation claim should be granted insofar as that claim is based on other
10 alleged statements. (*Id.* at 6.)

11      The pending findings and recommendations contained notice that any objections thereto
12 were to be filed by May 20, 2024.[2] (*Id.* at 9.) Defendant filed objections to the findings and
13 recommendations on May 9, 2024. (Doc. No. 125.) Plaintiff filed its response to defendant's
14 objections on July 1, 2024. (Doc. No. 129.)

15      Defendant's objections merely reiterate the arguments made in its motion and its reply
16 brief. (*See* Doc. Nos. 114, 120, 129.) Because the pending findings and recommendations
17 properly addressed these arguments after they were made in defendant's motion and reply brief,
18 defendant's objections provide no basis upon which to reject the pending findings and
19 recommendations. The undersigned has reviewed the allegations made by plaintiff in the TAC
20 and agrees with the magistrate judge that plaintiff's defamation claim is sufficiently stated but
21 only to the extent that claim is based on defendant's "alleged intentional publication of a
22 statement—that plaintiff 'fraudulently' donned his firefighter's uniform—via email," as these
23 statements were made by defendant's vice president of human resources Carol Linscheid, and
24 allegedly led to plaintiff losing his volunteer firefighter position with Cal Fire. (*See* Doc. No. 124
25 at 8–9.) Accordingly, the undersigned will deny defendant's motion to dismiss plaintiff's

---

[2] The magistrate judge provided an extended period of time in which to file objections to accommodate plaintiff's counsel's 90-day suspension from the practice of law by the State Bar of California. (Doc. No. 124 at 9.)

defamation claim to the extent the claim is based on these statements. Defendant's motion to dismiss plaintiff's defamation claim will be granted to the extent the claim is based on any other statements.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including defendant's objections and plaintiff's response thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on March 18, 2024 (Doc. No. 124) are adopted in full;

2. Defendant's motion to dismiss plaintiff's defamation claim (Doc. No. 114) is granted in part and denied in part as follows:

   a. To the extent plaintiff's defamation claim is predicated on statements allegedly made by defendant to Cal Fire regarding plaintiff fraudulently donning a firefighter uniform, defendant's motion to dismiss that claim is denied; and

   b. To the extent plaintiff's defamation claim is predicated on any other statements, defendant's motion to dismiss that claim is granted; and

3. Defendant shall file an answer to plaintiff's third amended complaint by no later than twenty-one (21) days after the date of entry of this order.

IT IS SO ORDERED.

Dated: **July 24, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE