BARBARA A. BLACKBURN, Bar No. 253731
bblackburn@littler.com
DOUGLAS L. ROPEL, Bar No. 300486
dropel@littler.com
LAUREN J. OROZCO, Bar No. 332880
lorozco@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814
Telephone:    916.830.7200
Fax No.:      916.561.0828

Attorneys for Defendant
ENLOE MEDICAL CENTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN BAILEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>ENLOE MEDICAL CENTER; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 2:18-cv-00055-DAD-DMC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED THIRD AMENDED COMPLAINT**<br><br>Complaint Filed:        December 11, 2017<br>2nd Amended Complaint Filed: June 29, 2020<br>3rd Amended Complaint Filed: Sept. 26, 2022 |

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

2:18-CV-00055-DAD-DMC

Defendant ENLOE MEDICAL CENTER ("Defendant"), in response to Plaintiff DAN BAILEY's ("Plaintiff") Verified Third Amended Complaint ("TAC"), hereby answers as follows:

**SUMMARY**

1. Answering Paragraph 1 of the TAC, Defendant DENIES the allegations contained therein.

2. Answering Paragraph 2 of the TAC, Defendant ADMITS that Plaintiff was employed as a CT Technologist Assistant in the Radiology Department throughout his employment with Defendant.

3. Answering Paragraph 3 of the TAC, Defendant ADMITS the allegations contained therein.

4. Answering Paragraph 4 of the TAC, Defendant ADMITS the allegations contained therein.

5. Answering Paragraph 5 of the TAC, Defendant ADMITS that Plaintiff reported what he claims was a patient safety issue to an Emergency Room Nurse, Ordering Physician, a Radiologist, and an RN House Supervisor, and DENIES the remaining allegations contained therein.

6. Answering Paragraph 6 of the TAC, Defendant ADMITS that Plaintiff was tasked to help at the Front Desk area in the Radiology Department and DENIES the remaining allegations contained therein.

7. Answering Paragraph 7 of the TAC, Defendant ADMITS that Plaintiff should not have accessed certain patient medical records after he was tasked to help at the Front Desk and DENIES the remaining allegations contained therein.

8. Answering Paragraph 8 of the TAC, Defendant DENIES the allegations contained therein.

9. Answering Paragraph 9 of the TAC, Defendant DENIES the allegations contained therein.

10. Answering Paragraph 10 of the TAC, Defendant DENIES the allegations contained therein.

11. Answering Paragraph 11 of the TAC, Defendant DENIES the allegations

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

2:18-CV-00055-DAD-DMC

contained therein.

12. Answering Paragraph 12 of the TAC, Defendant DENIES the allegations contained therein.

13. Answering Paragraph 13 of the TAC, Defendant DENIES the allegations contained therein.

14. Answering Paragraph 14 of the TAC, Defendant DENIES the allegations contained therein.

15. Answering Paragraph 15 of the TAC, Defendant ADMITS that it declined to mediate with Plaintiff during the union grievance process and DENIES the remaining allegations contained therein.

16. Answering Paragraph 16 of the TAC, Defendant DENIES the allegations contained therein.

17. Answering Paragraph 17 of the TAC, Defendant ADMITS that it asserted to the Employment Development Department that Plaintiff engaged in misconduct and DENIES the remaining allegations contained therein.

18. Answering Paragraph 18 of the TAC, Defendant ADMITS that a representative testified at a hearing for unemployment benefits that Patient #3775 did not have an allergy to IV contrast and DENIES the remaining allegations contained therein.

19. Answering Paragraph 19 of the TAC, Defendant ADMITS that he was ultimately awarded unemployment insurance benefits and DENIES the remaining allegations contained therein.

20. Answering Paragraph 20 of the TAC, Defendant DENIES the allegations contained therein.

**VENUE FACTS**

21. Answering Paragraph 21 of the TAC, Defendant realleges and incorporates its responses contained in paragraphs 1 through 20.

22. Answering Paragraph 22 of the TAC, Defendant ADMITS the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

3

2:18-CV-00055-DAD-DMC

23. Answering Paragraph 23 of the TAC, Defendant ADMITS the allegations contained therein.

24. Answering Paragraph 24 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

25. Answering Paragraph 25 of the TAC, Defendant ADMITS that Defendant is incorporated under the laws of the State of California and is registered with the corporation number C0492560 and alleges that the remaining allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

26. Answering Paragraph 26 of the TAC, Defendant ADMITS the allegations contained therein.

27. Answering Paragraph 27 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

28. Answering Paragraph 28 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

29. Answering Paragraph 29 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

30. Answering Paragraph 30 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

4

2:18-CV-00055-DAD-DMC

allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

**JURISDICTION FACTS**

31. Answering Paragraph 31 of the TAC, Defendant realleges and incorporates its responses contained in paragraphs 1 through 30.

