IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN BAILEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENLOE MEDICAL CENTER,<br><br>　　　　Defendant. | No. 2:18-CV-0055-DAD-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action for wrongful termination. Pending before the Court is Plaintiff's renewed motion to re-open discovery. See ECF No. 139. Defendant has filed an opposition. See ECF No. 140.

## I. PROCEDURAL HISTORY

This action was initiated with a complaint filed in the Butte County Superior Court and removed to this Court by Defendant on January 19, 2018. See ECF No. 1. At the time the complaint was filed in state court, Plaintiff was represented by Krista Geddes, Esq. See id. On March 26, 2018, Plaintiff submitted a substitution of attorneys to substitute himself pro se for Ms. Geddes. See ECF No. 4. The substitution was approved by the District Judge on April 3, 2018. See ECF No. 5 (minute order).

///

1

1    An initial scheduling conference was held on June 6, 2018, see ECF No. 14 (minutes), and a scheduling order was issued on June 18, 2018, see ECF No. 15. Pursuant to the parties' stipulation, on February 15, 2019, the Court vacated the pre-trial conference and trial dates and continued the discovery cut-off date to May 17, 2019. See ECF No. 22. Consistent with the modified scheduling order, discovery closed on May 17, 2019, and Defendant filed a timely motion for summary judgment on August 9, 2019. See ECF No. 32.

On February 11, 2020, Plaintiff filed a motion to amend the original complaint. See ECF No. 50. With his motion, Plaintiff filed a first amended complaint. See ECF No. 60. Plaintiff sought leave to add a new claim for defamation. See id. On May 28, 2020, the Court issued an order granting Plaintiff's motion for leave to amend. See ECF No. 59. The Court also determined in this order that Plaintiff's new defamation claim was deficient and dismissed the first amended complaint with leave to file a second amended complaint to cure the deficiencies identified by the Court. See id. With the re-opening of the pleading stage of the case, the Court struck the pending motion for summary judgment as premature. See id. The Court stated that, upon the filing of a second amended complaint and answer thereto, the Court would issue an order re-opening discovery as to the new defamation claim only and setting a new dispositive motion filing deadline. See id.

Plaintiff filed his second amended complaint on June 29, 2020. See ECF No. 61. Defendant filed a motion to dismiss the second amended complaint on August 3, 2020. See ECF No. 62. Following numerous extensions of time, briefing was completed on October 1, 2020, and the Court issued findings and recommendations to grant the motion on February 23, 2021. See ECF No. 75. On April 6, 2021 – while the Court's findings and recommendations were pending before the District Judge – Plaintiff filed a request to substitute Ronda N. Baldwin-Kennedy, Esq., as counsel for Plaintiff. See ECF No. 85. The request was approved on May 20, 2021. See ECF No. 87.

///
///
///

        On July 26, 2021 – while the February 23, 2021, findings and recommendations were still pending before the District Judge – Plaintiff, through retained counsel, filed a motion to re-open discovery for all purposes. See ECF No. 90. On May 24, 2022, the District Judge adopted the February 23, 2021, findings and recommendations in full. See ECF No. 96. Specifically, Plaintiff's seventh claim for defamation based on statements made to Cal Fire was dismissed with leave to amend. See id. Plaintiff was provided an opportunity to stand on the then-operative second amended complaint as to surviving claims or file a third amended complaint to address defects with his seventh claim. See id. Any third amended complaint was due within 30 days of the date of the District Judge's May 24, 2022, order. See id. On August 17, 2022, the District Judge denied Plaintiff's motion to re-open discovery. See ECF No. 100. Thus, as of this date, all discovery was closed with the opportunity for additional limited discovery related to the new defamation claim upon the filing of an answer.

        As of August 26, 2022, Plaintiff had not filed a third amended complaint pursuant to the District Judge's May 24, 2022, order and Defendants filed their answer to the second amended complaint. See ECF No. 103. On September 16, 2022, Plaintiff, through retained counsel, filed a motion for an extension of time to file a third amended complaint. See ECF No. 105. On September 19, 2022, the District Judge granted Plaintiff's motion and directed that any third amended complaint was due on or before September 23, 2022. See ECF No. 107 (minute order). On September 26, 2022, Plaintiff filed his third amended complaint, see ECF No. 108, along with an application for a three-day extension of time to make the filing timely, see ECF No. 109. On September 27, 2022, the District Judge granted Plaintiff's application and deemed the third amended complaint as the operative pleading. See ECF No. 111 (minute order).