32. Answering Paragraph 32 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

33. Answering Paragraph 33 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

34. Answering Paragraph 34 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

35. Answering Paragraph 35 of the TAC, Defendant ADMITS the allegations contained therein.

36. Answering Paragraph 36 of the TAC, Defendant ADMITS the allegations contained therein.

37. Answering Paragraph 37 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

38. Answering Paragraph 38 of the TAC, Defendant ADMITS the allegations contained therein.

39. Answering Paragraph 39 of the TAC, Defendant alleges that the allegations

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

5

2:18-CV-00055-DAD-DMC

contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

40. Answering Paragraph 40 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

41. Answering Paragraph 41 of the TAC, Defendant lacks sufficient information to admit or deny the allegations contained in this Paragraph and on that basis denies the allegations contained therein.

42. Answering Paragraph 42 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

43. Answering Paragraph 43 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

44. Answering Paragraph 44 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

45. Answering Paragraph 45 of the TAC, Defendant ADMITS the allegations contained therein.

46. Answering Paragraph 46 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

6

2:18-CV-00055-DAD-DMC

47.     Answering Paragraph 47 of the TAC, Defendant lacks sufficient information to admit or deny the allegations contained in this Paragraph and on that basis denies the allegations contained therein.

## GENERAL FACTUAL ALLEGATIONS

48.     Answering Paragraph 48 of the TAC, Defendant realleges and incorporates its responses contained in paragraphs 1 through 47.

49.     Answering Paragraph 49 of the TAC, Defendant ADMITS the allegations contained therein.

50.     Answering Paragraph 50 of the TAC, Defendant ADMITS that Plaintiff was assigned to the Radiology Department throughout his employment and denies the remaining allegations contained therein.

51.     Answering Paragraph 51 of the TAC, Defendant ADMITS that Plaintiff not reassigned to a new job title or classification or officially reassigned to any other department, and denies the remaining allegations contained therein.

52.     Answering Paragraph 52 of the TAC, Defendant ADMITS the allegations contained therein.

53.     Answering Paragraph 53 of the TAC, Defendant ADMITS the allegations contained therein.

54.     Answering Paragraph 54 of the TAC, Defendant ADMITS that Mr. Fredricks did not have the authority to unilaterally hire, fire (terminate), or change Plaintiff's job classification, and denies the remaining allegations contained therein.

55.     Answering Paragraph 55 of the TAC, Defendant ADMITS the allegations contained therein.

56.     Answering Paragraph 56 of the TAC, Defendant ADMITS the allegations contained therein.

57.     Answering Paragraph 57 of the TAC, Defendant DENIES the allegations contained therein.

58.     Answering Paragraph 58 of the TAC, Defendant DENIES the allegations

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

7

2:18-CV-00055-DAD-DMC

contained therein.

59. Answering Paragraph 59 of the TAC, Defendant ADMITS the allegations contained therein.

60. Answering Paragraph 60 of the TAC, Defendant ADMITS the allegations contained therein.

61. Answering Paragraph 61 of the TAC, Defendant ADMITS the allegations contained therein.

62. Answering Paragraph 62 of the TAC, Defendant ADMITS the allegations contained therein.

63. Answering Paragraph 63 of the TAC, Defendant ADMITS that Plaintiff's duties included performing various tasks directed or requested by various personnel, including supporting the Patient Support Clerks at the Front Desk.

64. Answering Paragraph 64 of the TAC, Defendant ADMITS the allegations contained therein.

65. Answering Paragraph 65 of the TAC, Defendant ADMITS the allegations contained therein.

66. Answering Paragraph 66 of the TAC, Defendant ADMITS the allegations contained therein.

67. Answering Paragraph 67 of the TAC, Defendant ADMITS the allegations contained therein.

68. Answering Paragraph 68 of the TAC, Defendant ADMITS the allegations contained therein.

69. Answering Paragraph 69 of the TAC, Defendant DENIES the allegations contained therein.

70. Answering Paragraph 70 of the TAC, Defendant ADMITS the allegations contained therein.

71. Answering Paragraph 71 of the TAC, Defendant ADMITS the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

8

2:18-CV-00055-DAD-DMC

72.    Answering Paragraph 72 of the TAC, Defendant ADMITS the allegations contained therein.

73.    Answering Paragraph 73 of the TAC, Defendant DENIES that only the manager and director of the Radiology Department had supervisory authority to direct a CT Technologist Assistant to another area of job assignment, and ADMITS the remainder of the allegations contained therein.

74.    Answering Paragraph 74 of the TAC, Defendant ADMITS that CT Technologist Mayfield told Plaintiff that "he would call him if he needed him," and DENIES the remainder of the allegations contained therein.

75.    Answering Paragraph 75 of the TAC, Defendant ADMITS that Mr. Mayfield did not explicitly tell Plaintiff that he would no longer be responsible for any duties or responsibilities in his routine assignment as a CT Tech Assistant.

76.    Answering Paragraph 76 of the TAC, Defendant lacks sufficient information to admit or deny the allegations contained in this Paragraph and on that basis denies the allegations contained therein.

77.    Answering Paragraph 77 of the TAC, Defendant ADMITS the allegations contained therein.

78.    Answering Paragraph 78 of the TAC, Defendant DENIES that assisting at the Front Desk is not a role or duty in the Radiology Department, and ADMITS the remaining allegations contained therein.

79.    Answering Paragraph 79 of the TAC, Defendant ADMITS that the Front Desk in the Radiology Department is an area occupied by Patient Support Clerks and other Technologist Assistants, and DENIES the remaining allegations contained therein.

80.    Answering Paragraph 80 of the TAC, Defendant ADMITS that, depending on the circumstances, Patient Support Clerks may have some access to the Patient Care Information System (PCIS) and may perform tasks involving patient care and hospital operations, and DENIES the remaining allegations contained therein.

81.    Answering Paragraph 81 of the TAC, Defendant DENIES the allegations

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT                    9                    2:18-CV-00055-DAD-DMC

contained therein.

82.    Answering Paragraph 82 of the TAC, Defendant DENIES the allegations contained therein.

83.    Answering Paragraph 83 of the TAC, Defendant ADMITS that Plaintiff was not explicitly told "he would no longer have responsibilities regarding patient flow in an out of the CT area," and DENIES the remaining allegations contained therein.

84.    Answering Paragraph 84 of the TAC, Defendant ADMITS the allegations contained therein.

85.    Answering Paragraph 85 of the TAC, Defendant ADMITS that Plaintiff did not receive a two-week orientation and DENIES the remaining allegations contained therein.

86.    Answering Paragraph 86 of the TAC, Defendant ADMITS the allegations contained therein.

87.    Answering Paragraph 87 of the TAC, Defendant DENIES that Mr. Mayfield did not have authority to instruct Plaintiff to help at the front desk and ADMITS the remaining allegations contained therein.

88.    Answering Paragraph 88 of the TAC, Defendant DENIES that Plaintiff was authorized to access patient care information for all the patients of the Radiology Department, and ADMITS the allegations contained therein.

89.    Answering Paragraph 89 of the TAC, Defendant ADMITS that Plaintiff was not reassigned to another department and DENIES the remaining allegations contained therein.

90.    Answering Paragraph 90 of the TAC, Defendant ADMITS that Plaintiff was assigned to the Radiology Department throughout his employment and DENIES the remaining allegations contained therein.

91.    Answering Paragraph 91 of the TAC, Defendant ADMITS the allegations contained therein.

92.    Answering Paragraph 92 of the TAC, Defendant ADMITS the allegations contained therein.

93.    Answering Paragraph 93 of the TAC, Defendant ADMITS that Plaintiff

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

10

2:18-CV-00055-DAD-DMC

accessed confidential patient information for more than nine patients on November 25, 2015, and lacks sufficient information to admit or deny the remaining allegations contained in this Paragraph and on that basis denies the remaining allegations contained therein.

94.   Answering Paragraph 94 of the TAC, Defendant DENIES the allegations contained therein.

95.   Answering Paragraph 95 of the TAC, Defendant DENIES the allegations contained therein.

96.   Answering Paragraph 96 of the TAC, Defendant ADMITS the allegations contained therein.

97.   Answering Paragraph 97 of the TAC, to access medical charts and PCIS system information, and lacks sufficient information to admit or deny the remaining allegations contained in this Paragraph and on that basis denies the remaining allegations contained therein.

98.   Answering Paragraph 98 of the TAC, Defendant DENIES the allegations contained therein.

99.   Answering Paragraph 99 of the TAC, Defendant DENIES that Plaintiff was truly concerned for patient safety and immediately reported a potential error, and ADMITS the remaining allegations contained therein.

100.   Answering Paragraph 100 of the TAC, Defendant ADMITS that certain post-procedure information (e.g., vital signs) were not present on documentation and lacks sufficient information to admit or deny the remaining allegations contained in this Paragraph, and on that basis denies the remaining allegations contained therein.

101.   Answering Paragraph 101 of the TAC, Defendant lacks sufficient information to admit or deny the allegations contained in this Paragraph, and on that basis denies the remaining allegations contained therein.

102.   Answering Paragraph 102 of the TAC, Defendant ADMITS the allegations contained therein.

103.   Answering Paragraph 103 of the TAC, Defendant ADMITS the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT          11          2:18-CV-00055-DAD-DMC

104. Answering Paragraph 104 of the TAC, Defendant ADMITS that Plaintiff was terminated on December 11, 2015, for breaching patient privacy through the unauthorized accessing of patient medical records, and DENIES the remaining allegations contained therein.

105. Answering Paragraph 105 of the TAC, Defendant ADMITS the allegations contained therein.

106. Answering Paragraph 106 of the TAC, Defendant ADMITS the allegations contained therein.

107. Answering Paragraph 107 of the TAC, Defendant ADMITS that Plaintiff met with Ms. Linscheid and Ms. Boggs, and DENIES the remaining allegations contained therein.

108. Answering Paragraph 108 of the TAC, Defendant ADMITS the allegations contained therein.

109. Answering Paragraph 109 of the TAC, Defendant ADMITS the allegations contained therein.

110. Answering Paragraph 110 of the TAC, Defendant ADMITS the allegations contained therein.

111. Answering Paragraph 111 of the TAC, Defendant ADMITS the allegations contained therein.

112. Answering Paragraph 112 of the TAC, Defendant ADMITS the allegations contained therein.

113. Answering Paragraph 113 of the TAC, Defendant ADMITS the allegations contained therein.

114. Answering Paragraph 114 of the TAC, Defendant ADMITS that Ms. Linscheid and Mr. Hatcher communicated on May 26, 2016 regarding Plaintiff's union grievance, and DENIES the remaining allegations contained therein.

115. Answering Paragraph 115 of the TAC, Defendant ADMITS that the SEIU panel reversed Plaintiff's right to go to arbitration, and DENIES the remaining allegations contained therein.

116. Answering Paragraph 116 of the TAC, Defendant ADMITS the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

12

2:18-CV-00055-DAD-DMC

117. Answering Paragraph 117 of the TAC, Defendant DENIES the allegations contained therein.

118. Answering Paragraph 118 of the TAC, Defendant ADMITS that Dr. Liang spoke with patient #3775 about the "allergies on record" and determined that the patient did not have that allergy.

119. Answering Paragraph 119 of the TAC, Defendant DENIES the allegations contained therein.

120. Answering Paragraph 120 of the TAC, Defendant ADMITS the allegations contained therein.

121. Answering Paragraph 121 of the TAC, Defendant DENIES the allegations contained therein.

122. Answering Paragraph 122 of the TAC, Defendant ADMITS that Defendant's Code of Conduct requires its employees to "Focus on Patient Safety" and DENIES the remaining allegations contained therein.

123. Answering Paragraph 123 of the TAC, Defendant ADMITS that Defendant's Code of Conduct requires its employees to practice "A Culture of Service" and DENIES the remaining allegations contained therein.

124. Answering Paragraph 124 of the TAC, Defendant DENIES the allegations contained therein.

125. Answering Paragraph 125 of the TAC, Defendant DENIES that there was a possible imminent danger to patient #3775 and ADMITS the remaining allegations contained therein.

126. Answering Paragraph 126 of the TAC, Defendant DENIES the allegations contained therein.

127. Answering Paragraph 127 of the TAC, Defendant ADMITS that the ST Department workstations are within the Radiology Department, and lacks sufficient information to admit or deny the remainder of the allegations contained in this Paragraph and on that basis denies the remainder of the allegations contained therein.

128. Answering Paragraph 128 of the TAC, Defendant DENIES the allegations

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT          13          2:18-CV-00055-DAD-DMC

contained therein.

129. Answering Paragraph 129 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

130. Answering Paragraph 130 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

## FIRST CAUSE OF ACTION

### (Wrongful Termination and Violation of Public Policy, Labor Code §232.5)

131. Answering Paragraph 131 of the TAC, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in Paragraphs 1 through 130 of this Answer as set forth above.

132. Answering Paragraph 132 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

133. Answering Paragraph 133 of the TAC, Defendant ADMITS the allegations contained therein.

134. Answering Paragraph 134 of the TAC, Defendant ADMITS the allegations contained therein.

135. Answering Paragraph 135 of the TAC, Defendant DENIES the allegations contained therein.

136. Answering Paragraph 136 of the TAC, Defendant ADMITS the allegations contained therein.

137. Answering Paragraph 137 of the TAC, Defendant ADMITS the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT          14          2:18-CV-00055-DAD-DMC

138.   Answering Paragraph 138 of the TAC, Defendant ADMITS the allegations contained therein.

139.   Answering Paragraph 139 of the TAC, Defendant DENIES the allegations contained therein.

140.   Answering Paragraph 140 of the TAC, Defendant DENIES the allegations contained therein.

141.   Answering Paragraph 141 of the TAC, Defendant ADMITS that certain information was not present on post-procedure documentation for patient #3775 and lacks sufficient information to admit or deny the remaining allegations contained in this Paragraph and on that basis denies the allegations contained therein.

142.   Answering Paragraph 142 of the TAC, Defendant ADMITS that one of patient #3775's medical records listed an allergy to IV Contrast Media.

143.   Answering Paragraph 143 of the TAC, Defendant ADMITS that one of patient #3775's medical records listed an allergy to IV Contrast Media.

144.   Answering Paragraph 144 of the TAC, Defendant DENIES the allegations contained therein.

145.   Answering Paragraph 145 of the TAC, Defendant DENIES that there was an allegation that he was "reassigned" (as defined by Plaintiff) and ADMITS the remaining allegations contained therein.

146.   Answering Paragraph 146 of the TAC, Defendant ADMITS the allegations contained therein.

147.   Answering Paragraph 147 of the TAC, Defendant ADMITS the allegations contained therein.

148.   Answering Paragraph 148 of the TAC, Defendant lacks sufficient information to admit or deny the allegations contained in this Paragraph and on that basis denies the allegations contained therein.

149.   Answering Paragraph 149 of the TAC, Defendant ADMITS that Plaintiff, like all of Defendant's employees, had a duty to disclose perceived patient safety concerns and DENIES

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT          15          2:18-CV-00055-DAD-DMC

the remaining allegations contained therein.

150. Answering Paragraph 150 of the TAC, Defendant DENIES the allegations contained therein.

151. Answering Paragraph 151 of the TAC, Defendant DENIES the allegations contained therein.

152. Answering Paragraph 152 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

153. Answering Paragraph 153 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

154. Answering Paragraph 154 of the TAC, Defendant ADMITS that Plaintiff received a letter from the SEIU-UHW Appeal Panel, dated July 19, 2016, that stated "During the hearing, it was determined that your case lacked merit for continuing through our process," and DENIES the remainder of the allegations contained therein.

155. Answering Paragraph 155 of the TAC, Defendant ADMITS that the SEIU grievance process ended, and alleges that the remaining allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the remaining allegations contained therein.

## SECOND CAUSE OF ACTION

### (Wrongful Termination and Violation of Public Policy, Labor Code §1102.5)

156. Answering Paragraph 156 of the TAC, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in Paragraphs 1 through 155 of this Answer as set forth above.

157. Answering Paragraph 157 of the TAC, Defendant DENIES the allegations

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT     16     2:18-CV-00055-DAD-DMC

contained therein.

158. Answering Paragraph 158 of the TAC, Defendant ADMITS the allegations contained therein.

159. Answering Paragraph 159 of the TAC, Defendant ADMITS that a duty of patient safety and care is owed to members of the public and patient #3775.

160. Answering Paragraph 160 of the TAC, Defendant ADMITS that it policies and procedures are generally mandatory, including the Code of Conduct.

161. Answering Paragraph 161 of the TAC, Defendant ADMITS that Plaintiff had a duty to "Focus on Patient Safety" and DENIES the remaining allegations contained therein.

162. Answering Paragraph 162 of the TAC, Defendant ADMITS that patient #3775's confidential medical record included an "allergies on record" flag, and DENIES the remaining allegations contained therein.

163. Answering Paragraph 163 of the TAC, Defendant ADMITS the allegations contained therein.

164. Answering Paragraph 164 of the TAC, Defendant ADMITS the allegations contained therein.

165. Answering Paragraph 165 of the TAC, Defendant ADMITS the allegations contained therein.

166. Answering Paragraph 166 of the TAC, Defendant ADMITS that Mr. Fredricks requested an "audit trail for one of my employees that appears to have possibly made several hippa violations," and DENIES the remaining allegations contained therein.

167. Answering Paragraph 167 of the TAC, Defendant DENIES the allegations contained therein.

168. Answering Paragraph 168 of the TAC, Defendant ADMITS that Mr. Fredricks had a duty under the Code of Conduct to report suspected misconduct (including, specifically, HIPPA violations), and DENIES the remaining allegations contained therein.

169. Answering Paragraph 169 of the TAC, Defendant ADMITS the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT                17                2:18-CV-00055-DAD-DMC

170. Answering Paragraph 170 of the TAC, Defendant ADMITS that Standard No. 7 instructs that certain reports may be made to a supervisor or Defendant's Compliance Department, and DENIES the remaining allegations contained therein.

171. Answering Paragraph 171 of the TAC, Defendant DENIES the allegations contained therein.

172. Answering Paragraph 172 of the TAC, Defendant DENIES the allegations contained therein.

173. Answering Paragraph 173 of the TAC, Defendant DENIES the allegations contained therein.

174. Answering Paragraph 174 of the TAC, Defendant DENIES the allegations contained therein.

175. Answering Paragraph 175 of the TAC, Defendant ADMITS the allegations contained therein.

176. Answering Paragraph 176 of the TAC, Defendant DENIES the allegations contained therein.

177. Answering Paragraph 177 of the TAC, Defendant ADMITS the allegations contained therein.

178. Answering Paragraph 178 of the TAC, Defendant ADMITS a CDPH Privacy Report was submitted on or about December 18, 2015, containing the language quoted in this paragraph and DENIES the remaining allegations contained therein.

179. Answering Paragraph 179 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

180. Answering Paragraph 180 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT    18    2:18-CV-00055-DAD-DMC

181. Answering Paragraph 181 of the TAC, Defendant ADMITS that Plaintiff's right to arbitration was denied on July 19, 2016, and DENIES the remaining allegations contained therein.

182. Answering Paragraph 182 of the TAC, Defendant ADMITS that Plaintiff was a volunteer firefighter and DENIES the remaining allegations contained therein.

183. Answering Paragraph 183 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

## THIRD CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES AGAINST PLAINTIFF

### *(UNFAIR PRACTICES ACT – CAL. BUS. & PROF. CODE § 17200 ET SEQ.)*

184. Answering Paragraph 184 of the TAC, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in Paragraphs 1 through 183 of this Answer as set forth above.

185. Answering Paragraph 185 of the TAC, Defendant DENIES the allegations contained therein.

186. Answering Paragraph 186 of the TAC, Defendant DENIES the allegations contained therein.

187. Answering Paragraph 187 of the TAC, Defendant DENIES the allegations contained therein.

188. Answering Paragraph 188 of the TAC, Defendant DENIES the allegations contained therein.

189. Answering Paragraph 189 of the TAC, Defendant DENIES the allegations contained therein.

190. Answering Paragraph 190 of the TAC, Defendant ADMITS that it reported to the California Department of Public Health and informed the California Employment Development Department that Plaintiff committed a patient privacy breach for accessing records for patients whom

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Plaintiff had no right or lawful purpose to access, and DENIES the remainder of the allegations contained therein.

191. Answering Paragraph 191 of the TAC, Defendant DENIES the allegations contained therein.

192. Answering Paragraph 192 of the TAC, Defendant DENIES the allegations contained therein.

193. Answering Paragraph 193 of the TAC, Defendant ADMITS the allegations contained therein.

194. Answering Paragraph 194 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

195. Answering Paragraph 195 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

## FOURTH CAUSE OF ACTION – [AMENDED]

### (DEFAMATION)

196. Answering Paragraph 196 of the TAC, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in Paragraphs 1 through 195 of this Answer as set forth above.

197. Answering Paragraph 197 of the TAC, Defendant ADMITS that Ms. Linscheid and Mr. Kiuttu exchanged an email with Marty Marshall Cc'd regarding an incident in which Plaintiff appeared at Enloe Medical Center wearing a firefighter's uniform and Plaintiff tried to meet with Mr. Pooley and Mr. Wiltermood, and DENIES the remaining allegations contained therein.

198. Answering Paragraph 198 of the TAC, Defendant ADMITS the allegations contained therein.

199. Answering Paragraph 199 of the TAC, Defendant DENIES the allegations

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

20

2:18-CV-00055-DAD-DMC

contained therein

200.    Answering Paragraph 200 of the TAC, Defendant DENIES the allegations contained therein.

201.    Answering Paragraph 201 of the TAC, Defendant ADMITS that the SEIU declined to move forward with Plaintiff's grievance due to Plaintiff's conduct, and DENIES the remaining allegations contained therein.

202.    Answering Paragraph 202 of the TAC, Defendant lacks sufficient information to admit or deny the allegations contained in this Paragraph and on that basis denies the allegations contained therein

203.    Answering Paragraph 203 of the TAC, Defendant ADMITS that Plaintiff was accompanied by his trusted confidant, and DENIES the remaining allegation contained therein.

204.    Answering Paragraph 204 of the TAC, Defendant alleges that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure, and on that basis denies the allegations contained therein.

205.    Answering Paragraph 205 of the TAC, Defendant ADMITS the allegations contained therein.

206.    Answering Paragraph 206 of the TAC, Defendant ADMITS that Plaintiff was tasked with helping answering the phones at the Front Desk and Plaintiff accessed patient records, and DENIES the remainder of the allegations contained therein.

207.    Answering Paragraph 207 of the TAC, Defendant DENIES the allegations contained therein.

208.    Answering Paragraph 208 of the TAC, Defendant ADMITS that Ms. Linscheid informed the SEIU representative that Plaintiff was not involved in treatment, payment, or operations and despite repeated training he was terminated on 12/11/2015 for unlawful breach of patient privacy, and DENIES the remaining allegations contained therein.

209.    Answering Paragraph 209 of the TAC, Defendant ADMITS that Ms. Linscheid told the SIUE representative that it was proven that "the patient has no such allergy" and the Lead CT

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

21

2:18-CV-00055-DAD-DMC

Technician performed an appropriate assessment before administering treatment, and DENIES the remaining allegations contained therein.

210. Answering Paragraph 227 of the TAC, Defendant DENIES the allegations contained therein.

211. Answering Paragraph 211 of the TAC, Defendant ADMITS that CT Tech Assistants and Patient Support Clerks had individualized access codes to access confidential patient records and that CT Tech Assistants and Patient Support Clerks may, at times, be required to monitor patient flow in and out of the Radiology Department, and DENIES the remaining allegations contained therein.

212. Answering Paragraph 212 of the TAC, Defendant ADMITS worked a full shift on the day that he wrongfully accessed confidential patient records.

213. Answering Paragraph 213 of the TAC, Defendant ADMITS that BAILEY observed that the patient's medical record listed an allergy, which was removed by Dr. Liang on the day Plaintiff observed the allergy listed in the patient's record, and DENIES the remainder of the allegations contained therein.

214. Answering Paragraph 214 of the TAC, Defendant DENIES the allegations contained therein.

215. Answering Paragraph 215 of the TAC, Defendant DENIES the allegations contained therein.

216. Answering Paragraph 216 of the TAC, Defendant ADMITS that Ms. Linscheid informed the SEIU representative that it had been determined that the Lead CT Tech provided a treatment to a patient to which the patient was allergic, and DENIES the remaining allegations contained therein.

217. Answering Paragraph 217 of the TAC, Defendant ADMITS that Ms. Linscheid sent an email with the quoted language, but DENIES the remaining allegations contained therein.

218. Answering Paragraph 218 of the TAC, Defendant DENIES the allegations contained therein.

219. Answering Paragraph 219 of the TAC, Defendant DENIES the allegations

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT                22                2:18-CV-00055-DAD-DMC

contained therein.

220.   Answering Paragraph 220 of the TAC, Defendant DENIES the allegations contained therein.

221.   Answering Paragraph 221 of the TAC, Defendant DENIES the allegations contained therein.

222.   Answering Paragraph 222 of the TAC, Defendant ADMITS that Ms. Linscheid sent an email to the union representative with the quoted language, but DENIES the remaining allegations contained therein.

223.   Answering Paragraph 223 of the TAC, Defendant DENIES the allegations contained therein.

224.   Answering Paragraph 224 of the TAC, Defendant DENIES the allegations contained therein.

225.   Answering Paragraph 225 of the TAC, Defendant DENIES the allegations contained therein.

226.   Answering Paragraph 226 of the TAC, Defendant DENIES the allegations contained therein.

227.   Answering Paragraph 227 of the TAC, Defendant DENIES the allegations contained therein.

228.   Answering Paragraph 228 of the TAC, Defendant DENIES the allegations contained therein.

229.   Answering Paragraph 229 of the TAC, Defendant DENIES the allegations contained therein.

230.   Answering Paragraph 230 of the TAC, Defendant DENIES the allegations contained therein.

231.   Answering Paragraph 231 of the TAC, Defendant ADMITS the allegations contained therein.

232.   Answering Paragraph 232 of the TAC, Defendant DENIES the allegations contained therein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

23

2:18-CV-00055-DAD-DMC

233.   Answering Paragraph 233 of the TAC, Defendant ADMITS that the California Health and Human Services Agency issued a document with the quoted language, but DENIES the remaining allegations contained therein.

234.   Answering Paragraph 234 of the TAC, Defendant ADMITS that the California Health and Human Services Agency issued a document with the quoted language, but DENIES the remaining allegations contained therein.

235.   Answering Paragraph 235 of the TAC, Defendant ADMITS that the California Health and Human Services Agency issued a document with the quoted language, but DENIES the remaining allegations contained therein.

## **SEPARATE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, and without admitting any wrongdoing, Defendant asserts the following separate defenses:

1.   FOR AND AS A FIRST SEPARATE DEFENSE, Defendant alleges that Plaintiff's Third Amended Complaint, and each cause of action set forth therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

2.   FOR AND AS A SECOND SEPARATE DEFENSE, Defendant alleges that each purported cause of action set forth in the Third Amended Complaint is barred in whole or in part by the applicable statute(s) of limitation, including but not limited to the statute of limitations periods set forth in California Code of Civil Procedure Sections 335.1, 338, 339, 340, and 343; and Section 10(b) of the National Labor Relations Act.

3.   FOR AND AS A THIRD SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, consent, laches, and/or estoppel.

4.   FOR AND AS A FOURTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that his damages were caused by his own intentional and/or negligent acts and/or omissions.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

24

2:18-CV-00055-DAD-DMC

5.     FOR AND AS A FIFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

6.     FOR AND AS A SIXTH SEPARATE DEFENSE, Defendant alleges that all actions taken with regard to Plaintiff were conducted in good faith, and based on legitimate, non-retaliatory business reasons and the relevant facts and circumstances known by Defendant at the time of such actions.

7.     FOR AND AS A SEVENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that Defendant took immediate and appropriate corrective action to prevent any alleged retaliatory conduct from occurring and, even if any decisions concerning Plaintiff were based in part on retaliatory grounds (which Defendant denies), Defendant would have reached the same decisions absent any alleged retaliation.

8.     FOR AND AS AN EIGHTH SEPARATE DEFENSE, Defendant alleges that each purported cause of action contained in the Third Amended Complaint, or some of the causes of action, are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendant exercised reasonable care to prevent and promptly correct any unlawful conduct including, but not limited to, having in place anti-discrimination, anti-harassment, and anti-retaliation policies and procedures, and Plaintiff unreasonably failed to take advantage of any preventive and corrective opportunities provided to him by Defendant or to otherwise avoid his alleged harm.

9.     FOR AND AS A NINTH SEPARATE DEFENSE, Defendant alleges that the Third Amended Complaint is barred or damages should be reduced to the extent all actions taken against Plaintiff would or could have been taken in any event based upon after-acquired evidence of misconduct.

10.     FOR AND AS A TENTH SEPARATE DEFENSE, Defendant alleges that, assuming any employee of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant denies), Defendant neither knew nor reasonably should have known of said unlawful conduct.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT     25     2:18-CV-00055-DAD-DMC

11.     FOR AND AS AN ELEVENTH SEPARATE DEFENSE, Defendant alleges that, to the extent Plaintiff seeks recovery for his alleged emotional and/or physical damages, such claims and damages are preempted by his exclusive remedy pursuant to the California Workers' Compensation Act, California Labor Code section 3600 *et seq*.

12.     FOR AND AS A TWELFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, either in whole or in part, under the applicable provisions of California Civil Code section 3294, such other statutes of similar effect that may be applicable, and by Defendant's Constitutional rights, and any actions Defendant conducted, or any actions taken on its behalf, were not done with malice, oppression, or fraud.

13.     FOR AND AS A THIRTEENTH SEPARATE DEFENSE, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by his own breaches of duty owed to Defendant under California Labor Code section 2854 and/or sections 2856 to 2859.

14.     FOR AND AS A FOURTEENTH SEPARATE DEFENSE, Defendant alleges that if Plaintiff has suffered any emotional distress (which Defendant denies), Plaintiff's recovery is barred to the extent that his emotional distress was proximately caused by factors other than his employment and/or the actions of Defendant or anyone acting on its behalf.

15.     FOR AND AS A FIFTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's Third Amended Complaint, and each cause of action set forth therein, is barred to the extent any duty or obligation that Plaintiff claims was owed to him by Defendant has been fully performed, satisfied, or discharged.

16.     FOR AND AS A SIXTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are preempted by section 301 of the Labor Management Relations Act.

17.     FOR AND AS A SEVENTEENTH SEPARATE DEFENSE, Defendant alleges that, to the extent alleges any adverse employment action based upon any union and/or concerted activity, Plaintiff's claims are preempted, in whole or in part, by the National Labor Relations Act.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT                26                2:18-CV-00055-DAD-DMC

18. FOR AND AS AN EIGHTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims under California Business and Professions Code section 17200, *et seq.*, are barred because Plaintiff has an adequate remedy at law.

19. FOR AND AS A NINETEENTH SEPARATE DEFENSE, Defendant alleges that each and every cause of action pleaded against Defendant in the Third Amended Complaint fails to state a cause of action for the recovery of attorneys' fees.

20. FOR AND AS A TWENTIETH SEPARATE DEFENSE, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims are barred in whole or in part by the existence of a release or other matter of contract by which Plaintiff is bound herein, and which precludes Plaintiff's recovery of damages. Defendant does not waive the right to enforce the release against Plaintiff.

21. FOR AND AS A TWENTY-FIRST SEPARATE DEFENSE, Defendant alleges that Plaintiff's claim for defamation is barred because the alleged defamatory statement(s) was true or substantially true.

22. FOR AND AS A TWENTY-SECOND SEPARATE DEFENSE, Defendant alleges that Plaintiff's claim for defamation is barred by the official proceeding and common interest privileges set forth in California Civil Code Section 47(b)-(c).

## <u>RESERVATION OF ADDITIONAL DEFENSES</u>

Defendant alleges that because the Complaint is couched in uncertain and conclusory terms, all defenses that may be applicable cannot be fully anticipated. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is reserved. In addition, Defendant reserves the right to amend its Answer should Defendant later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

## <u>PRAYER</u>

WHEREFORE, Defendant prays that:

1. Plaintiff's Third Amended Complaint be dismissed with prejudice and that Plaintiff take nothing by virtue of this action;

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT                    27                    2:18-CV-00055-DAD-DMC

2.      Defendant be awarded attorneys' fees and costs of suit incurred herein; and

3.      For such other and further relief as the Court deems just and proper.

Dated:  August 13, 2024                    LITTLER MENDELSON, P.C.


*/s/ Douglas L. Ropel*
Barbara A. Blackburn
Douglas L. Ropel
Lauren J. Orozco

Attorneys for Defendant
ENLOE MEDICAL CENTER

4869-0839-8003.1 / 054681-1044

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT                    28                    2:18-CV-00055-DAD-DMC