        Defendant responded to the third amended complaint with another motion to dismiss filed on October 14, 2022, noticed for hearing before the District Judge. See ECF No. 114. Defendant contended that Plaintiff's defamation claim should be dismissed. See id. Briefing was completed on December 2, 2022, with the filing of Defendant's reply brief. See ECF No. 120. On October 11, 2023, the District Judge referred Defendant's motion to dismiss the third amended complaint to the undersigned for preparation of findings and recommendations.

3

See ECF No. 122.  The Court issued findings and recommendations to deny Defendant's motion to dismiss Plaintiff's defamation claim on March 18, 2024.  See ECF No. 124.  The Court summarized the relevant factual allegations and held as follows:

> Under California law, the tort of defamation involves (1) an intentional publication that (2) is false and (3) unprivileged and (4) has a natural tendency to injure or causes special damages. See Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999); see also Seelig v. Infinity Broadcasting Corp., 97 Cal. App. 4th 798, 809 (2002). The truth of the statements at issue is an absolute defense against a defamation claim. See Smith, 72 Cal. App. 4th at 646-47.
> 
> The Court does not agree with Defendant that the defamation claim as alleged in the third amended complaint remains deficient. Assuming the allegations are true, the Court finds that Plaintiff has pleaded sufficient facts to state a claim. First, Plaintiff has alleged intentional publication of a statement – that Plaintiff "fraudulently" donned his firefighter's uniform – via email. Second, adding to the allegations in the second amended complaint, Plaintiff now alleges in the third amended complaint that these statements were made by Ms. Linscheid. Third, Plaintiff alleges the statement is untrue. More specifically, Plaintiff asserts that, while he was in fact wearing his firefighter's uniform at the time in question, he was not doing so "fraudulently" because it is Cal Fire policy to wear the uniform. Fourth, the statement that Plaintiff "fraudulently" wore his uniform is one that has a natural tendency to injure, and Plaintiff alleges as much by claiming that, as a result of the statement, he lost his position with Cal Fire. And finally, while Plaintiff admits that he was wearing the uniform, he denies that he did so "fraudulently" and, thus, does not admit the truth of the statement.

ECF No. 124, pgs. 8-9.

The District Judge adopted the findings and recommendations in full on July 24, 2024, and directed that Defendant file an answer to the third amended complaint within 21 days.  See ECF No. 130.  Defendant timely filed its answer to the third amended complaint on August 13, 2024.  See ECF No. 131.

On referral from the District Judge, see ECF No. 133 (minute order), a further scheduling conference was held before the undersigned on October 16, 2024, see ECF No. 137 (minutes).  At that time, scheduling was deferred pending the filing of a renewed motion to re-open discovery.  On October 29, 2024, the Court issued a briefing schedule for the pending motion to re-open discovery.  See ECF No. 138.  No hearing was set and Plaintiff's motion to re-open discovery has been submitted on the papers.

///

## II. DISCUSSION

As with Plaintiff's prior motion to re-open discovery, which was denied by the District Judge, Plaintiff again seeks to re-open discovery for all purposes. See ECF No. 139. In denying Plaintiff's first motion to re-open discovery, the District Judge stated:

> A moving party must show good cause to modify a scheduling order. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). This standard applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (unpublished). Courts consider several factors when deciding whether a party has shown "good cause" to reopen discovery, *see, e.g.*, *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (listing several), but the primary consideration is whether the moving party was diligent in its attempts to complete discovery in a timely manner, *see Johnson*, 975 F.2d at 609. If the moving party was not diligent, the inquiry should end, and the request should be denied. *Id.*
> 
> Bailey has not shown he was "diligent in obtaining discovery within the guidelines established by the court." *City of Pomona,* 866 F.3d at 1066 *(*quoting *United States ex rel. Schumer v. Hughes Aircraft Co.,* 63 F.3d 1512, 1526 (9th Cir. 1995*), vacated on other grounds,* 520 U.S. 939 (1997)). He requests more time to conduct additional depositions, but he has not explained why he could not have taken those depositions during discovery and why the depositions and other discovery he did obtain do not suffice. Nor has he explained why he did not ask for more time to conduct depositions before the discovery and motion deadlines passed, after multiple extensions of time. This action has also been pending for many years, so if discovery were reopened, the hospital would be unfairly prejudiced, and this case would be more unduly delayed than it already has been. *See id.* (identifying these factors).
> 
> The court acknowledges that Mr. Bailey was not represented by counsel during discovery. In some cases, an attorney's late-stage appearance on behalf of a plaintiff who was previously unrepresented might weigh in favor of a motion to reopen discovery, even if "several years have passed since the events alleged in [the] complaint." *Dixon v. Oleachea*, No. 15-02372, 2021 WL 5912027, at *1 (E.D. Cal. Nov. 10, 2021). But pro se litigants must be diligent as well, and other relevant considerations must weigh in their favor. *See, e.g.*, *id.* (weighing these factors and reopening discovery after finding the requested discovery would "shed light on the central factual disputes in this case"). Mr. Bailey has not discharged this burden here. His lack of legal training did not prevent him from seeking and obtaining many extensions of time while he was not represented. Nor did it stop him from moving to reopen discovery. Then, as now, he did not explain why he was unable to conduct the depositions he requested. Order (Oct. 30, 2019) at 2, ECF No. 38. . . .

ECF No. 100, pgs. 4-5.

///

///

///

5

The undersigned is bound by the District Judge's determination and agrees that, through the date Plaintiff first sought to re-open discovery – July 26, 2021 – Plaintiff had not demonstrated diligence. Procedurally, nothing has changed since this date. Notably, Plaintiff has had continuous representation since Plaintiff's filed his first request to re-open discovery. Plaintiff's pending renewed motion to re-open discovery was not filed until November 2024 after the issue was raised at the October 16, 2024, scheduling conference, and Plaintiff has not adequately explained how he was diligent during the time gap from 2021 through 2024.

According to Plaintiff, discovery should be re-opened for all purposes because Defendant made a late disclosure on May 10, 2019, revealing evidence which supports Plaintiff's original claims. See ECF No. 139, pgs. 4-7. Plaintiff further argues that re-opening discovery is "necessary for incoming counsel to prepare for a possible settlement conference or trial on the merits." Id. at 9. These arguments are unpersuasive. Notably, these exact same arguments were raised in Plaintiff's prior motion to re-open discovery, filed in July 2021, which the District Judge denied. Further, contrary to Plaintiff's assertion in the pending renewed motion to re-open discovery, current counsel – Ms. Baldwin-Kennedy – is not "incoming" as she has been counsel of record for over four years. Finally, the Court observes that, while Plaintiff's motion seeks to re-open discovery for all purposes, he raises no argument concerning the new defamation claim. Instead, Plaintiff's motion focuses solely on discovery related to claims which have been asserted since the inception of this litigation.

Consistent with the District Judge's prior order, and for the reasons explained above, the undersigned will deny Plaintiff's renewed motion to re-open discovery for all purposes. Specifically, discovery is closed as to all originally asserted claims.

The Court will, however, allow the parties to conduct discovery as to Plaintiff's defamation claim. The Court notes that this claim was newly added in the first amended complaint, which the Court dismissed with leave to amend. The defamation claim was then reasserted in the second amended complaint, which was again dismissed with leave to amend as to the defamation claim. Plaintiff has reasserted the defamation claim in the operative third amended complaint. Defendant's motion to dismiss this claim was denied and Defendant filed

an answer to the third amended complaint in August 2024. Since that time, the parties have not had any opportunity to conduct discovery as to this newly asserted claim. Plaintiff's motion to re-open discovery will, therefore, be granted insofar as the Court will permit limited discovery related to Plaintiff's defamation claim. Discovery is otherwise closed as to all other claims.

### III. CONCLUSION

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's renewed motion to re-open discovery, ECF No. 139, is GRANTED in part and DENIED in part.

2. Plaintiff's motion is GRANTED to the extent the Court will re-open discovery as to Plaintiff's defamation claim only.

3. Plaintiff's motion is DENIED as to discovery related to all other claims and discovery as to such claims is closed.

4. This matter is set for a scheduling conference on September 10, 2025, at 10:00 a.m., before the undersigned via Zoom.

5. On or before September 3, 2025, the parties shall meet and confer and file with the Court a joint scheduling conference statement consistent with Eastern District of California Local Rule 240(a).

Dated: August 15, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE